FILED
2004 JAN -9 P 12: 52
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. TAYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., <br><br> Defendants. | No. 03 CV 12506 WGY <br><br> **FIRST AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

In and for their Complaint Plaintiffs EK Ventures I, LLC, David L. Taylor, David L. Taylor and Virginia L. Taylor as Trustees for the Taylor Family Revocable Trust, and Flextronics International Ltd. allege as follows:

**PARTIES**

1. Plaintiff EK Ventures I, LLC ("EK Ventures I") is a California limited liability company with its principal place of business in California.

FIRST AMENDED COMPLAINT – Page 1

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 ha063602

2. Plaintiff David L. Taylor is an individual and resident of California.

3. Plaintiffs David L. Taylor and Virginia L. Taylor are Trustees of the Taylor Family Revocable Trust, a Trust established pursuant to the laws the State of California.

4. Plaintiff Flextronics International Ltd. ("Flextronics") is company that is incorporated and headquartered in Singapore.

5. Defendant James R. Bartlett ("Bartlett") is an individual residing in Lynnfield, Massachusetts. Bartlett is a co-founder of ZBR Publications, Inc. Bartlett was a majority stockholder of GlobalWare from its incorporation in January 2000 until on or about February, 2003. Bartlett was the President and Chief Executive Officer of GlobalWare from January 2000 until on or about May 2003.

6. Defendant Z.B.R. Publications, Inc. is a Massachusetts Corporation.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332. The matter in controversy exceeds $75,000.00 and the parties are diverse.

8. Venue is proper under 28 U.S.C. §1391 because:

   a. Defendant Bartlett resides in the jurisdiction and Defendant Z.B.R. Publications, Inc. is a Massachusetts corporation; and

   b. The parties' Stock Purchase and Sale Agreement provides that any legal action or proceeding with respect to the Agreement may be brought in the United States District Court for the District of Massachusetts.

## FACTS RELATING TO THE STOCK PURCHASE AGREEMENT

9. On February 4 2000 defendant James R. Bartlett ("Bartlett"), defendant Z.B.R. Publications, Inc. ("ZBR") and Globalware Solutions, Inc. ("Globalware") entered into a

FIRST AMENDED COMPLAINT – Page 2

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 East Pine
Seattle, Washington 98122
(206) 628-9100
Facsimile: (206) 628-9506

10585 0002 ha063602

Stock Purchase Agreement with Bindco Corporation ("Bindco"), a California Corporation, and the Selling Shareholders of Bindco.

10. Plaintiffs E.K. Ventures I, Taylor, and Flextronics were among the Selling Shareholders of Bindco and signators to the February 4, 2000 Agreement ("Agreement").

11. Pursuant to the Agreement, the Selling Shareholders sold their shares of Bindco to Globalware in exchange for shares of Globalware.

12. At the time of the Agreement, Bartlett was the President and Chief Executive Officer of ZBR and the majority shareholder of ZBR.

13. Pursuant to Article IV of the Agreement, entitled "Representations and Warranties of Buyer, ZBR and Bartlett," defendant Bartlett, defendant ZBR and Globalware made certain representations to Bindco and the Selling Shareholders.

14. A number of material representations set forth in Article IV of the Agreement were false at the time they were made. These false representations included:

(a) False representations made in ZBR's financial statements;

(b) False statements that ZBR's financial statements were prepared in accordance with generally accepted accounting principles consistently applied;

(c) False statements that the Financial Statements of ZBR fairly presented in a material respects the financial position of ZBR;

(d) False statements about ZBR's contracts and liabilities. Specifically, the Agreement and schedules thereto failed to disclose ZBR's guaranty on an $800,000 loan from the City of Haverhill, Massachusetts to ZBR Limited Partnership, a separate Bartlett entity; and

FIRST AMENDED COMPLAINT – Page 3

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 East Pine
Seattle, Washington 98122
(206) 628-9500
Facsimile: (206) 628-9506

10585 0002 ha063602

    (e)    False statements about ZBR's employment agreements, including failure to disclose Bartlett's Employment Agreement and other employment agreements; and

    (f)    On information and belief, ZBR and Bartlett made other false statements and material omissions in the Agreement.

15. ZBR and Bartlett made these representations in negligent disregard of their truth or falsity.

16. ZBR and Bartlett made these negligent misrepresentations with the intent to induce the Plaintiffs into signing the Agreement and relinquishing their shares of Bindco.

17. Plaintiffs have been damaged in an amount to be proven at trial as a result of Defendants' acts and omissions. Plaintiff's damages are well in excess of the $75,000 threshold for diversity jurisdiction.

18. The Plaintiffs have complied with all contractual prerequisites to filing suit.

### **FACTS RELATING TO BARTLETT'S ACTIONS AT GLOBALWARE**

19. At the time of the Agreement, Bartlett was President and Chief Executive Officer of ZBR. After the merger and GlobalWare's acquisition of Plaintiffs' shares in Bindco, Bartlett became President and CEO of Globalware.

20. Throughout Bartlett's tenure as majority shareholder and President and CEO of Globalware, Bartlett engaged in a pattern of withholding material information from the Plaintiffs, failing to govern the corporation and conduct Board Meetings in accordance with Delaware law the Company's Bylaws, and engaging in other acts and omissions that resulted in freezing the Plaintiffs out of the company.

FIRST AMENDED COMPLAINT – Page 4

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 ha063602

21. On or around November 14, 2001, Mezzanine Management Fund III 'A,'', Mezzanine Management Fund III 'B', Mezzanine Management Fund III 'C' and Mezzanine Management Limited (collectively "Mezzanine"), a private equity company, made an initial investment in Globalware.

22. On or about October 28, 2002, Mezzanine made a second investment in Globalware.

23. On or about February 12, 2003, Mezzanine allegedly made a third investment of approximately $4 million in Globalware. As a result of the transaction surrounding this third investment, Mezzanine claims to have acquired a majority interest in Globalware of approximately 55%.

24. In exchange for cooperation with Mezzanine's attempt to acquire a majority interest in Globalware in February, 2003, Bartlett extracted from Mezzanine certain benefits that inured to the personal benefit of Bartlett and Mezzanine, to the direct detriment of the Plaintiffs. Specifically, Bartlett obtained a release providing that Globalware would indemnify Bartlett against suits by, among others, the Plaintiffs.

25. Bartlett and Mezzanine failed to disclose the existence of the release and other relevant facts to the Plaintiffs and other minority shareholders. Despite misrepresentations in the release to the contrary, the release and dealings between Mezzanine and Bartlett were not submitted to nor approved by the Company's Board of Directors.

26. Bartlett's self-dealing transactions with Mezzanine resulted in the dilution of the Plaintiffs' shares in the corporation.

27. On or about February 12, 2003, Bartlett resigned as Globalware's President and Chief Executive Officer.
FIRST AMENDED COMPLAINT – Page 5
GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 ha063602

28. On or about February 12, 2003, Globalware appointed the following corporate officers: Anthony Rudston as its Chief Executive Officer; Gary Lortie as its interim Chief Financial Officer; and Ian Cameron as its President.

29. Upon information and belief, Mezzanine and the new management team discovered that Bartlett had improperly used GlobalWare corporate resources for his own personal benefit and that of his family and friends around or preceding the time of Mezzanine's February 2003 transaction with Globalware.

30. Upon information and belief, Bartlett's pattern of misappropriation of corporate funds for his personal benefit and that of his family and friends began during his tenure at ZBR and continued for the duration of his management of GlobalWare.

31. Upon information and belief, Bartlett and ZBR failed to disclose Bartlett's self-dealing transactions in the disclosures set forth in Part IV of the Agreement and accompanying schedules.

32. Upon information and belief, the ZBR financial statements and other disclosures made by ZBR and Bartlett in Part IV of the Agreement were incomplete, false, and misleading.

33. Bartlett continuously concealed from the Plaintiffs his self-dealing transactions at ZBR and Globalware.

34. Effective May 30, 2003, Bartlett was removed as a Globalware director for cause.

35. The Plaintiffs first became aware of Bartlett's improprieties and self-dealing only after Mezzanine's February 2003 transaction with Globalware.

36. The Plaintiffs first became aware of Bartlett's "Transitional Employment Agreement" and its release and indemnification provisions well after the document was executed.

FIRST AMENDED COMPLAINT – Page 6

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PIKE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 ha063602

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

37. Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations set forth above.

38. Plaintiffs have met their obligations under the Agreement.

39. Defendants breached the Agreement by making material misrepresentations in Article IV of the Agreement.

40. As a result of Defendants' breach, Plaintiffs have been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## BREACH OF WARRANTY

41. Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations set forth above.

42. Defendants Bartlett and ZBR made express warranties in the Agreement about ZBR, including warranties about the truth of the statements made in Section IV of the Agreement and accompanying schedules.

43. Defendants Bartlett and ZBR breached those warranties.

44. As a result of Defendants' breach of warranty, Plaintiffs have been damaged in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
## BREACH OF COVENTANT OF
## GOOD FAITH AND FAIR DEALING

45. Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations set forth above.

GROFF MURPHY TRACHTENBERG & EVERARD PLLC
300 East Pine
Seattle, Washington 98122
(206) 628-9500
Facsimile: (206) 628-9506

10585 0002 ha063602

46. Defendants' owe a duty of good faith and fair dealing to Plaintiffs arising out of the February 4, 2000 Agreement.

47. Defendants' acts, practices and conduct, as alleged above, constitute a breach of the covenant of good faith and fair dealing implied in every contract.

48. As a direct consequence of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

49. Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations set forth above.

50. Defendants Bartlett and ZBR made representations in the Agreement about Globalware and ZBR that were false.

51. Defendants Bartlett and ZBR made these representations with the intent to induce the Plaintiffs into signing the Agreement and relinquishing their shares of Bindco.

52. Defendants made these representations negligently and recklessly.

53. At the time the Defendants made these representations, the Plaintiffs were ignorant of their falsity.

54. In justifiable reliance of Defendants' representations, the Plaintiffs entered into the Agreement and relinquished their shares of Bindco.

55. As a result of Bartlett's and ZBR's negligent misrepresentations, the Plaintiffs have been damaged in an amount to be proven at trial.

56. Defendants Bartlett and ZBR made these false representations with the intent to induce the Plaintiffs into signing the Agreement and relinquishing their shares of Bindco.

FIRST AMENDED COMPLAINT – Page 8

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PIKE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 ha063602

57. As a result of Defendants' negligent misrepresentations, Plaintiffs have been damaged in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY

58. Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations set forth above.

59. As a majority shareholder and Globalware's President and Chief Executive Officer, Defendant Bartlett owed direct fiduciary duties to the Plaintiffs, minority shareholders of Globalware, a closely held corporation.

60. Defendant Bartlett breached his fiduciary duties of good faith, fairness, care, and loyalty to the Plaintiffs.

61. Among Bartlett's acts and omissions constituting breaches of fiduciary duty to the Plaintiffs was his handling of the February 2003 transaction between Globalware and Mezzanine and subsequent dealings with Mezzanine, in which Bartlett sought and obtained personal benefit to the direct detriment of the Plaintiffs' interests as minority shareholders of Globalware.

62. Among Bartlett's acts and omissions constituting breaches of fiduciary duty to the Plaintiffs was Bartlett's withholding and concealment of material information regarding the terms of the February 2003 transaction with Mezzanine pursuant to which Bartlett obtained a release of liability to GlobalWare and an indemnity from Globalware as conditions of Mezzanine's obtaining a majority interest in Globalware.

63. Among Bartlett's acts and omissions constituting breaches of fiduciary duty to the Plaintiffs was his continuous practice of improperly excluding the Plaintiffs from

FIRST AMENDED COMPLAINT – Page 9

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PIKE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 ha063602

corporate governance and decisionmaking, failing to hold proper board meetings when required, and freezing the Plaintiff minority shareholders out of corporate decisionmaking through improper means, in direct contravention of Delaware Law, GlobalWare's Bylaws and Bartlett's fiduciary duties to the Plaintiffs.

64. As a result of Bartlett's breaches of his fiduciary duties, Plaintiffs have been damaged in an amount to be proven at trial.

65. Plaintiffs' damages stemming from Bartlett's breach of fiduciary duty include dilution of the value of their shares as minority shareholders to the direct benefit of Bartlett, a majority shareholder at the time of the actions giving rise to his breaches.

### SIXTH CAUSE OF ACTION
### UNJUST ENRICHMENT

66. Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations set forth above.

67. Defendants were unjustly enriched by their actions set forth above in an amount to be proven at trial.

68. Plaintiffs are entitled to an award of damages in the amount of Defendants' unjust enrichment.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for the following relief:

1. For a trial by jury on all counts;

2. For judgment in Plaintiffs' favor;

3. For damages in an amount to be proven at trial;

4. For an award of costs and fees as allowed by law; and

FIRST AMENDED COMPLAINT – Page 10

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 ha063602

5. For such other relief as the Court deems just and proper.

Dated this 8th day of January, 2004.

Respectfully submitted,

Attorneys for Plaintiffs EK Ventures I, LLC; David L. Taylor; David L. Taylor and Virginia L. Taylor as Trustees for The Taylor Family Revocable Trust; and Flextronics International, Ltd.

Jerold T. Everard, WSBA # 17142
*Admitted Pro Hac Vice*

FIRST AMENDED COMPLAINT – Page 11

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 ha063602