UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC, DAVID L. TAYLOR, DAVID L. TAYLOR and VIRGINIA L. TAYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST and FLEXTRONICS INTERNATIONAL LTD., <br><br> *Plaintiffs*, <br><br> v. <br><br> JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., <br><br> *Defendants*. | Civil Action <br> No. 03CV12506WGY |

## DEFENDANT JAMES R. BARTLETT'S
## MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS
## THE FIRST AMENDED COMPLAINT

### INTRODUCTION

As will be shown below, Plaintiffs have no viable cause of action against defendant James R. Bartlett ("Bartlett"). Accordingly, all six of the counts of the Amended Complaint (the "Complaint") should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), as to him.

### ALLEGED FACTS

Plaintiffs are the parties to a "STOCK PURCHASE AND SALE AGREEMENT for the Acquisition of BINDCO by GLOBALWARE SOLUTIONS, INC." dated February 4, 2000. *Complaint*, ¶¶ 9-11. They allege that all of them are "signators to the February 4, 2000 Agreement ('Agreement')." *Id.*, ¶ 10.

Defendant ZBR Publications, Inc. ("ZBR") and GlobalWare Solutions, Inc. ("GWS"), which is not named in this action as a defendant, are parties to the Agreement. *Id.* ¶ 9. Bartlett is not. While he signed the Agreement in his capacity as a corporate officer of ZBR and of GWS, he did not sign in his individual capacity. *Agreement*, p. 45.[1]

Pursuant to the February 4, 2000 Agreement, GWS acquired the plaintiff's shares of Bindco Corporation ("Bindco"). *Complaint*, ¶¶ 9-11; *Agreement*, § 1.01.[2]

The Agreement provides that it and the parties' right and obligations thereunder are to be construed in accordance with Massachusetts law. *Agreement*, § 7.01.

Plaintiffs allege that certain representations set out in Article VI of the February 4, 2000 Agreement were "false representations." *Complaint*, ¶¶ 13-14.

Section 6.01 of the February 4, 2000 Agreement provides that the representations and warranties in the Agreement "shall survive until September 30, 2001." *Agreement*, § 6.01.

Plaintiffs also allege that Bartlett engaged in a "pattern of misappropriation of corporate funds [of GWS] for his personal benefit and that of his family and friends ...." *Complaint*, ¶ 30.

Plaintiffs now assert claims for breach of contract (Count I), breach of warranty (Count II), breach of implied covenant of good faith and fair dealing (Count III), negligent misrepresentation (Count IV), breach of fiduciary duty (Count V) and unjust enrichment (Count VI).

---

[1] A copy of the Agreement is attached as Exhibit A to the Affidavit Of Thomas S. Fitzpatrick In Support Of Defendant James R. Bartlett's Motion To Dismiss, which is submitted herewith. While not an exhibit to the Complaint, the Court may consider the Agreement without converting the motion to dismiss to a motion for summary judgment. *Beddall v. State Street Bank And Trust Company*, 137 F.3d 12, 17 (1st Cir. 1998); *Citicorp North America, Inc. v. Ogden Matin Systems of Haverhill*, 8 F. Supp. 2d 72, 74 (D. Mass. 1998). The "court's inquiry into the viability of ... [plaintiffs'] allegations should not be hamstrung simply because" they did not "append to the complaint the very document upon which" their "allegations rest." *Beddall v. State Street Bank And Trust Company*, 137 F 3d at 17.

[2] GWS is a Delaware corporation. *Agreement*, p. 1. At the time of the closing on the shares of Bindco, ZBR was a wholly-owned subsidiary of GWS. *Id.*, § 4.05.

2

## ARGUMENT

I. **COUNTS I, II AND III FOR ALLEGED CONTRACTUAL BREACHES ARE BARRED AND SHOULD BE DISMISSED.**

   A. **Bartlett Is Not A Signatory To The Agreement.**

Plaintiffs' contention that Bartlett is individually liable for breach of contract and breach of warranty is demonstrably incorrect and fatally flawed. Under Massachusetts law, the signature of an officer on behalf of a corporation precludes liability in his individual capacity on a contract or warranty claim. *Marshall v. Stratus Pharmaceuticals, Inc.*, 51 Mass. App. Ct. 667, 673 (2001). In *Marshall*, the Massachusetts Appeals Court held that the signature of the defendant officer on the contract in question made clear that he was contracting on behalf of the corporation, and thus, he was not individually a party to the contract. *Id.* In that case, the agreement was signed as follows: "For: Stratus Pharmaceuticals, Inc. s/Keith Pyle Title: President Date: 2-10-93." Similarly, here, the contract at issue was signed: "[For] ZBR Publications, Inc. By: s/James R. Bartlett, Chief Executive Officer" and "[For] Globalware Solutions, Inc. By: s/James R. Bartlett, Chief Executive Officer." As in *Marshall*, Bartlett's signature indicates that he contracted on behalf of ZBR and GWS. For this reason, he was not a party to the contract and any representations in the contract were made on behalf of the corporations. Therefore, Bartlett cannot be held individually liable on the Plaintiffs' contract and warranty claims and Counts I and II of the Complaint should be dismissed as to him.

Count III of the Complaint for breach of the implied covenant of good faith and fair dealing should meet a similar fate. Under Massachusetts law, the implied covenant of good faith and fair dealing is only implicated upon proof of the existence of a binding contract. *Levenson v. LMI Realty Corp.*, 31 Mass. App. Ct. 127, 131 (1991): *Albrecht v. Abouhamad*, 2000 WL 198931 at *5 (Mass. Sup. Ct. Feb. 2, 2000); *Adler v. Schultz*, 1999 WL 1324284 at *7 (Mass.

3

Sup. Ct. Feb. 24, 1999); *see also, Crellin Technologies, Inc. v. Equipmentlease Corp.*, 18 F.3d 1, 10 (1st Cir. 1994) (applying Rhode Island law). It "necessarily follows that where there is no contract there is no duty." *Crellin Technologies, Inc.*, 18 F.3d at 10. As Bartlett is not a signatory to the Agreement no covenant is implied as to him.

### B. The Contract Claims Are Barred By The Limitations Period Set Out In Section 6.01 Of The Agreement.

The premise of both Count I for breach of contract and Count II for breach of warranty is that in Article IV of the Agreement, the defendants Bartlett and ZBR made representations and warranties which have been breached. *Complaint*, ¶¶ 13, 39, 42 and 43.

Assuming, arguendo, that Bartlett is a party to the Agreement, any contract claims against him, including claims for breach of warranty, are barred by the specific limitations period set out in Section 6.01 of the Agreement.

Section 6.01 of the Agreement provides, in relevant part:

> All representations and warranties in this Agreement, or in any instrument or document furnished in connection with this Agreement or the transactions contemplated hereby shall survive until September 30, 2001.

Undoubtedly, this provision was the result of thoughtful negotiations by the parties to the contract. When sophisticated parties enter into comprehensive written agreements, those agreements should not be "easily bypassed or given restrictive interpretations." *International Business Machines Corp. v. Catamore Enterprises, Inc.*, 548 F.2d 1065, 1073 (1st Cir. 1976) (upholding limitations provision in contract governed by New York law). It is generally accepted that contracting parties may provide a limitations period within which actions on the contract must be commenced, so long as it is not unreasonably abbreviated. *See, e.g., Order of United Commercial Travelers of America v. Wolfe*, 331 U.S. 586, 608 (1947). "Parties may validly agree in a contract to a shorter limitations period for the assertion of claims based on

4

contractual representations and warranties than is otherwise granted by statutory limitations provisions." *Rohmtech, Inc. v. Taylor*, 1997 WL778669 *1, *9-10 (Mass. Super. Nov. 25, 1997) (Botsford, J.) (holding that express contractual term providing for a one-year limitations period barred the plaintiff's claims for breach of contract and warranty); *accord Reynolds Indus. v. Mobil Oil Corp.*, 618 F. Supp. 419, 422 (D. Mass. 1985) (holding that a one-year limitations period in a retail dealer contract is not contrary to the public policy of Massachusetts); *Hays v. Mobil Oil Corp.*, 930 F.2d 96, 100 (1st Cir. 1991) (upholding one-year contractual limitations period to bar claim pursuant to G.L. c. 93A).

The operative language of the contract in *Rohmtech, Inc. v. Taylor*, which was held to bar contract and warranty claims brought after the contractual limitations period, is identical to the language of Section 6.01 of the Agreement here. 1997 WL 77669 * 9 fn. 25. Accordingly, the Plaintiffs cannot avoid the contractual effect of Section 6.01. Any action by the Plaintiffs for breach of contract or warranty must have been brought by September 30, 2001, more than eighteen months after the contract was executed. Therefore, Counts I and II of the Complaint should be dismissed for failure to bring them within the agreed upon limitations period. *Id.*

  **C.** **The Plaintiffs Do Not Allege That Bartlett Took Any Action Constituting Bad Faith Performance Of A Contract Sufficient To Establish A Breach Of The Implied Covenant Of Good Faith And Fair Dealing.**

In Massachusetts, the implied covenant of good faith and fair dealing is applicable to every contract. *Anthony's Pier Four, Inc. v. HBC Associates*, 411 Mass. 451, 471 (1991), *citing Warner Ins. Co. v. Comm'r of Ins.*, 406 Mass. 354, 362 n.2 (1990). Massachusetts has expressed its preference for terminology of the Restatement (Second) of Contracts § 205 (1979), which provides, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement." Under the covenant, "neither party to a contract shall do anything that will have the effect of destroying or injuring the right of the other party to receive

5

the fruits of the contract." *Anthony's Pier Four,* 411 Mass. at 471-472. This prohibition, however, is limited only "to conduct during performance of the contract, not to conduct occurring prior to the contract's existence, such as conduct affecting contract negotiations." *AccuSoft Corp. v. Palo*, 237 F.3d 31, 45 (1st Cir. 2001); *accord* Restatement (Second) of Contracts § 205, comment c (bad faith in contract negotiations is not reached by the implied duty of good faith and fair dealing).

The plaintiffs here allege a contract between themselves and Bartlett dated February 2000. They also allege that the contract contains warranties and misrepresentations of fact that induced them to enter into the contract. What they do not allege is any bad faith conduct by Bartlett in the *performance* of the contract. Thus, their claim fails as a "matter of law" *Rohmtech, Inc. v. Taylor*, 1997 WL 778669 * 10 (Mass. Sup. Ct. 1997) (granting summary judgment on implied covenant claim premised on false representations and warranties in a contract); *see also Sheehy v. Lipton Industries Inc.*, 24 Mass. App. Ct. 188, 194 n.6 (1981) (the implied covenant "pertains to bad faith in the performance of a contract, not in its execution"). *Contrast Anthony's Pier Four*, 411 Mass. 471-72 (owner of real estate breached duty of good faith and fair dealing to developer by unreasonably withholding approval of development in breach of performance obligations under contract in order to extract additional money from developer).

## II.  COUNT IV FOR NEGLIGENT MISREPRESENTATION SHOULD BE DISMISSED.

### A.  Count IV Is Barred By The Statue Of Limitations.

Plaintiffs' claim in their Fourth Cause of Action is for negligent misrepresentation. Pursuant to Massachusetts law, the statute of limitations for tort claims is three years. M.G.L. c 260, § 2A. The plaintiffs allege that Bartlett, as an individual, made false representations in the

6

February 4, 2000 Agreement. The Complaint in this action was not filed, however, until nearly four years after the alleged misrepresentations were made.

"Although the statutes of limitation provide an affirmative defense that ordinarily must be specifically pleaded, see Fed. R. Civ. P. 8(c), a complaint is subject to dismissal for failure to state a claim 'when the affirmative [limitations] defense clearly appears on the face of the complaint.'" *Sanders v. Department of the Army*, 991 F.2d 990, 991 (8th Cir. 1992) (affirming dismissal of suit); *quoting White v. Padgett*, 475 F.2d 79, 82 (5th cir.), *cert. denied*, 414 U.S. 861 94 S. Ct. 78 (1973). Accordingly, it is "well established that a plaintiff must plead sufficient facts to show that his claim is timely brought." *Gurfein v. Sovereign Group*, 826 F. Supp. 890, 920 (E.D. Pa. 1993); *accord Whirlpool Financial Corporation v. GN Holdings, Inc.* 67 F.3d 605, 608 (7th Cir. 1995); *In re Fruehauf Trailer Corp.*, 250 B.R. 168, 186 (D. Del. 2000); *McLaughlin v. Cook County Dep't of Corrections*, 993 F. Supp. 661, 664 (N.D. Ill. 1998).

Plaintiffs do not allege when they learned that the misrepresentations in Article IV of the February 4, 2000 Agreement were false.[3]

Plaintiffs do not allege facts that would support an argument that the statute of limitations was tolled by operation of the discovery rule. Such an argument would fail given that as shareholders of a Delaware corporation, they had the statutory right to demand to inspect the books and records of the corporation and to institute an action to order such inspection if it is refused. 8 Del. C. § 220(b).

Plaintiffs also do not allege fraudulent concealment of the facts underlying their misrepresentation claim. "As with all allegations of fraud, the claims of fraudulent concealment must be pled with particularity pursuant to Fed. R. Civ. P. 9(b)." *Gurfein v. Sovereign Group*,

---

[3] Paragraphs 35 and 36 of the Complaint do not concern the misrepresentation claims.

7

826 F. Supp. at 920. Plaintiffs have not pled fraudulent concealment at all and certainly have not done so with particularity. *See Berkson v. Del Monte Corp.*, 743 F. 2d 53, 55 (1st Cir. 1984) (listing what "a plaintiff must plead" to "invoke doctrine of fraudulent concealment").

Count IV should be dismissed as barred by the statute of limitations.

**B.   Bartlett Did Not Make The False Representations.**

As discussed above in Section IA, Bartlett is not a signatory to the February 4, 2000 Agreement. The only misrepresentations alleged are those purportedly made in Article IV of the Agreement. *Complaint*, ¶¶ 13-16. Thus, there was no misrepresentation by Bartlett, negligent or otherwise, upon which a cause of action be could based.

**III.   COUNT V IS A DERIVATIVE CLAIM WHICH SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 23.1.**

The Plaintiff's Fifth Cause of Action for breach of fiduciary duty against Bartlett is a derivative claim that must be brought pursuant to specific requirements of Fed. R. Civ. P. 23.1 and Delaware law, GlobalWare's state of incorporation. Plaintiffs have not complied with these requirements, and therefore Count V should be dismissed for lack of standing and failure to state a claim upon which relief may be granted.

Under Delaware law, the distinction between derivative and individual actions turns on the existence of a direct or "special" injury to the party alleging the wrongdoing. *Kramer v. Western Pacific Indus. Inc.*, 546 A.2d 348, 351 (Del. 1988); *Lipton v. News Int'l. Plc.*, 514 A.2d 1075, 1079 (Del. 1986). A special injury is a wrong that "is separate and distinct from that suffered by other shareholders, ... or a wrong involving a contractual right of a shareholder, such as the right to vote, or to assert majority control, which exists independently of any right of the corporation." *Moran v. Household Int'l, Inc.*, 490 A.2d 1059, 1070 (Del. Ch. 1985); *accord In re Tri-Star Pictures, Inc. Litigation*, 634 A.2d 319, 330 (Del. 1993) ("A special injury is established

where there is a wrong suffered by plaintiff that was not suffered by all stockholders generally or where the wrong involves a contractual right of the stockholders, such as a right to vote."). However, claims of mismanagement, waste or arising from excessive payments to corporate officers or third parties are derivative in nature. *Kramer v. Western Pacific Industries, Inc.*, 546 A.2d at 352-53; *Bokat v. Getty Oil Co.*, 262 A.2d 246, 248-49 (1970); *In re First Interstate Bancorp Consolidated Shareholder Litigation*, 729 A.2d 851, 862 (Del. Ch. 1998). Furthermore, as stated in *Kramer*, "where a plaintiff shareholder claims that the value of his stock will deteriorate and that the value of his proportionate share of the stock will be decreased as a result of the alleged director mismanagement, his cause of action is derivative in nature." *Id.* at 353. When one juxtaposes that proposition of law against paragraph 65 of Plaintiffs' Complaint,[4] it is clear that Plaintiffs' claims are derivative in nature.

Allegations that Bartlett had "improperly used GlobalWare corporate resources for his own personal benefit and that of his family and friends," *Complaint*, ¶ 30, and of "misappropriation of corporate funds", *id.*, ¶ 31, are not direct claims of the Plaintiffs, but derivative claims, which must be asserted derivatively. *Kramer v. Western Pacific Industries, Inc.*, 546 A.2d at 352-53; *Bokat v. Getty Oil Co.*, 262 A.2d at 248-49; *In re First Interstate Bancorp Consolidated Shareholder Litigation*, 729 A.2d at 862.

While in paragraph 63 of their Complaint, Plaintiffs make cryptic allegations that Bartlett excluded them "from corporate governance and decision making," and failed to "hold proper board meetings," they make no allegation that they were denied a right to vote their shares or the breach of any contractual obligation. Absent such allegations, Plaintiffs have not stated any direct or special injury that befell them and not the rest of GWS's shareholders. *See Kramer v.*

---

[4] "Plaintiffs' damages stemming from Bartlett's breach of fiduciary duty include dilution of the value of their shares as minority shareholders to the direct benefit of Bartlett a majority shareholder at the time of the actions giving rise to his breach." *Complaint*, ¶ 65.

*Western Pacific Industries, Inc.*, 546 A.2d at 351 and 354; *In re Tri-Star Pictures, Inc. Litigation*, 634 A.2d at 330; *Moran v. Household Int'l, Inc.*, 490 A.2d at 1070.

Plaintiffs' derivative claim against Bartlett for breach of fiduciary duty should be dismissed because it fails to comply with the requirements of Rule 23.1 of the Federal Rules of Civil Procedure. First and foremost, the Complaint fails to:

> allege with particularity the efforts, if any, made by plaintiff to obtain the action the plaintiff desire from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort.

Fed. R. Civ. P. 23.1

Furthermore, the Complaint is not "verified" as required by the rule. *Id.*

These failures warrant dismissal of Count V of the Complaint. *Gonzalez Turul v. Rogatol Distributors, Inc.*, 951 F. 2d 1, 2 (1st Cir. 1991) ("this circuit vigorously enforces [Fed. R. Civ. P. 23.1] requirements and will dismiss derivative action where plaintiffs do not comply"); *Heit v. Baird*, 567 F. 2d 1157, 1160 (1st Cir. 1977) (failure to comply with Fed. R. Civ. P. 23.1 "requires dismissal of the suit").

## IV. COUNT VI UNJUST ENRICHMENT FAILS UPON THE DISMISSAL OF COUNTS I-V

In Count VI of their Complaint, Plaintiffs allege generically that "Defendants were unjustly enriched by their actions set forth above in an amount to be proven at trial." Complaint ¶ 66. Despite its "evocative" label, unjust enrichment is a "doctrine with conditions and limitations." *Motorsport Engineering, Inc. v. Maserati, SPA*, 316 F.3d 26, 31 (1st. Cir. 2002). One such limitation is that "[w]here a contract ... govern[s] the parties' relationship, the contract provides the measure of the plaintiff's right and no action for unjust enrichment lies." *In re Lupron® Marketing And Sales Practices Litigation*, ___ F. Supp. 2d ___, ___ 2003 WL 22839966 *18 (D. Mass. 2003); *accord Zarum v. Brass Mill Materials, Crop.*, 334 Mass. 81, 85

(1956); *Massachusetts General Hospital v. Fairbanks*, 129 Mass. 78, 81 (1880); *Brown v. Fales*, 139 Mass. 21, 28 (1885); *Gardiner v. Higgins*, 234 Mass. 350, 354-55 (1920); *Kennedy v. B.A. Gardetto, Inc.*, 306 Mass. 212, 216 (1940). Here, the Plaintiffs are asserting the existence of an Agreement upon which their claims are based. *Complaint*, ¶¶ 916, 38-39, 4-43, 46, 50-54. The existence of the Agreement is undisputed and bars any unjust enrichment claim.[5]

Moreover, as Plaintiffs allege, GWS and not defendants Bartlett or ZBR acquired Plaintiffs' shares of Bindco. *Complaint*, ¶ 11; *see also Agreement*, § 1.01. GWS was the party that was "enriched." Plaintiffs have opted not to include GWS in their suit, but that election does not create a cause of action for unjust enrichment against Bartlett.

## CONCLUSION

For the foregoing reasons, Bartlett's Motion to Dismiss should be allowed.

Defendant,

**JAMES R. BARTLETT**

By his attorneys,

Thomas S. Fitzpatrick/BBO #556453
Siobhan M. Sweeney/BBO #562118
DAVIS, MALM & D'AGOSTINE, P.C.
One Boston Place, 37th Floor
Boston, MA 02108
(617) 367-2500

Dated: January 21st, 2004

---

[5] Defendant disputes the existence of an agreement between himself and the plaintiffs. However, he does not dispute the existence of an agreement between the plaintiffs and others.