UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. TAYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., <br>        Plaintiffs, <br><br>  v. <br><br> JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., <br><br>        Defendants. | No: 1:03-CV-12506-WGY |

**DEFENDANT Z.B.R. PUBLICATIONS INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Defendant Z.B.R. Publications, Inc. ("ZBR") submits this Memorandum of Law in support of its Motion to Dismiss each of the claims asserted against it in the First Amended Complaint ("Amended Complaint").

As grounds for its Motion, ZBR states that the Amended Complaint fails to state claims against ZBR, and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs EK Ventures I, LLC, David L. Taylor, David L. Taylor and Virginia L. Taylor as Trustees for The Taylor Family Revocable Trust, and Flextronics International Ltd., ("Plaintiffs"), seek damages for a variety of claims they allege arose out of a Stock Purchase Agreement (the "Agreement") between Defendants, James R. Bartlett ("Bartlett"), ZBR, GlobalWare Solutions, Inc. ("GlobalWare" or the "Buyer"), Bindco Corporation ("Bindco"), and the Plaintiffs, who

were shareholders of Bindco.[1] Plaintiffs have failed to state legally recognized claims against Z.B.R. on the following grounds:

- Pursuant to a contractual limitations provision, all representations and warranties under the Agreement expired on September 30, 2001.

- While ZBR is a party to the Agreement, it is not liable for any breach, under the Agreement's express terms. The Agreement provides that the Selling Shareholders (including Plaintiffs), on the one hand, and Bartlett and GlobalWare on the other, will indemnify each other for breach of the Agreement. It does *not* provide that ZBR will indemnify anyone, or that ZBR will be indemnified, for breaches of the Agreement.

- Plaintiffs' claim against ZBR for negligent misrepresentation is barred by the applicable three-year statute of limitations set forth in M.G.L. c, 260, § 2A.

- Plaintiffs cannot contend that the statute of limitations is tolled due to fraudulent concealment because, among other things, they are all "insiders." Plaintiff David L. Taylor was made a member of GlobalWare's Board of Directors in February 29, 2000. All of the Plaintiffs have been GlobalWare shareholders for nearly four years. Moreover, Plaintiffs failed to make any allegations of fraud, much less allege fraudulent concealment with sufficient particularity pursuant to Fed. R. Civ. P. 9(b).

- Plaintiffs' unjust enrichment claim cannot lie, because the relationship among the parties is governed by the Agreement.

## STATEMENT OF THE CASE

This action arises out of the February 4, 2000 Agreement, pursuant to which the Shareholders of Bindco sold all of their capital stock in Bindco, a California corporation, to

---

[1] Neither GlobalWare nor Bindco are parties to this action. At the time of the closing, ZBR was a wholly owned subsidiary of GlobalWare. Agreement, §4.05.

BOS1346864.2

## ARGUMENT

Pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must allege sufficient facts in support of their claims to withstand a Motion to Dismiss. *See Clair Recreation Center Inc. v. Raymond L. Flynn*, 897 F.2d 623, 625 (1st Cir. 1990); *see also Walgren v. Howes*, 482 F.2d 95, 99 (1st Cir. 1973). It is well established that a complaint should be dismissed where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Clair*, 897 F.2d at 625, *quoting Conley v. Gibson*, 355 U.S. 41, 45 (1957). While a court accepts as true any well-plead facts, as well as any inferences that may be drawn in a plaintiff's favor, a plaintiff may not rest upon legal conclusions or subjective characterizations to support a claim. *See Abbott v. United States*, 144 F.3d 1, 2 (1st Cir. 1998).

Because Plaintiffs have not alleged, and cannot allege, facts upon which relief may be granted, this Court should dismiss their claims as to ZBR.

### I. Plaintiffs' Claims Against ZBR Arising Under The Agreement Are Barred

ZBR, together with Bartlett and the Buyer, made certain representations and warranties pursuant to Article IV of the Agreement. *See* §§ 4.01-4.30. The Agreement provides specific limitations on those representations and warranties: (1) the representations and warranties *expire* on September 30, 2001 (*see* § 6.01); and (2) Plaintiffs' remedy for breach of the representations and warranties is indemnification by Bartlett or the Buyer, *not ZBR* (*see* § 6.03).

#### A. The Agreement Specifically Provides that Plaintiffs' Claims For Breach of Representations and Warranties Expired on September 30, 2001.

Counts I, II and III of the Amended Complaint all allege that ZBR breached representations and warranties in the Agreement. Amended Complaint ¶¶ 39, 42-43, 46-48.

These claims are barred by the explicit limitations period contained in Section 6.01 of the Agreement, which provides:

> [a]ll representations and warranties in this Agreement, or in any instrument or document furnished in connection with this Agreement or the transactions contemplated hereby shall survive **until September 30, 2001**.

Agreement, § 6.01 (emphasis supplied).[4]

This provision is clear and unambiguous. By the Agreement's express terms, liability for all parties' representations and warranties ceased to exist after September 30, 2001, more than 18 months following the Bindco Closing. The Plaintiffs do *not* allege that they failed to negotiate for this provision, nor that they misunderstood or were misled about its consequences. It is well established that courts will enforce the negotiated agreement between parties for a shorter contractual limitations period than otherwise granted by statutory limitations provisions. *See Greenery Rehabilitation Group, Inc. v. Jack Antaramian*, 36 Mass. App. Ct. 73, 76 (Mass. App. 1994) (any claims based on statements of seller are eliminated by terms of parties' agreement limiting the survival of certain claims); *Rohm Tech, Inc. v. Scott Derby Taylor*, 1997 Mass. Super LEXIS 58, *36 (1997) (contract claims arising under an agreement between the parties were barred where the agreement contained a shorter limitations period).[5] *See also Reynolds Industries, Inc. v. Mobil Oil Corp.*, 618 F. Supp. 419, 422 (D. Mass. 1985) (it is "generally accepted that contracting parties may provide a limitations period within which actions on the contract must be commenced, so long as the time period is not unreasonably abbreviated").

---

[4]  The Agreement extended the time to file claims for indemnification through October 31, 2001. Agreement § 6.01

[5]  Copies of unreported cases cited herein are attached to this memorandum as Exhibit A.

- 6 -

More than two years have passed since the Plaintiffs' claims expired. The Court should enforce the limitations provision, in accordance with the Agreement's plain meaning. *See De Freitas v. Cote*, 342 Mass. 474, 477 (1961) (courts "must put ourselves in the place of the parties to the instrument and give its words their plain and ordinary meaning according to the parties' intent"); *see also Edwin R. Sage Co. v. Foley*, 12 Mass. App. Ct. 20, 28 (Mass. App. 1981) ("if the words of a contract are plain and free from ambiguity, they must be construed in accordance with their ordinary and usual sense"). Accordingly, this Court should dismiss Counts I, II and III of the Amended Complaint because they are time-barred pursuant to Section 6.01 of the Agreement.

### B. ZBR Is Not Liable For Breach of Representations and Warranties, Pursuant to The Indemnification Provision

Article VI of the Agreement sets forth the sole remedy for breach of representations and warranties under the Agreement. Section 6.02 of the Agreement requires Plaintiffs to indemnify Bartlett and the Buyer (but *not* ZBR) as follows:

> Section 6.02 Indemnification of Buyer. David L. Taylor, EK Venture I, LLC, Flextronics International, Ltd., Integral Capital Partners III, Limited Partnership, OKI Enterprises, LLC, Sequoia Capital VII, Sequoia Technology Partners VII SOP, 1997, Sequoia 1997 LLC, and Sequoia International Partners (collectively, the "Indemnifying Sellers") agree severally on a pro rata basis, and not jointly and severally, to indemnify and hold harmless the Buyer and Bartlett from and against any and all costs, losses, liabilities, damages, deficiencies and expenses, including but not limited to, reasonable attorneys' fees and expenses actually incurred by the Buyer and Bartlett ("Damages") arising directly out of any breach or failure to fully perform or observe of any representation, warranty, covenant, or agreement of the Company[6] or the Indemnifying Sellers contained in this Agreement...

Similarly, Section 6.03 of the Agreement requires Bartlett and the Buyer (but *not* ZBR) to indemnify Plaintiffs, as follows:

---

[6] "The Company" is defined in the opening paragraph of the Agreement as Bindco.

> Section 6.03 <u>Indemnification by Buyer and Bartlett</u>. The Buyer[7] and Bartlett shall, jointly and severally, indemnify and hold harmless the Company and the Indemnifying Sellers[8] from and against any and all Damages arising out of any inaccuracy of any representation, warranty, covenant, or agreement of Buyer contained in this Agreement.

The broad language in these sections clearly sets forth the parties' intent that only Bartlett and GlobalWare, **not ZBR**, were liable to Plaintiffs under the indemnification provision, the sole remedy for breach of representations and warranties. *See* Agreement § 6.03. Similarly, ZBR is clearly not entitled to indemnification from Plaintiffs for breach of representations and warranties. *See* Agreement § 6.02. Plaintiffs' sole recourse for breach of representations and warranties, pursuant to the clear and unambiguous language of Section 6.03, is to pursue Bartlett or the Buyer.[9] Because the sole remedy for breach of representations and warranties is indemnification pursuant to Article 6, and because no party has the right to seek indemnification from ZBR, Counts I, II and III of the Complaint should be dismissed as to ZBR. *See De Freitas v. Cote*, 342 Mass. at 477; *see also Edwin R. Sage Co. v. Foley*, 12 Mass. App. Ct. at 28.

Moreover, even if ZBR did have an obligation to indemnify Plaintiffs, which it does not, the Agreement required the parties to assert all indemnification claims by October 31, 2001. *See* Agreement ¶ 6.01. Because that date has long since passed, any claim for indemnification against ZBR has expired.

---

[7] "The Buyer" is defined in the opening paragraph of the Agreement as GlobalWare.

[8] The Sellers are defined as the Bindco Shareholders, including Plaintiffs. Agreement. p. 1 and Schedule 1.01.

[9] Of course, any claims against the Buyer would fail for all the reasons set forth herein.

### C.   Plaintiffs' Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Fails as a Matter of Law.

Plaintiffs allege in Count III that ZBR has breached the implied covenant of good faith and fair dealing, based on the alleged breach of its representations and warranties under the Agreement. *See* Amended Complaint, ¶¶ 13-15, 46-48. This claim fails as a matter of law.

It is well established that claims for breach of the implied covenant of good faith and fair dealing pertain only to factual allegations of bad faith in the performance of a contract, not in its execution. *See Rohm Tech, Inc. v. Scott Derby Taylor*, 1997 Mass. Super. LEXIS 58, *38 (1997) (claim for breach of implied covenant of good faith and fair dealing by purchaser of corporation against seller based on misrepresentations in stock purchase and sale agreement dismissed because claim was based on representations in execution of the contract, not on performance); *see also Sheehy v. Lipton*, 24 Mass. App. Ct. 188, 194 n.6 (Mass. App. 1981) ("the implied covenant of good faith and fair dealing pertains to bad faith in the performance of a contract, not in its execution"), *review den.* 400 Mass. 1103 (1987). Plaintiffs have not made any allegations whatsoever concerning ZBR's *performance* of the contract. Rather, Plaintiffs' claims arise from ZBR's alleged misrepresentations and omissions during the negotiation and execution of the Agreement. *See* Amended Complaint ¶¶ 13-16, 31-32. Plaintiffs' claims are legally insufficient under the rationale set forth in *Sheehy* and *Rohm Tech*, and therefore should be dismissed.

### II.   Plaintiffs' Claim For Negligent Misrepresentation Is Barred By The Applicable Statutes of Limitations

Plaintiffs' tort claim in Count II (negligent misrepresentation) is time-barred. Plaintiffs contend that ZBR made negligent misrepresentations and omissions in the representations and warranties provisions of the Agreement, dated February 4, 2000. *See* Complaint, ¶¶ 13-14, 31-32). In Massachusetts, the applicable statute of limitations for negligent misrepresentation

claims is three years. M.G.L. c. 260, §2A. *See also Beaconsfield Townhouse Condo. Trust v. Zussman*, 49 Mass. App. Ct. 757, 761 (2000) (negligent misrepresentation claims subject to three year statute of limitations), *review den.* 432 Mass. 1109 (2000); *Cargill v. Gilmore*, 1 Mass. L. Rep. 167 (Suffolk Sup. Ct. 1993) (Garsh, J.) (same). The three year statutory period expired nearly one year ago, in February 2003, at the very latest.

### III. Plaintiffs Have Not Made Any Fraud Allegations, Much Less Allegations of Fraudulent Concealment with Sufficient Particularity <u>Sufficient to Toll the Statute of Limitations</u>

M.G.L. c. 260 § 12 provides:

> If a person liable to a personal action fraudulently conceals the cause of such action from the knowledge of the person entitled to bring it, the period prior to the discovery of the cause of action by the person so entitled shall be excluded in determining the time limited for the commencement of the action.

There are no allegations in the Complaint that ZBR, or anyone else for that matter, fraudulently concealed any facts from Plaintiffs.

Pursuant to Fed. R. Civ. P. 9(b), the Plaintiffs must assert a fraudulent concealment claim with particularity. *See J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1255 (1st Cir. 1996) ("it is Appellants' burden under Federal Rule of Civil Procedure 9(b) to plead with particularity the facts giving rise to the fraudulent concealment claim"), *cert. den.* 519 U.S. 823 (1996); *see also Siegemund v. Shapland*, 247 F. Supp. 2d 1, 7 (D. Mass. 2003) ("[i]n federal court, state law fraud claims must be pleaded with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure"). The Plaintiffs, however, have not made any allegations of fraud, and therefore have not even come close to meeting this burden for purposes of tolling the statute of limitations.

Indeed, such a claim would be absurd. Plaintiffs were all shareholders of GlobalWare since February 2000 (*see* Schedule 1.01 to the Agreement). Similarly, at least one Plaintiff,

David L. Taylor, was made a member of GlobalWare's Board of Directors on February 29, 2000. *See* Exhibit E to the Agreement, attached to the Tearney Aff. as Exhibit 3. Plaintiffs all had the opportunity, and in Taylor's case the fiduciary duty, to discover and understand the financial condition of their company. Plaintiffs, however, apparently chose to keep their heads in the sand while the limitations periods expired, and did so at their own risk. *See Maggio v. Gerard Freezer & Ice. Co.*, 824 F.2d 123, 131 (1st Cir. 1987) (limitations period for state law claims of fraud and breach of fiduciary duty was not tolled under M.G.L. c. 260 § 12 because plaintiff had full means of detecting alleged fraud but failed to take minimal effort). Plaintiffs' belated pleas of ignorance are laughable.

Moreover, while it is true that Plaintiffs allege a breach of fiduciary duty claim against Bartlett, that claim does not toll the statute of limitations as to ZBR. Breach of a fiduciary duty can toll the statute of limitations pursuant to M.G.L. c. 260 § 12, but only as to the person who actually breached the duty. *See Frank Cooke, Inc. v. Hurwitz*, 10 Mass. App. Ct. 99 (1980) (statute of limitations tolled under G.L. c. 260, § 12 against the wrongdoer where, either through actual fraud or in breach of a fiduciary duty of full disclosure, he keeps from the injured person knowledge of the relevant facts.); *Bourassa v. La Fortune*, 711 F. Supp. 43, 48 (D. Mass. 1989) (Harrington, J.) (where statute of limitations for negligent administration of anesthesia was tolled as to physician who failed to reveal facts to patient, statute was not tolled as to nurse, who did not owe the same fiduciary duty to patient).

Where, as here, Plaintiffs do not allege any positive acts of fraud by ZBR, Plaintiffs can not seek the benefit of a longer statutory period by asserting that the claims were fraudulently concealed. Accordingly, Count II should be dismissed.

### IV.   Plaintiffs Cannot Assert Unjust Enrichment Claims, In Light of the Agreement

Count VI of the Amended Complaint, asserted against both Bartlett and ZBR, alleges that "Defendants were unjustly enriched by their actions in an amount to be proven at trial." Amended Complaint ¶ 67. A cause of action for "unjust enrichment" is simply an equitable claim for restitution. *See In re Lupron® Marketing and Sales Practices Litigation*, 2003 U.S. Dist. LEXIS 21496, *75 (D. Mass. 2003) ("Unjust enrichment is regarded by most (but not all) states as an equitable claim"); Restatement of Restitution, § 1 (American Law Institute 1937 & Supp. 2003) ("A person who has been unjustly enriched at the expense of another is required to make restitution to the other").

Not surprisingly, the existence of an adequate remedy at law precludes a claim for unjust enrichment. *See Kelly v. Marx*, 428 Mass. 877, 881 (1999) (plaintiff could not recover deposit forfeited under purchase and sale agreement because parties' relationship was governed by liquidated damages clause in the agreement); *Carroll v. Barberry Homes, Inc.*, 10 Mass. L. Rep. 668, *14 (Super. Ct. 1999) (adequate remedy at law precludes unjust enrichment claim). Thus, where a contract governs the parties' relationship, the parties' remedies are governed by the contract as well, and there can be no claim for unjust enrichment. *See, e.g., Zarum v. Brass Mill Materials Corp.*, 334 Mass. 81, 85 (1956) (where "the contract entered into by the parties is comprehensive and appears to have been carefully drawn...there is no room for an implied contract"); *Massachusetts General Hospital v. Fairbanks*, 129 Mass. 78, 81 (1880) ("There is no room for an implied contract where an express contract exists."). *See also In re Lupron®*, 2003 U.S. Dist. LEXIS at *75-76 ("Where a contract does govern the parties' relationship, the contract provides the measure of the plaintiff's right and no action for unjust enrichment lies.").

Here, the Agreement describes in careful detail the legal relationship among the parties, and expressly provides that all representations and warranties have expired, and that only Bartlett and the Buyer, not ZBR, are liable under the representations and warranties. *See* Points I(A) and (B), *supra*. Accordingly, Plaintiffs cannot allege a claim for unjust enrichment against ZBR.

## CONCLUSION

For the foregoing reasons, ZBR respectfully requests that the Court dismiss Plaintiffs claims against ZBR in their entirety, and grant such other relief as the Court deems proper.

Z.B.R. PUBLICATIONS, INC.

By their attorneys,

_____
Melissa Bayer Tearney, BBO No. 558612
David Ryan, BBO No. 644037
Stephen M. LaRose, BBO No. 654507
NIXON PEABODY LLP
101 Federal Street
Boston, MA 02110
(617) 345-1000

Dated: January 26, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel for all parties first class mail on January 26, 2004.

_____
David M. Ryan