**UNITED STATES DISTRICT COURT**
**for the**
**DISTRICT OF MASSACHUSETTS**

EK VENTURES I, LLC; DAVID L. TAYLOR;
DAVID L. TAYLOR AND VIRGINIA L.
TAYLOR as TRUSTEES FOR THE TAYLOR
FAMILY REVOCABLE TRUST; and
FLEXTRONICS INTERNATIONAL LTD.,

               Plaintiffs,

   v.

JAMES R. BARTLETT and Z.B.R.
PUBLICATIONS, INC.,

               Defendants.

CIVIL ACTION

No. 03 CV 12506 WGY

## PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANT ZBR'S MOTION TO DISMISS

### I.     INTRODUCTION

The Plaintiffs in the above captioned matter hereby request that the Court deny

Defendant Z.B.R. Publications, Inc.'s ("ZBR's") Motion to Dismiss the Plaintiffs' First

Amended Complaint pursuant to F.R.C.P. 12(b)(6). For the reasons stated below, the Plaintiffs

have alleged facts sufficient to support viable claims for each of the six causes of action set forth

in the First Amended Complaint.

First, the Plaintiffs' allegations and the Agreement itself allege and support facts

sufficient to give rise to claims for breach of contract, breach of warranty, and breach of the duty

of good faith and fair dealing against Defendant ZBR. ZBR's contention that the parties'

Agreement provided that the Plaintiffs' sole and exclusive remedy is against Bartlett and

Globalware contradicts the allegations in the Complaint and the unambiguous terms of the

1

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506
ORIGINAL

10585 0002 hb043601

parties' Agreement.

Second, ZBR's argument that the Plaintiffs' claims should be dismissed on contractual and statutory limitations grounds fails because the Plaintiffs have alleged facts sufficient for a trier of fact to conclude that the Plaintiffs did not know and could not reasonably have known of ZBR's various breaches and negligent misrepresentations until well after December of 2000. Dismissal of the Plaintiffs' claims on limitations grounds is inappropriate under common law and the statutory tolling provision applicable in cases involving allegations of fraudulent concealment or silence in the face of a duty to disclose. Mass. Gen. Laws 260 § 12. Similarly, the discovery rule precludes dismissal of the Plaintiffs' claim for negligent misrepresentation on limitations grounds. ZBR's assertion that the Plaintiffs should have known of their claims before December of 2000 raises unsubstantiated arguments based on fact issues that are not appropriately resolved on a 12(b)(6) motion.

Lastly, it is well established that a Plaintiff may alternatively plead breach of contract and unjust enrichment. FRCP 8(e)(2). Alternative pleading is particularly appropriate in cases such as this where ZBR is challenging the Plaintiffs' right to recover contractual damages from ZBR, and the Plaintiffs have alleged that ZBR has unjustly received benefits from the Plaintiff. Allowing the Plaintiffs to proceed with their unjust enrichment claim is appropriate and proper until the court has sufficient facts to determine whether the Plaintiffs have an adequate remedy at law for their damages.

## II. FACTS

This action arises out of a February 4 2000 Agreement ("Agreement") pursuant to which shareholders of Bindco Corporation ("Bindco") sold all of their stock in Bindco to a newly-formed company, Globalware Solutions, Inc. ("Globalware"). First Amended Complaint ¶ 9 –

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hb043601

11. The first paragraph of the Agreement identifies the parties to the Agreement as Globalware, Defendant Z.B.R. Publications, Inc. ("ZBR"), Defendant Bartlett, Bindco, and the Selling Shareholders of Bindco. February 4, 2000 Stock Purchase and Sale Agreement at 1, attached as Exhibit 1 to the Affidavit of Melissa Tearney ("Agreement"). The Plaintiffs, EK Ventures I, David Taylor, the Taylor Family Trust, and Flextronics International Ltd., were among the Selling Shareholders of Bindco. First Amended Complaint at ¶ 10.

Bindco was a California company that provided manufacturing services to the computer industry, including digital imaging/pre-press, printing, procurement services, packaging, media replication, documentation and distribution services. Agreement at 1. ZBR was a full service printer that wished to acquire Bindco. Defendant Bartlett was the President, CEO and majority shareholder of ZBR. First Amended Complaint at ¶ 12. The merger was structured so that, prior to the closing of the Agreement, Globalware acquired all of the shares of ZBR, making Bartlett the primary shareholder of Globalware. Pursuant to the terms of the Agreement, Globalware acquired all of the outstanding shares of Bindco, leaving Bartlett as the majority shareholder and CEO of the newly-merged company. Id. at ¶ 19 –20.

While Bartlett now disputes that he was a party to the Agreement, and ZBR now claims that it cannot be liable for any damages under the Agreement, there is no dispute that the transaction that is the subject of the Agreement – i.e., the stock purchase and sale transaction -- actually took place. It is undisputed that Globalware in fact acquired all of the outstanding stock of Bindco, and that the Selling Shareholders of Bindco received shares of Globalware in exchange, as alleged in the Complaint. Id. at ¶ 11. This transfer took place on February 29, 2000, the closing date identified in the Agreement. Agreement at 1 – 4.

Defendant Bartlett remained as President and CEO of Globalware until the late Spring of

3

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

2003, when he was ousted and replaced by a new management team. First Amended Complaint at ¶ 19 – 27. It was around this time that the new management team learned of various incidents of malfeasance by Bartlett during his tenure at Globalware. Id. at ¶ 28 – 36. In the Spring of 2003, upon learning of Bartlett's malfeasance at Globalware, the Plaintiffs investigated Bartlett's actions in connection with the February 2000 Agreement, and learned that Bartlett had made misrepresentations in connection with the February 2000 Agreement. Id. at ¶ 35. Shortly after learning of Mr. Bartlett's actions, Plaintiffs EK Ventures I and Taylor filed suit on December 12, 2003. Flextronics joined as a party plaintiff on January 8, 2004. See First Amended Complaint. Thus the Plaintiffs filed suit less that a year after first becoming aware of any of Bartlett's breaches and misrepresentations.

### III. STANDARD OF REVIEW

When ruling on a motion pursuant to FRCP 12(b)(6), the Court must "accept the complaint's allegations as true, indulging all reasonable inferences in favor of [the Plaintiffs]." Kiely v. Raytheon Co., 105 F.3d 734, 735 (1st Cir. 1997). The complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim that would entitle [it] to relief." Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99 (1957).

In ruling on a Motion to Dismiss, the Court may consider only the allegations in the Complaint. One narrow exception to this general rule allows the Court to consider a document or contract when a complaint's factual allegations are expressly linked to – and admittedly dependent upon – that document. Beddall v. State Street Bank and Trust Company, 137 F.3d 12, 17 (1st Cir. 1998). For such a document to be considered on a Motion to Dismiss, the document must be "undisputed," and no party may dispute or question the authenticity of the document.

**4**

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hb043601

Id. at 17. The rationale for this rule is that "while a plaintiff only is obliged to make provable allegations, the court's inquiry into the viability of those allegations should not be hamstrung simply because the plaintiff fails to append to the complaint the very document upon which by her own admission the allegations rest." Id. at 17. As discussed in greater detail in the Plaintiffs' Response to Bartlett's Motion to Dismiss, there is in fact a dispute regarding what constitutes the Agreement, and whether Bartlett ever signed the Agreement in his personal capacity. The Plaintiffs have not yet had an opportunity to review the original Agreement or to conduct discovery relating to the facts surrounding the execution of the Agreement. See Affidavit of Jerold T. Everard in Response to Bartlett's Motion to Dismiss. Thus, the Agreement is "disputed" and should not at this juncture be considered by the court to be the definitive, complete document. For the purposes of this Response Memorandum, however, the Plaintiffs have cited to provisions of the Agreement that are relevant to several arguments raised by ZBR.

## IV. ARGUMENT

**A.    As a party to the Agreement, ZBR is potentially liable for breach.**

ZBR seeks to dismiss the Plaintiffs' claims for breach of contract and breach of warranty on the grounds that the language of the parties' Agreement precludes ZBR from being held contractually liable for its acts. This argument does not withstand the scrutiny of a review of the language of the Agreement itself. In addition, ZBR's contention, if true, would be legally untenable. ZBR cannot be a party to an agreement, and receive benefits from that Agreement, without also assuming any liability for its own breach. ZBR's strained interpretation of the Agreement would render ZBR's obligations under the contract illusory, making the contract void. It is not necessary to reach this conclusion, however, because the express terms of the Agreement do not bar the Plaintiffs from pursuing damages against ZBR.

5

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hb043601

ZBR argues that the "clear and unambiguous language of Section 6.03" of the Agreement provides that the Plaintiffs' *sole* recourse for breach of representations and warranties is to pursue Bartlett or the Buyer (Globalware). See ZBR's Memorandum at 7. Section 6.03 of the Agreement says no such thing. It provides as follows:

> SECTION 6.03 Indemnification by Buyer and Bartlett. The Buyer [Globalware] and Bartlett shall, jointly and severally, indemnify and hold harmless the Company and the Indemnifying Sellers from and against any and all Damages arising out of any inaccuracy of any representation, warranty, covenant, or agreement of Buyer contained in this Agreement.

Agreement at § 6.03, p. 36. As an initial matter, Section 6.03 does not even address the issue of damages arising out of *ZBR's* breaches of contract, misrepresentations, and breaches of warranty. Section 6.03 is an indemnification provision relating to any "inaccuracy of any representation, warranty, covenant, or agreement of *Buyer*." Id. The Plaintiffs' claims against ZBR, however, arise out of the misrepresentations, covenants, and agreements made by *ZBR*, not the Buyer. Thus, the unambiguous language of the Agreement does not, as ZBR contends, provide that the Plaintiffs' sole recourse for ZBR's breaches is against Bartlett and the Buyer. Moreover, even if the provision relied on by ZBR established indemnity rights against Bartlett and the Buyer for breaches by ZBR, nothing in the Agreement establishes this as the *sole and exclusive* remedy under the contract. Under Massachusetts law, contractual remedy provisions are assumed to be permissive rather than exclusive absent clear provisions to the contrary contained in the parties' Agreement. See, e.g., North American Consolidated, Inc. v. Kopka, 644 F. Supp. 191 (D. Mass. 1986); Danieli & Officine Meccaniche v. Morgan Construction Co., 190 F. Supp. 2d 148, 156 (D. Mass. 2002); Carroll v. Barberry Homes, Inc., 10 Mass. L. Rep. 668 (Super. Ct. 1999). Without a "clear statement of intent to waive all other remedies," courts applying Massachusetts law have refused to interpret contractual remedy provisions to limit or restrict other remedies

6

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hb043601

available at law and equity. <u>North American Consolidated</u>, 644 F. Supp. at 193.

In <u>North American Consolidated</u>, this Court held that a liquidated damages clause in a contract did not preclude other remedies available at law or equity absent the clear intention of the parties to the contrary. <u>Id.</u> at 193. Applying the 12(b)(6) standard, this court found that a clause in the parties' purchase and sale agreement that provided for liquidated damages upon default and further provided that "neither party hereto shall have any further obligations hereunder" was insufficiently clear to preclude all other remedies as a matter of law. <u>Id.</u> at 191, 194. Based on the contractual language, the court concluded that the inquiry was one of the parties' intent to be deduced from the whole instrument and the surrounding circumstances. The Plaintiffs' position in this case is much stronger than that of the plaintiff in <u>North American Consolidated</u>. ZBR has not pointed to any contractual language that can be construed to limit the Plaintiffs' remedies against ZBR, let alone a provision that establishes a "clear intention of the parties" to completely bar the Plaintiffs from pursuing claims against ZBR. At best, ZBR raises a fact question that requires an investigation of the circumstances surrounding the Agreement.

**B.     The Plaintiffs have stated a valid claim for breach of the duty of good faith and fair dealing.**

ZBR does not dispute that it is in fact a party to the February 4, 2000 Purchase and Sale Agreement. Yet it argues that it can avoid liability under the Agreement altogether because (it contends), the Plaintiffs' sole remedy under the Agreement is against Bartlett and Globalware. ZBR's position would allow it to completely avoid any liability for its actions in breach of the Agreement, no matter how egregious and damaging to the Plaintiffs. For the reasons discussed above, the clear language of the Agreement does not support such an absurd interpretation of ZBR's contractual duties and obligations. In addition, ZBR cannot claim that there is contractual

7

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hb043601

language that absolves it from liability under the duty of good faith and fair dealing that arises out of every contract, and applies to all parties to the contract. See Anthony's Pier Four, Inc. v. HBC Associates, 411 Mass. 451, 471 (1991) (noting that the implied covenant of good faith and fair dealing is applicable to every contract).

In discussing a claim under Mass. Gen. Laws 93A, this court observed that "claims of unfair and deceptive practices may never be prospectively waived by contract." North American Consolidated, 644 F. Supp. at 194. In this case, the Plaintiffs have alleged that ZBR's performance of the contract was in bad faith. Most recently, ZBR's President and CEO, Defendant Bartlett, has taken the position that he signed the Agreement on behalf of ZBR apparently not intending to sign the Agreement in his personal capacity. See Bartlett's Memorandum in Support of Motion to Dismiss at 3. Because Bartlett's actions are attributed to ZBR, that action alone is sufficient to give rise to a claim for breach of the duty of good faith and fair dealing against ZBR. A business violates the duty of good faith and fair dealing if it persuades another business to enter into a contract by making promises it never intends to fulfill. See, e.g., Marshall v. Stratus Pharm., Inc., 749 N.E.2d 698, 707 (Mass. App. Ct. 2001). To allow dismissal of the Plaintiffs' claims for breach of the duty of good faith and fair dealing against ZBR in the face of the Plaintiffs' allegations of false representations and bad faith on the part of ZBR would render ZBR's obligations and duties under the contract completely illusory.

In support of its motion to dismiss, ZBR relies on case law recognizing that the duty of good faith and fair dealing pertains to bad faith in the performance of a contract, not in its execution. See ZBR's Memorandum at 8 *citing* Rohmtech, Inc. v. Taylor, 1997 Mass. Super. Lexis 58, *38 (1997); Sheehy v. Lipton, 24 Mass. App. Ct. 188, 194 n.6 (Mass. App. 1981). Contrary to ZBR's unsubstantiated assertions, the Plaintiffs' bad faith allegations are not strictly

**8**

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hb043601

limited to the contract negotiations and execution of the Agreement. Rather, the allegations stem from actual representations and warranties contained in the contract itself, allegations of continuous concealment of those misrepresentations, and bad faith failure to meet the terms of the Agreement.   As the Massachusetts Supreme Court recently noted in Anthony's Pier Four, "the rule is clear in Massachusetts that every contract is subject to an implied covenant of good faith and fair dealing." Anthony's Pier Four, 411 Mass at 473 *citing* Warner Ins. Co. v. Commissioner of Ins., 406 Mass. 354, 362 (1990).   The implied covenant of good faith and fair dealing provides "that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract . . ." Anthony's Pier Four, 411 Mass. At 471 – 472.  Certainly ZBR's and Bartlett's misrepresentations and the continuous concealment of those misrepresentations had the result of depriving the Plaintiffs of "the fruits of the contract." Moreover, Defendant Bartlett's latest disavowal of his obligations under the Agreement is further evidence that the Plaintiffs are being denied "the fruits of the contract." The Plaintiffs' allegations of breach of the duty of good faith and fair dealing extend beyond the contract negotiations to ZBR's affirmative duties under the contract itself, and to its failure to honor those duties and meet its obligations under the contract.

In its briefing, ZBR attempts to distance itself from Bartlett, apparently in an attempt to avoid joint liability for Bartlett's actions. Bartlett's actions in failing to honor the terms of the agreement, and his bad faith concealment of his and ZBR's misrepresentations are attributable to both Bartlett individually and ZBR. Bartlett was the CEO and primary shareholder of ZBR. For all intents and purposes, he was ZBR. If Bartlett signed the Agreement on ZBR's behalf knowing he never intended to honor the Agreement (as he now contends), then his bad faith actions are attributable to ZBR.

9

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hb043601

**C.    The Plaintiffs' claims are not time-barred by the contractual limitations provision.**

ZBR argues in its Memorandum that the Plaintiffs' claims are time-barred because the

parties' Agreement contains a provision that states that "all representations and warranties in this

Agreement . . . shall survive until September 30, 2001." ZBR's Memorandum at 4 – 5. Based

on this contractual provision, ZBR contends that all claims brought after September 30, 2001 that

arise out of the Agreement are barred by agreement of the parties. The Plaintiff acknowledges

that Section 6.01 states that claims under the Agreement survive only until September 30, 2001,

and that all contractual claims should be brought by October 30, 2001. Generally speaking,

parties are free to agree by contract to a shorter limitations period for the assertion of claims.

Rohmtech, Inc. v. Taylor, 1997 Mass. Super Lexis 58 *36 (1997). However, this general rule

does not give parties carte blanche to avoid liability by engaging in deceit and concealing

information from the Plaintiffs.   See Bates v. Ray, 308 Mass. 170, 31 N.E.2d 551 (1941)

(holding that "attempts under the form of contract to secure total or partial immunity from

liability for fraud are all under the ban of the law"); Vmark Software, Inc. v. EMC Corp., 37

Mass. App. Ct. 610, 619 n.11, 642 N.E.2d 587 (1994) (noting that under long-standing

Massachusetts law and policy, a party may not escape liability for misrepresentation by resort to

contractual provisions limiting or circumscribing their liability for damages). Mass. Gen. Laws

ch. 260 § 12, entitled "Extension of Time in Case of Fraudulent Concealment," codifies this

longstanding common law rule, and expressly extends the statute of limitations on claims such as

this involving allegations of fraudulent concealment or silence in the face of a duty to disclose.

It provides as follows:

> If a person liable to a personal action fraudulently conceals the cause of such action from
> the knowledge of the person entitled to bring it, the period prior to the discovery of his
> cause of action by the person so entitled shall be excluded in determining the time limit
> for the commencement of the action.

10

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hb043601

Mass Gen. Laws ch. 260 § 12.

Under Massachusetts law, where a fiduciary relationship exists, the failure to adequately disclose the facts that give rise to knowledge of a cause of action is equivalent to fraudulent concealment for purposes of applying § 12. Demoulas v. Demoulas Supermarkets, 424 Mass. 501, 519, 677 NE2d 159 (1997) *citing* Puritan Medical Ctr. Inc. v. Cashman, 413 Mass. 167, 175 – 176, 596 N.E.2d 1004 (1992); Shane v. Shane, 891 F.2d 976 (1st Cir. 1989); Burns v. Massachusetts Institute of Technology, 394 F.2d 416, 419 (1st Cir. 1968); Jamesburg Corp. v. Worcester Valve Co., 443 F.2d 205 (1st Cir. 1971) (holding that mere silence can rise to the level of fraudulent concealment of a cause of action on the part of person who, because of his fiduciary position, has a duty to disclose). The Plaintiffs need not specifically allege active fraud in a specific count entitled "fraud." Rather, where a fiduciary relationship exists, allegations that the fiduciary's failure adequately to disclose facts is a legitimate substitute for the active fraud required by the fraudulent concealment tolling statute. Burns, 394 F.2d at 419.

In this case, the Plaintiffs have made allegations that Bartlett, as President and CEO of Globalware as well as its majority shareholder, was in a fiduciary relationship to the Plaintiffs. First Amended Complaint at ¶ 5, 58 – 65. They have further alleged that he used his fiduciary position to cover up and continuously conceal from the Plaintiffs his actions giving rise to the Plaintiffs' claims. First Amended Complaint at ¶ 33. These allegations place Plaintiffs' claims squarely within the statutory tolling provisions of § 12. Demoulas, 424 Mass. at 519.

ZBR affirmatively recognizes in its brief that allegations of breach of fiduciary duty can toll the statute of limitations pursuant to M.G.L. Ch. 260 § 12. ZBR's Memorandum at 10. Thus, ZBR concedes that the statute tolls the limitations period with respect to Defendant Bartlett. Yet ZBR tries to disassociate itself from Bartlett by taking the position that ZBR was

**11**

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hb043601

not the "person who actually breached the duty." Id. This position ignores the fact that Bartlett was ZBR's President, CEO, and primary shareholder, and was acting within the scope of his employment when he made his misrepresentations and breached the contract. He was also the President and CEO of Globalware which, according to ZBR's Memorandum is the parent company of ZBR. As ZBR's President and agent, Bartlett's actions are properly attributed to ZBR, and ZBR may be held liable for those acts. See Wang Laboratories Inc. v. Business Incentives, Inc. 398 Mass. 854, 501 N.E.2d 1163 (1986) (a principal is liable for the acts of an agent acting within the scope of his employment even if his acts are motivated in part by self-interest). Thus Bartlett's acts of concealment are ZBR's acts of concealment. The case relied on by ZBR, Frank Cooke, Inc. v. Hurwitz, 10 Mass. App. Ct. 99 (1980), is readily distinguishable on the grounds that it did not involve an agent whose acts are attributable to the principle.

Even if the tolling statute were not applicable, ZBR's reliance on a contractual provision that drastically abbreviates the limitations period for the Plaintiffs' claims is ill-founded because the contractual limitations period is unreasonable and unfair in the particular circumstances alleged in this case. The case relied on by ZBR in support of its contractual limitations argument recognizes that contractual limitations periods cannot be "unreasonably abbreviated." See Reynolds Industries, Inc. v. Mobil Oil Corp., 618 F.Supp. 419, 422 (D. Mass. 1985). In determining whether a contractual limitations period is "unreasonably abbreviated," courts applying Massachusetts law look to whether the contractual limitation is unfair in the particular circumstances of the case. This inquiry is inherently factual, which perhaps explains why none of the cases cited by ZBR involve dismissal pursuant to a 12(b)(6) motion. See, e.g., Reynolds Industries, Inc., 618 F. Supp. at 422 (resolving the limitations issue on a summary judgment motion based on the factual evidence presented by the parties). In this case, the Plaintiffs have

12

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hb043601

sufficiently alleged facts supporting a claim that it would be unreasonable and unfair under the facts of this case to enforce the contractually-abbreviated limitations period. Specifically, these facts include the Plaintiffs' allegations that they did not begin to learn of Bartlett's and ZBR's breaches until after the contractual limitations period had expired, and the Defendants intentionally concealed the facts giving rise to the claims from the Plaintiffs. First Amended Complaint at ¶ 20, 33 – 35.

In its Memorandum in Support of its Motion to Dismiss, ZBR argues that it would be "absurd" for the Plaintiffs to make any allegations of fraud or concealment stemming from Bartlett's conduct during his tenure as CEO of Globalware and as a fiduciary to the Plaintiffs. ZBR Memorandum at 9. Based on this contention, ZBR argues that the Plaintiffs' "belated pleas of ignorance are laughable." Id. at 10. ZBR's unsubstantiated assertion that the Plaintiffs' claims of concealment are "laughable" is patently disingenuous. It is a matter of public record that counsel for ZBR, Nixon Peabody, has recently filed fraud claims on behalf of Globalware against Bartlett in connection with his fraudulent and deceptive actions as CEO of Globalware. See Bartlett v. Globalware Solutions, Inc., Mass. Super. Ct. No. ESCV2003-01411 (among other things, Globalware alleges both fraud and breach of fiduciary, claiming that "Bartlett engaged in a pattern of deceptive conduct over several years which slowly drained Globalware of its assets"). In light of the pattern of deceptive conduct alleged by the Plaintiffs in this action and recognized by Globalware, ZBR's parent company, in a separate action, it would be inappropriate to dismiss the Plaintiffs claims on the grounds that they are time-barred.

**D.   The Plaintiffs' negligent misrepresentation claim is not time-barred.**

ZBR argues that the Plaintiffs' negligent misrepresentation count should be dismissed on the grounds that more than three years have passed since the alleged misrepresentation occurred

13

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hb043601

– namely the misrepresentations made at the time of the February 2000 Agreement. ZBR's motion is based on the incorrect premise that the statute of limitations for negligent misrepresentation begins to toll from the time of the misrepresentation. This is an incorrect statement of the law. It is well established under Massachusetts law that the discovery rule applies to negligent misrepresentation claims. <u>Hanson Housing Auth. v. Dryvit System, Inc.</u>, 29 Mass. App. Ct. 440, 445, 560 N.E.2d 1290, 1293 (1990); <u>Friedman v. Jablonski</u>, 371 Mass. 482, 485, 358 N.E.2d 994, 997 (1976).   The discovery rule provides that "certain causes of action based on inherently unknowable wrongs do not accrue until the plaintiff learns, or reasonably should have learned, that he has been harmed by the defendant's conduct." <u>Hanson</u>, 29 Mass. App. Ct. at 443.   What matters for statute of limitations purposes is not the date of the misrepresentations, but the date when the Plaintiffs, "reacting to any suspicious circumstances of which [they] might have been aware, should reasonably have been put on notice that [they] may have been harmed." <u>Rohmtech</u>, Mass. Super. Lexis 58 (1997).

In cases where the Defendant is in a fiduciary relationship to the Plaintiff, Massachusetts courts have applied an even less stringent "actual knowledge" standard, holding that "such a plaintiff need only show that the facts on which the cause of action is based were not disclosed to him by the fiduciary. The plaintiff is not required to have made an independent investigation." <u>Demoulas</u>, 424 Mass. At 519.  ZBR relies on <u>Maggio v. Gerard Freezer & Ice Co.</u>, 824 F.2d 123, 131 (1st Cir. 1987), to support its contention that the Plaintiffs' claims should be time-barred because the Plaintiffs are to blame for keeping their "heads in the sand" and not discovering Bartlett's actions earlier. <u>Maggio</u>, however, is readily distinguishable from this case. <u>Maggio</u> did not involve a motion to dismiss under FRCP 12(b)(6). The court dismissed Maggio's claim on a summary judgment motion only after reviewing evidence submitted by the parties,

14

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hb043601

including explicit admissions on the Plaintiff's part that he had knowledge of information giving rise to his claim. The court also found, based on the facts presented by the parties, that the Plaintiff had "full means of detecting the alleged fraud". Under these circumstances, summary dismissal was appropriate. By contrast, this case involves allegations of affirmative, ongoing concealment on the part of the Defendants, who stood in a fiduciary role to the Defendants. The Plaintiffs have also alleged that Bartlett engaged in freezing out the Plaintiffs in a "continuous practice of improperly excluding the Plaintiffs from corporate governance and decisionmaking." First Amended Complaint at 63. The allegations in this case, therefore, closely track those of cases in which courts have applied an actual knowledge standard rather than the standard used in Maggio. See, e.g., Demoulas, 424 Mass. at 519.

For the reasons discussed above, the Plaintiffs' claims of negligent misrepresentation fall within the scope of the discovery rule or the "actual knowledge" rule applicable in cases involving fiduciaries. The sole remaining question, then, is, based on a review of the allegations in the Complaint alone, does it appear beyond doubt that the Plaintiffs can prove no set of facts that would lead a trier of fact to conclude that they were not on notice of Bartlett's misrepresentations until some time after December of 2000? Conley, 355 U.S. at 41. The Plaintiffs filed this action in December 2003, less than a year after they allege they first became aware of Bartlett's "improprieties and self-dealing." First Amended Complaint at ¶ 35 (alleging that "the Plaintiffs first became aware of Bartlett's improprieties and self-dealing only *after* Mezzanine's February 2003 transaction with Globalware"). The complaint repeatedly alleges a pattern of concealment that did not begin to be exposed to the Plaintiffs until Bartlett was ousted as CEO of Globalware and new management took over. Id. According to the complaint, in December of 2000, Bartlett was still CEO of Globalware, well-positioned to conceal his

**15**

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hb043601

February 2000 misrepresentations from the Plaintiffs.  The Plaintiffs also allege that Bartlett

"continuously concealed from the Plaintiffs his self-dealing transactions at ZBR and

Globalware."  Id. at ¶ 33.  Thus, the Complaint alleges that Bartlett affirmatively concealed the

misrepresentations from the Plaintiffs as long as he was able – until his self-dealings were

uncovered by new management, and he was ousted from the company in the Spring of 2003.

These allegations are more than sufficient to raise a question of fact that the Plaintiffs did not

know and should not reasonably have known of their claims until well after December 2000.

Given these allegations, it would be error to dismiss the Plaintiffs' negligent misrepresentation

claim as time-barred.

**E.      The Plaintiffs have stated a proper cause of action for unjust enrichment.**

ZBR argues that the Plaintiffs cannot bring a cause of action for unjust enrichment

because "where a contract governs the parties' relationship, the parties' remedies are governed

by the contract as well, and there can be no claim for unjust enrichment.  See ZBR's

Memorandum in Support of Motion to Dismiss at 11 *citing* Zarum v. Brass Mills Materials

Corp., 334 Mass. 81, 85 (1956).  ZBR's position is highly disingenuous given its position in this

litigation – i.e., that it cannot be held liable for claims arising out of the parties' Agreement.

Tellingly, ZBR fails to articulate how the Agreement can provide the Plaintiffs with an adequate

remedy at law if, as ZBR contends, the Agreement does not permit the Plaintiffs' to recover any

damages from ZBR for its own breaches.  Instead, ZBR wants to avoid liability altogether by

asking the court to dismiss the Plaintiffs' contractual counts on the grounds that it cannot ever be

held liable under the contract, and to simultaneously dismiss their unjust enrichment claim on

precisely the opposite grounds – i.e., that there is a contract addressing and covering all of the

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hb043601

Plaintiffs' claims against ZBR.[1] Such a result would leave the Plaintiffs without an adequate

remedy – either in law or equity. This is precisely the type of situation in which alternative

pleading becomes appropriate and necessary. Federal Rule 8(e)(2) expressly contemplates and

sanctions alternative pleading, stating:

> A party may set forth two or more statements of a claim . . alternately or hypothetically,
> either in one count or defense or in separate counts or defenses. . . . A party may also
> state as many separate claims or defenses as the party has regardless of consistency and
> whether based on legal, equitable, or maritime grounds. . . .

FRCP 8(e)(2).

ZBR appears to seek dismissal of the Plaintiffs' Unjust Enrichment claim on the mistaken

belief that a Plaintiff cannot simultaneously allege both breach of contract and unjust enrichment.

It is done all the time, and in fact it would be unwise for the Plaintiffs in this case not to include

an unjust enrichment claim given ZBR's contention that it cannot be held liable under the

contract despite its receipt of the benefits stemming from that contract. FRCP 8(e)(2). See

Generally C. Wright and A. Miller, Federal Practice and Procedure: Civil 2d § 1283. Until

discovery is conducted on contract issues and issues relating to ZBR's enrichment from its

actions, the Plaintiffs' unjust enrichment claim is necessarily and appropriately a part of this

action. See, e.g., Western Mach. Co. v. Consolidated Uranium Mines, Inc., 247 F.2d 685 (10th

Cir. 1977) (finding error where court refused to allow plaintiff to proceed under both contractual

claim and quasi-contractual or unjust enrichment claim); AM Cosmetics Inc. v. Solomon, 67 F.

Supp. 2d 312 (D.C.N.Y. 1999) (plaintiff may simultaneously plead both unjust enrichment and

breach of express contract).

---

[1] Ironically, in his separate motion to dismiss, Defendant Bartlett contends that he was not a party
to the Agreement, and the Plaintiffs have no contractual remedy against him. See ZBR's Memorandum in
Support of Motion to Dismiss at 7.

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hb043601

ZBR's argument in support of its case for dismissal of the Plaintiffs' unjust enrichment claim appears to confuse the rule that a plaintiff cannot obtain double recovery on the ultimate judgment with the liberal rules governing alternative pleadings. See ZBR's Memorandum at 11 *citing* In re Lupron, 2003 U.S. Dist. Lexis at *75 – 76. The holding in Lupron stands only for the principal that a plaintiff cannot recover "cumulative or duplicative damages" under both legal and equitable claims. Id. It does not alter the well-established rule that, especially at the early stages of litigation, a party's pleading will not be treated as an admission precluding another, inconsistent, pleading. Rodriguez-Suris v. Montesinos, 123 F.3d 10 (1st Cir. 1997); Aetna Cas. Sur. Co. v. P&B Autobody, 43 F.3d 1546, 1555 (1st Cir. 1994) ("because procedural law allows alternative contentions, parties to a civil action involving such an array of factual and legal theories as this case presents may be allowed to defer choice at least until late stages of proceedings in the trial court"). The Plaintiffs in this case are simply reserving their right to seek an equitable remedy in the event they do not have an adequate remedy at law. FRCP 8(e)(2). Based on the allegations made in the Complaint and the competing arguments raised by the Defendants, dismissal of the Plaintiffs' unjust enrichment claims at this juncture would be premature and improper.

## V. CONCLUSION

The Plaintiffs' Complaint and the Agreement raise sufficient allegations to support potential claims for breach of contract, breach of warranty, and breach of the duty of good faith and fair dealing against Defendant ZBR. The allegations and the unambiguous language of the contract do not limit the Plaintiffs' potential recovery against ZBR. Due to the Plaintiffs' allegations of Bartlett's concealment of his breaches, these claims are not barred by any contractual limitation on the time for bringing claims. Mass. Gen. Laws 260 § 12. Likewise,

**18**

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hb043601

the Plaintiffs have alleged facts sufficient for a trier of fact to conclude that the Plaintiffs filed

suit well within three years of the accrual of their claims for negligent misrepresentation.  Lastly,

given clear allegations that ZBR was unjustly enriched by its actions, combined with the

uncertainty at this juncture that the Plaintiffs have a complete and adequate remedy at law, the

Plaintiffs' claim for unjust enrichment should not be dismissed.  FRCP 8(e)(2).  For the

foregoing reasons, the Plaintiffs respectfully request that the Court deny Bartlett's Motion to

Dismiss pursuant to FRCP 12(b)(6).

Dated this 6th day of February, 2004.

Respectfully submitted on behalf of the
Plaintiffs, EK Ventures I, LLC; David L.
Taylor; David L. Taylor and Virginia L.
Taylor as Trustees for the Taylor Family
Revocable Trust; and Flextronics
International Ltd.

Jerold T. Everard, WSBA # 17142
*Admitted Pro Hac Vice*
GROFF MURPHY TRACHTENBERG
& EVERARD
300 East Pine Street
Seattle, Washington  98122
Telephone:  (206) 628-9500
Facsimile: (206) 628-9506

19

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hb043601

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel for all parties via Federal Express on February 6, 2004.

Jerold T. Everard

**20**

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hb043601