UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| |
|---|
| EK VENTURES I, LLC, DAVID L. TAYLOR, DAVID L. TAYLOR and VIRGINIA L. TAYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST and FLEXTRONICS INTERNATIONAL LTD., |
| *Plaintiffs*, |
| v. |
| JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., |
| *Defendants*. |

Civil Action
No. 03CV12506WGY

## DEFENDANT JAMES R. BARTLETT'S
## ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

### INTRODUCTION

Pursuant to Fed. R. Civ. P. 8 defendant James R. Bartlett ("Bartlett") answer the plaintiffs Second Amended Complaint (the "Complaint") as follows:

### PARTIES

1.  Admitted.

2.  Admitted.

3.  Admitted.

4.  Admitted.

5.  Bartlett admits the allegations of the first and second sentences of paragraph 5 of the Complaint. Bartlett admits that he was the Chief Executive Officer of GlobalWare from

January 2000 until February 13, 2003 but denies the remaining allegations of the third sentence of paragraph 5 of the Complaint.

6. Bartlett admits that Z.B.R. Publications, Inc. is a corporation organized under the laws of the Commonwealth of Massachusetts. Its name was changed to Globalware Solutions Massachusetts, Inc. on or about July 31, 2000.

## JURISDICTION AND VENUE

7. Paragraph 7 of the Complaint states the basis for diversity jurisdiction and conclusions of law to which no response is required. To the extent that a response is required, Bartlett denies that the amount in controversy exceeds $75,000.

8. Paragraph 8 of the Complaint invokes the diversity jurisdiction of this court to which no response is required. To the extent that a response is required, Defendants respond to the allegations of paragraph 8, as follows:

   a. Admitted.

   b. Denied in that Bartlett is not a signatory to the Stock Purchase And Sale Agreement. Further answering the Stock Purchase And Sale Agreement (the "Agreement") is a written document that speaks for itself.

## FACTS RELATING TO THE STOCK PURCHASE AGREEMENT

9. Denied.

10. Admitted.

11. Admitted.

12. Admitted.

13. Denied. Further answering, the Agreement referred to in the Complaint is a written document that speaks for itself.

14. Denied. Further answering, the Agreement referred to in the Complaint is a written document that speaks for itself.

15. Bartlett is without sufficient knowledge and information to admit or deny the allegations of paragraph 15 of the Complaint, including sub-paragraphs (a) through (f), and therefore denies them.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

### FACTS RELATING TO BARTLETT'S ACTIONS AT GLOBALWARE

21. Bartlett denies that he became President of Globalware but admits the remaining allegations of paragraph 19 of the Complaint.

22. Denied.

23. Admitted.

24. Admitted.

25. Bartlett is without sufficient information to admit or deny the allegations of the first sentence of paragraph 25 of the Complaint and therefore denies them. Bartlett admits the allegations of the second sentence of paragraph 25 of the Complaint.

26. Denied.

27. Denied.

28. Denied.

29. Admitted.

30. Bartlett admits that on or about February 12, 2003, GlobalWare's board appointed Anthony Rudston as Chief Executive Officer, Gary Lortie as its interim Chief Financial Officer and Ian Cameron as its President. Bartlett denies the remaining allegations of paragraph 30 of the Complaint.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

39. Bartlett repeats and incorporates by reference as if fully set forth herein each response set forth above.

40. Denied.

41. Denied.

42. Denied.

### SECOND CAUSE OF ACTION
### BREACH OF WARRANTY

43. Bartlett repeats and incorporates by reference as if fully set forth herein each response set forth above.

44. Denied.

45. Denied.

46. Denied

### THIRD CAUSE OF ACTION
### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

47. Bartlett repeats and incorporates by reference as if fully set forth herein each response set forth above.

48. Denied.

49. Denied.

50. Denied.

### FOURTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

51. Bartlett repeats and incorporates by reference as if fully set forth herein each response set forth above.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

### FIFTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY

60. Bartlett repeats and incorporates by reference as if fully set forth herein each response set forth above.

61. Paragraph 61 of the Complaint states a conclusion of law to which no response is required.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

### SIXTH CAUSE OF ACTION
### UNJUST ENRICHMENT

68. Bartlett repeats and incorporates by reference as if fully set forth herein each response set forth above.

69. Denied.

70. Denied.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF CHAPTER 93A

71. Bartlett repeats and incorporates by reference as if fully set forth herein each response set forth above.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

6

## EIGHTH CAUSE OF ACTION
## FRAUD

78. Bartlett repeats and incorporates by reference as if fully set forth herein each response set forth above.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

## AFFIRMATIVE DEFENSES

*First,* Bartlett cannot be held individually liable on the plaintiffs' contract, warranty, implied covenant and of good faith and fair dealing M.G.L. c. 93A and fraud claims (Counts I, II, III, VII and VIII of the Complaint), as he is not a signatory to the Agreement.

*Second,* plaintiffs' contract, warranty, and implied covenant of good faith and fair dealing claims (Counts I, II and III of the Complaint) is barred by the specific limitations period set out in Section 6.01 of the Agreement.

*Third,* plaintiffs' tort claims are barred by applicable statute of limitations.

*Fourth,* plaintiffs' breach of fiduciary duty against Bartlett is a derivative claim and is barred by the plaintiffs' failure to comply with the requirements of Fed. R. Civ. P. 23.1.

*Fifth,* plaintiffs lack standing to assert claims on behalf of GlobalWare Solutions, Inc.

*Sixth,* plaintiffs' fraud claim (Count VIII) is barred by the plaintiffs' failure to allege fraud with particularity pursuant to Fed. R. Civ. P. 9(b).

*Seventh*, plaintiffs' claim for unjust enrichment (Count VI) will not lie because the parties' relationships are governed by the Agreement.

*Eighth*, plaintiffs' claim for breach of the implied covenant of good faith and fair dealing (Count III) is barred because plaintiffs do not alleged bad faith performance of an agreement.

*Ninth*, plaintiffs' claims are barred, in whole or in part, by the defense of laches.

*Tenth*, plaintiffs' claims are barred, in whole or in part, by the defense of release.

*Eleventh*, plaintiffs' claims are barred, in whole or in part, by the defense of estoppel.

*Twelfth*, plaintiffs' claims are barred, in whole or in part, by the defense of waiver.

*Thirteenth*, plaintiffs' claims are barred, in whole or in part, by the business judgment rule.

**WHEREFORE**, defendant Bartlett respectfully requests that this Court:

a. Enter judgment, and dismissal with prejudice, in favor of defendant Bartlett as to all causes of action in the Complaint;

b. Order that Plaintiff pay defendant Bartlett his reasonable attorneys fees and costs associated with the defense of this action; and

c. Order such other and further relief as this court deems proper.

## JURY TRIAL DEMAND

Defendant Bartlett demands a jury trial as to all issues and claims so triable.

        Defendant,

        **JAMES R. BARTLETT**

        By his attorneys,

        /Thomas S. Fitzpatrick/BBO #556453
        Siobhan M. Sweeney/BBO #562118
        DAVIS, MALM & D'AGOSTINE, P.C.
        One Boston Place, 37th Floor
        Boston, MA 02108
        (617) 367-2500

Dated: March 25, 2004

I HEREBY CERTIFY THAT A COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH PARTY BY MAIL/HAND ON 3-25-04

J:\FITZPATR\BARTLETT\USDC 03CV12506WGY\ans-to1st amend.complaint.doc