**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. ) | |
| TAYLOR; DAVID L. TAYLOR AND ) | |
| VIRGINIA L. TAYLOR as TRUSTEES ) | |
| FOR THE TAYLOR FAMILY ) | |
| REVOCABLE TRUST; and ) | |
| FLEXTRONICS INTERNATIONAL ) | |
| LTD., ) | No: 1:03-CV-12506-WGY |
|            Plaintiffs, ) | |
| ) | |
|     v. ) | |
| ) | |
| JAMES R. BARTLETT and Z.B.R. ) | |
| PUBLICATIONS, INC., ) | |
| ) | |
|          Defendants. ) | |

_____)

**Z.B.R. PUBLICATIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO SECOND AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 12, Defendant Z.B.R. Publications, Inc. ("ZBR"), for its

answer to the Second Amended Complaint of Plaintiffs EK Ventures I, LLC, David L. Taylor,

David L. Taylor and Virginia L. Taylor as Trustees for the Taylor Family Revocable Trust, and

Flextronics  International (collectively "Plaintiffs"), states as follows:

**PARTIES**

1.      ZBR is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of Paragraph 1 of the Complaint and therefore can neither admit

nor deny same.

2.      ZBR is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of Paragraph 2 of the Complaint and therefore can neither admit

nor deny same.

3.      ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3 of the Complaint and therefore can neither admit nor deny same.

4.      ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4 of the Complaint and therefore can neither admit nor deny same.

5.      ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 5 of the Complaint and therefore can neither admit nor deny same.

6.      Denied.  Further answering, ZBR states that Z.B.R. Publications, Inc. is now known as GlobalWare Solutions Massachusetts, Inc., a Massachusetts corporation and a wholly owned subsidiary of GlobalWare Solutions, Inc.

## JURISDICTION AND VENUE

7.      Paragraph 7 states a conclusion of law to which no responsive pleading is required.  To the extent that a response is required, ZBR denies the allegations contained in Paragraph 7.

8.      Paragraph 8 states a conclusion of law to which no responsive pleading is required.  To the extent that a response is required, ZBR denies the allegations contained in Paragraph 8.

a.      ZBR states that Z.B.R. Publications, Inc. is now known as GlobalWare Solutions Massachusetts, Inc., a Massachusetts corporation and a wholly owned subsidiary of GlobalWare Solutions, Inc., and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph

8(a).

b.      The allegations in Paragraph 8(b) refer to a document, which speaks for itself.  To the extent the allegations of Paragraph 8(b) mischaracterize that document, they are denied.

## FACTS RELATING TO THE STOCK PURCHASE AGREEMENT

9.      ZBR admits that it entered into a Stock Purchase Agreement with Bartlett, Bindco Corporation, GlobalWare Solutions, Inc., and the Selling Shareholders in Bindco.  ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 9 of the Complaint and therefore can neither admit nor deny same.

10.      Admitted.

11.      Admitted.

12.      Upon information and belief, admitted.

13.      The allegations in Paragraph 13 refer to a document, which speaks for itself.  To the extent the allegations of Paragraph 13 mischaracterize that document, they are denied.

14.      The allegations in Paragraph 14 refer to a document, which speaks for itself.  To the extent the allegations of Paragraph 14 mischaracterize that document, they are denied.

15.      To the extent Paragraph 15 states allegations against ZBR, those allegations are denied.  ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 15, and therefore can neither admit nor deny same.  Further answering, ZBR states that, to the extent false statements were made in the Agreement, they were made by others, not by ZBR.

16.     ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16, and therefore can neither admit nor deny same.

17.     To the extent Paragraph 17 states allegations against ZBR, those allegations are denied.  ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 17, and therefore can neither admit nor deny same.  Further answering, ZBR states that, to the extent false statements were made, they were made by others, not by ZBR.

18.     To the extent Paragraph 18 states allegations against ZBR, those allegations are denied.  ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 18, and therefore can neither admit nor deny same.  Further answering, ZBR states that, to the extent negligent misrepresentations were made, they were made by others, not by ZBR.

19.     To the extent Paragraph 19 states allegations against ZBR, those allegations are denied.  ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 19, and therefore can neither admit nor deny same.  Further answering, ZBR states that, to the extent Plaintiffs were damaged, they were damaged by others, not by ZBR.

20.     Denied.

**FACTS RELATING TO BARTLETT'S ACTIONS AT GLOBALWARE**

21.     Upon information and belief, admitted.

22.     Paragraph 22 requires no response because it makes no allegations as to ZBR.  To the extent Paragraph 22 requires a response, the allegations as to ZBR are denied.  Further answering, ZBR admits that Bartlett engaged in misconduct during his tenure at GlobalWare.

23.     Admitted.

24.     Admitted.

25.     Admitted.

26.     Paragraph 26 requires no response because it makes no allegations as to ZBR.  To the extent Paragraph 26 requires a response, ZBR states that GlobalWare Solutions, Inc. entered into a Transitional Employment Agreement with Bartlett, which speaks for itself.  ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 26, and therefore can neither admit nor deny same.

27.     Paragraph 27 requires no response because it makes no allegations as to ZBR.  To the extent Paragraph 27 requires a response, the allegations as to ZBR are denied.  ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 27, and therefore can neither admit nor deny same.

28.     Paragraph 28 requires no response because it makes no allegations as to ZBR. To the extent Paragraph 28 requires a response, the allegations as to ZBR are denied.  ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 28, and therefore can neither admit nor deny same.

29.     Admitted.

30.     Admitted.

31.     Paragraph 31 requires no response because it makes no allegations as to ZBR. To the extent Paragraph 31 requires a response, the allegations in Paragraph 31 are admitted.

32.     Paragraph 32 requires no response because it makes no allegations as to ZBR. To the extent Paragraph 32 requires a response,  ZBR admits that Bartlett engaged in misconduct during his tenure at GlobalWare, and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 32, and therefore can neither admit nor deny same.

33.     To the extent Paragraph 33 states allegations against ZBR, those allegations are denied.  ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 33, and therefore can neither admit nor deny same.  Further answering, ZBR states that, to the extent required disclosures were omitted, they were omitted by others, not by ZBR.

34.     To the extent Paragraph 34 states allegations against ZBR, those allegations are denied.  ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 34, and therefore can neither admit nor deny same.  Further answering, ZBR states that, to the extent financial statements were incomplete, false, and misleading, such conduct was caused by others, not by ZBR.

35.     Paragraph 35 requires no response because it makes no allegations as to ZBR.  To the extent a response is required, ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35, and therefore can neither admit nor deny same.

36.     Denied.  Further answering, ZBR states that Bartlett was removed as director.

37.     ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37, and therefore can neither admit nor deny same.

38.     ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38, and therefore can neither admit nor deny same.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

39.     ZBR restates and incorporates herein by reference its responses set forth in Paragraphs 1 through 38 above.

40.     Paragraph 40 states a conclusion of law to which no responsive pleading is required.  To the extent that a response is required, ZBR denies the allegations contained in Paragraph 40.

41.     To the extent Paragraph 41 states allegations against ZBR, those allegations are denied.  ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 41, and therefore can neither admit nor deny same.  Further answering, ZBR states that, to the extent misrepresentations were made, they were made by others, not by ZBR.

42.     To the extent Paragraph 42 states allegations against ZBR, those allegations are denied.  ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 42, and therefore can neither admit nor deny same.   Further answering, ZBR states that, to the extent a breach of contract occurred, it was caused by others, not by ZBR.  Further answering, ZBR states that, to the extent Plaintiffs were damaged, they were damaged by others, not by ZBR.

## SECOND CAUSE OF ACTION
## BREACH OF WARRANTY

43.    ZBR restates and incorporates herein by reference its responses set forth in Paragraphs 1 through 42 above.

44.    The allegations in Paragraph 44 refer to a document, which speaks for itself.  To the extent the allegations of Paragraph 44 mischaracterize that document, they are denied.

45.    To the extent Paragraph 45 states allegations against ZBR, those allegations are denied.  ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 45, and therefore can neither admit nor deny same.  Further answering, ZBR states that, to the extent warranties were breached, they were breached by others, not by ZBR.

46.    To the extent Paragraph 46 states allegations against ZBR, those allegations are denied.  ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 46, and therefore can neither admit nor deny same.  Further answering, ZBR states that, to the extent a breach of warranty occurred, it was caused by others, not ZBR.  Further answering, ZBR states that, to the extent Plaintiffs were damaged, they were damaged by others, not by ZBR.


## THIRD CAUSE OF ACTION
## BREACH OF COVENANT OF
## GOOD FAITH AND FAIR DEALING

47.    ZBR restates and incorporates herein by reference its responses set forth in Paragraphs 1 through 46 above.

48. Paragraph 48 states a conclusion of law to which no responsive pleading is required. To the extent that a response is required, ZBR denies the allegations contained in Paragraph 48.

49. Paragraph 49 states a conclusion of law to which no responsive pleading is required. To the extent that a response is required, ZBR denies the allegations contained in Paragraph 49.

50. Denied.

## FOURTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

51. ZBR restates and incorporates herein by reference its responses set forth in Paragraphs 1 through 50 above.

52. To the extent Paragraph 52 states allegations against ZBR, those allegations are denied. ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 52, and therefore can neither admit nor deny same. Further answering, ZBR states that, to the extent misrepresentations were made, they were made by others, not by ZBR.

53. To the extent Paragraph 53 states allegations against ZBR, those allegations are denied. ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 53, and therefore can neither admit nor deny same. Further answering, ZBR states that, to the extent misrepresentations were made, they were made by others, not by ZBR.

54. Paragraph 54 states a conclusion of law to which no responsive pleading is required. To the extent that a response is required, ZBR denies the allegations contained in Paragraph 54.

55.     To the extent Paragraph 55 states allegations against ZBR, those allegations are denied. ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 55, and therefore can neither admit nor deny same. Further answering, ZBR states that, to the extent misrepresentations were made, they were made by others, not by ZBR.

56.     The first clause of Paragraph 56, which reads "In justifiable reliance on Defendants' representations," states a conclusion of law to which no responsive pleading is required. To the extent a response is required, ZBR denies the allegations contained in the first clause of Paragraph 56. With respect to the remaining allegations in Paragraph 56, ZBR admits that Plaintiffs entered into the Agreement, and states that that document speaks for itself. To the extent the allegations of Paragraph 56 mischaracterize that document, they are denied.

57.     To the extent Paragraph 57 states allegations against ZBR, those allegations are denied. ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 57, and therefore can neither admit nor deny same. Further answering, ZBR states that, to the extent Plaintiffs were damaged, they were damaged by others, not by ZBR.

58.     To the extent Paragraph 58 states allegations against ZBR, those allegations are denied. ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 58, and therefore can neither admit nor deny same. Further answering, ZBR states that, to the extent misrepresentations were made, they were made by others, not by ZBR.

59.     To the extent Paragraph 59 states allegations against ZBR, those allegations are denied. ZBR is without knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations contained in Paragraph 59, and therefore can neither admit nor deny same.   Further answering, ZBR states that, to the extent misrepresentations were made, they were made by others, not by ZBR.  Further answering, ZBR states that to the extent Plaintiffs were damaged, such damage was caused by others, not ZBR.

**FIFTH CAUSE OF ACTION**
**BREACH OF FIDUCIARY DUTY**

60.     ZBR restates and incorporates herein by reference its responses set forth in paragraphs 1 through 59 above.

61.     Paragraph 61 requires no response because it makes no allegations as to ZBR.  To the extent a response is necessary, ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 61, and therefore can neither admit nor deny same.

62.     Paragraph 62 requires no response because it makes no allegations as to ZBR.  To the extent a response is necessary, ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 62, and therefore can neither admit nor deny same.

63.     Paragraph 63 requires no response because it makes no allegations as to ZBR.  To the extent a response is necessary, ZBR admits that Bartlett engaged in misconduct during his tenure at GlobalWare.  ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 63, and therefore can neither admit nor deny same.

64.     Paragraph 64 requires no response because it makes no allegations as to ZBR.  To the extent a response is necessary, ZBR admits that Bartlett engaged in misconduct during his tenure at GlobalWare.  ZBR is without knowledge or information sufficient to form a belief as to

the truth or falsity of the remaining allegations contained in Paragraph 64, and therefore can neither admit nor deny same.

66.     Paragraph 65 requires no response because it makes no allegations as to ZBR.  To the extent a response is necessary, ZBR admits that Bartlett engaged in misconduct during his tenure at GlobalWare.  ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 65, and therefore can neither admit nor deny same.

66.     Paragraph 66 requires no response because it makes no allegations as to ZBR.  To the extent a response is necessary, ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 66, and therefore can neither admit nor deny same.

67.     Paragraph 67 requires no response because it makes no allegations as to ZBR.  To the extent a response is necessary, ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 67, and therefore can neither admit nor deny same.

**SIXTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**

68.     ZBR restates and incorporates herein by reference its responses set forth in Paragraphs 1 through 67 above.

69.     Paragraph 69 states a conclusion of law to which no responsive pleading is required.  To the extent that a response is required, ZBR denies the allegations contained in Paragraph 69.

70.     Denied.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF CHAPTER 93A**

71.     ZBR restates and incorporates herein by reference its responses set forth in paragraphs 1 through 70 above.

72.     Paragraph 72 states a conclusion of law to which no responsive pleading is required.  To the extent that a response is required, ZBR denies the allegations contained in Paragraph 72.

73.     Paragraph 73 states a conclusion of law to which no responsive pleading is required.  To the extent that a response is required, ZBR denies the allegations contained in Paragraph 73.

74.     To the extent Paragraph 74 states allegations against ZBR, those allegations are denied.  Further answering, ZBR admits the allegations in Paragraph 74(a) that Bartlett was a party to the Agreement, which speaks for itself.  Further answering, ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 74, and therefore can neither admit nor deny same.   Further answering, ZBR states that, to the extent unfair or deceptive acts or practices were committed, they were committed by others, not by ZBR.

75.     Paragraph 75 states a conclusion of law to which no responsive pleading is required.  To the extent that a response is required, ZBR denies the allegations contained in Paragraph 75.

76.     Paragraph 76 states a conclusion of law to which no responsive pleading is required.  To the extent that a response is required, ZBR denies the allegations contained in Paragraph 76.

77.     To the extent Paragraph 77 states allegations against ZBR, those allegations are denied.  ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 77, and therefore can neither admit nor deny same.  Further answering, ZBR states that, to the extent unfair or deceptive practices were committed, they were committed by others, not by ZBR.  Further answering, ZBR states that to the extent Plaintiffs were damaged, such damage was caused by others, not ZBR.

**EIGHTH CAUSE OF ACTION**
**FRAUD**

78.     ZBR restates and incorporates herein by reference its responses set forth in Paragraphs 1 through 77 above.

79.     To the extent Paragraph 79 states allegations against ZBR, those allegations are denied.  ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 79, and therefore can neither admit nor deny same.  Further answering, ZBR states that, to the extent false and material misrepresentations were made, they were made by others, not by ZBR.

80.     To the extent Paragraph 80 states allegations against ZBR, those allegations are denied.  ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 80, and therefore can neither admit nor deny same.   Further answering, ZBR states that, to the extent false and material misrepresentations were made, they were made by others, not by ZBR.

81.     To the extent Paragraph 81 states allegations against ZBR, those allegations are denied.  ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 81, and therefore can neither admit

nor deny same. Further answering, ZBR states that, to the extent false and material misrepresentations were made, they were made by others, not by ZBR.

82.    To the extent Paragraph 82 states allegations against ZBR, those allegations are denied. ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 82, and therefore can neither admit nor deny same.

83.    ZBR admits Plaintiffs relinquished their shares of Bindco. The remaining allegations in Paragraph 83 states a conclusion of law to which no responsive pleading is required. To the extent that a response is required, ZBR denies the remaining allegations contained in Paragraph 83.

84.    To the extent Paragraph 84 states allegations against ZBR, those allegations are denied. ZBR is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 84, and therefore can neither admit nor deny same. Further answering, ZBR states that to the extent fraud was committed, it was committed by others, not by ZBR. Further answering, ZBR states that to the extent Plaintiffs were damaged, such damage was caused by others, not ZBR.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against ZBR upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by waiver.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their unclean hands, and/or failure to do equity.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages were not caused by ZBR, but by persons other than ZBR.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs fail to plead with the particularity required by law.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek reimbursement of their attorneys' fees, no such attorneys' fees are recoverable at common law, or under any applicable statute or contract between the parties.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to fulfill a condition precedent under the Agreement between the parties prior to filing suit.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert claims on behalf of GlobalWare Solutions, Inc.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for unjust enrichment is barred, because the parties' relationship is governed by contract.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is barred, because Plaintiffs do not allege bad faith in the performance of an agreement.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the contractual limitations period set forth in the Agreement among the parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of release.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because ZBR owes no contractual duty to Plaintiffs.

**WHEREFORE**, ZBR respectfully requests that this Court:

a)       Dismiss Plaintiffs' Second Amended Complaint;

b)       Award judgment in ZBR's favor on all counts against it;

c)       Award ZBR its costs and attorneys' fees; and

d)       Award ZBR such further relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

ZBR demands a jury trial as to all issues and claims so triable.

Z.B.R. PUBLICATIONS, INC.

By their attorneys,

/S/ David M. Ryan

_____
Melissa Bayer Tearney, BBO No. 558612
David Ryan, BBO No. 644037
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Dated: April 1, 2004                   (617) 345-1000


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all parties who have appeared by mail on April 1, 2004.

/S/ David M. Ryan

_____
David M. Ryan