UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC, DAVID L. TAYLOR AND DAVID L. TAYLOR AND VIRGINIA L. TAYLOR AS TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES R. BARTLETT AND Z.B.R. PUBLICATIONS, INC.<br><br>  Defendants<br><br>  *and*<br><br>JAMES R BARTLETT,<br><br>  Third Party Plaintiff<br><br>  v.<br><br>GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADLEY A. JAY,<br><br>  Third Party Defendants. | C. A. No. 03-CV-12506WGY |

**THIRD PARTY COMPLAINT AND JURY DEMAND**

1.   This is a third party complaint brought by James L. Bartlett ("Bartlett" or "plaintiff") for indemnification against GlobalWare Solutions, Inc., based on provisions of a certain employment agreement between GlobalWare Solutions, Inc. and Bartlett, and for contribution, based on the allegedly wrongful actions taken by GlobalWare Solutions, Inc.,

including its employees and agents, other than Bartlett, and its directors, Tony Rudston and Bradley A. Jay.

## PARTIES

2. Plaintiff James R. Bartlett ("Bartlett") is an individual residing at 672 Chestnut Street, Lynnfield, Essex County, Massachusetts.

3. Bartlett is a co-founder of GlobalWare Solutions, Inc.'s predecessor, ZBR Publications, Inc., a member of GlobalWare Solutions, Inc.'s board of directors and the Trustee of the James R. Bartlett Trust (the "Trust"), which is the holder of 6,189,686.5 shares of GlobalWare Solutions, Inc.'s common stock.

4. Defendant GlobalWare Solutions, Inc. ("GWS" or the "Company") is a Delaware corporation with a principal place of business at 200 Ward Hill Avenue, Haverhill, Massachusetts. GWS is a provider of global software contract manufacturing, content management, e-business services, and value chain management services for technology companies.

5. Defendant Anthony Rudston ("Rudston") is the Chief Executive Officer of GWS and was, at all relevant times, a director of GWS.

**6.** Defendant Bradley A. Jay ("Jay") was, at all relevant times, a director of GWS.

## FACTS

7. From March 31, 1992 until February 12, 2003, Bartlett served as Chief Executive Officer of GWS.

8. On February 12, 2003, Tony Rudston became the Chief Executive Officer of GWS.

9.  On February 11, 2003, the Board of Directors of GWS consisted of Bartlett, Maria C. Muise ("Muise"), Barbara Malinsky ("Malinsky"), Scott Bernstein ("Bernstein"), Rudston, Jay and David L. Taylor ("Taylor").

10. On February 11, 2003, the Board of Directors of GWS executed a Unanimous Written Consent (the "Board Resolution"), which was signed by each of the directors, including Rudston, Jay and Taylor. A true copy of the Board Resolution is attached hereto as Exhibit A.

11. The Board Resolution relates to the investment by Mezzanine Management, Limited ("Mezzanine") of approximately $3 million in GWS and was expressly conditioned upon Mezzanine entering into a complete, final, and mutual release of all claims with Bartlett, Muise, Malinsky and Bernstein. Board Resolution ¶ 4.

12. On February 12, 2003, Bartlett and Mezzanine executed a Release of Claims Agreement as required by the Board Resolution.

13. The Board Resolution further provides for the execution of a Transitional Employment Agreement by Bartlett and GWS and directed and authorized Rudston to execute the Transitional Employment Agreement on GWS' behalf.

14. Rudston subsequently executed the Employment Agreement, as required by the Board Resolution.

15. Pursuant to the Board Resolution, Rudston's execution is conclusive evidence of the due authorization and approval of the Board of Directors.

### The "Transitional Employment Agreement."

16. On or about February 12, 2003, GWS and Bartlett entered into the Transitional Employment Agreement, under which GWS agreed to provide certain benefits to Bartlett in exchange for his agreement to provide certain transitional services to GWS until June 30, 2003.

A true and accurate copy of the Transitional Employment Agreement is attached hereto as Exhibit B.

17. Among other requirements, Section 1 of the Employment Agreement expressly requires GWS to "defend at its expense, any claims brought against Bartlett by reason of his service as an officer and/or director of the Company, including but not limited to any claims brought by shareholders or creditors of the Company…." Employment Agreement, Section 1.

18. Between April 3, 2003 and April 23, 2003, Erickson Shirley, a minority shareholder of GWS and former member of its Board of Directors, stated intentions of commencing a lawsuit against Bartlett arising from Bartlett's service as an Officer and Director of GWS.

19. On April 24, 2003, Bartlett's attorney, Thomas Fitzpatrick, sent a letter to Tony Rudston, Chief Executive Officer of GWS, requesting that GWS "defend at its expense" any claims brought by Shirley and requesting that Rudston discuss with him the selection of counsel to represent Bartlett. A copy of the April 24, 2003 letter from Attorney Fitzpatrick to Rudston is attached hereto as Exhibit C. Attached to this letter were e-mails from Shirley to Bartlett setting forth allegations against Bartlett as well as Shirley's intention to "proceed against all parties involved in [certain] wrongful acts."

20. On May 15, 2003, Attorney Fitzpatrick met with Attorney Melissa Bayer Tearney, counsel for GWS, and discussed his April 24, 2003 letter to Rudston and his telephone conversations with Shirley and Jerry Everard, Esq., counsel for Shirley. Attorney Fitzpatrick had already faxed on May 6, 2003 to Attorney Tearney a copy of his April 24, 2003 letter to Rudston with the attached e-mails. Attorney Tearney advised Attorney Fitzpatrick in their May 15th

meeting that GWS would not participate in the selection of counsel to represent Bartlett with respect to Shirley's claims.

21. On May 21, 2003, Attorney Fitzpatrick sent a letter to Attorney Tearney stating that Attorney Everard had told him that Shirley had authorized Attorney Everard to proceed with litigation against Bartlett arising from Bartlett's service as an officer and director of GWS. In the letter, Attorney Fitzpatrick again reminded GWS of its obligations under the Employment Agreement to "defend at its expense, any claims brought against Bartlett by reason of his service as an officer and/or director of the Company, including but not limited to any claims brought by shareholders or creditors of the Company…. ." Attorney Fitzpatrick further stated that because Attorney Tearney had advised him that GWS would not participate in the selection of counsel to represent Bartlett, Attorney Fitzpatrick would undertake to represent Bartlett in the Shirley matter and forward his bills to GWS for payment. A copy of the May 21, 2003 letter from Attorney Fitzpatrick to Attorney Tearney is attached hereto as Exhibit D.

22. On May 22, 2003, Attorney Fitzpatrick sent a letter to Attorney Everard concerning Shirley's threat to commence litigation against Bartlett arising from Bartlett's services as an officer and director of GWS and attaching the e-mails sent by Shirley to Bartlett which set forth allegations against Bartlett. A copy of the May 22, 2003 letter from Attorney Fitzpatrick to Attorney Everard is attached hereto as Exhibit E.

23. On May 23, 2003, Attorney Tearney sent a letter to Attorney Fitzpatrick stating that Bartlett's request for indemnification was premature and that, at that time, GWS would not agree to indemnify Bartlett. A copy of the May 23, 2003 letter from Attorney Tearney to Attorney Fitzpatrick is attached hereto as Exhibit F.

24. On June 3, 2003, Attorney Fitzpatrick sent a cover letter and bill to Attorney Tearney seeking payment from GWS of Bartlett's legal expenses in connection with the Shirley matter pursuant to Section 1 of the Employment Agreement. A copy of the June 3, 2003 letter and bill are attached hereto as Exhibit G.

25. On June 10, 2003, Attorney Tearney sent a letter to Attorney Fitzpatrick stating that Bartlett's request for indemnification was "premature" and that GWS would consider Bartlett's request for indemnification when the time was appropriate. A copy of the June 10, 2003 letter from Attorney Tearney to Attorney Fitzpatrick is attached hereto as Exhibit H.

26. On December 11, 2003, Attorney Everard filed a lawsuit on behalf of E.K. Ventures I, LLC, David L. Taylor, and David L. Taylor and Virginia L. Taylor as Trustees for the Taylor Family Revocable Trust, against Bartlett in the United States District Court for the District of Massachusetts (the "Lawsuit"), including claims allegedly arising from Bartlett's service as an officer and director of GWS.

27. On December 15, 2003 and January 5, 2004, Attorney Fitzpatrick again wrote to GWS' counsel, Attorney Tearney, to inquire about the appointment of counsel for Bartlett in relation to the lawsuit. Tearney has not responded.

28. On January 8, 2004, Attorney Evarard amended the Lawsuit to include an additional named plaintiff, Flextronics International, Ltd.

29. As of the filing of this document, GWS has breached the Employment Agreement by, among other things, failing and refusing to defend or indemnify Bartlett from the claims made by EK Ventures I, LLC, David L. Taylor, David L. Taylor and Virginia L. Taylor as Trustees for the Taylor Family Revocable Trust, and Flextronics International, Ltd. (the "Plaintiffs").

30. Since December 11, 2003, Plaintiffs have filed two amended complaints in their Lawsuit.

### The Lawsuit Alleges False Representations, Which Were Made By GWS Employees and Agents, Other Than Bartlett

31. The Lawsuit alleges that false representations were made by Bartlett and Z.B.R. Publications, Inc. ("ZBR"), a wholly owned subsidiary of GWS, to the Plaintiffs in order to induce them to sell their shares of Bindco Corporation to GWS, including, without limitation, that:

    a. false representations were made in ZBR's financial statements;

    b. false statements were made that ZBR's financial statements were prepared in accordance with generally accepted accounting principals consistently applied;

    c. false statements were made that the ZBR's Financial Statements fairly presented in all material respects the financial position of ZBR; and

    d. false statements about ZBR's contracts and liabilities.

32. The false statements and representations upon which Plaintiffs base their claims were made, if at all, either in whole or in part by employees and/or agents of GWS, other than Bartlett, including GWS' in-house and outside accountants and financial advisors.

33. Bartlett denies that he made the false statements and representations alleged by the Plaintiffs.

34. In the event that Plaintiffs should receive any judgment against the third party plaintiff, Bartlett, for damages for their alleged injuries, then Bartlett shall be entitled to judgment against the third party defendant, GWS, for contribution toward all damages, attorneys fees, and costs awarded to Plaintiffs.

**The Lawsuit Alleges A Failure To Disclose Bartlett's
Release and Employment Agreement**

35.     The Lawsuit alleges that Bartlett failed to disclose the existence of any release of claims between himself and Mezzanine to GWS and its shareholders.

36.     In fact, the releases received by Bartlett from Mezzanine and GWS in the Release of Claims Agreement and Employment Agreement, respectively, were required by the Board Resolution and approved by each of the directors, including Rudston, Jay and Taylor.

37.     In the event that Plaintiffs should receive any judgment against the third party plaintiff, Bartlett, for damages for their alleged injuries, then Bartlett shall be entitled to judgment against the third party defendants, Rudston and Jay, for contribution toward all damages, attorneys fees, and costs awarded to Plaintiffs.

**COUNT I
(Breach Of Contract of Indemnification - Against GWS)**

38.     Bartlett hereby repeats and realleges the allegations contained in paragraphs 1 through 37 hereof.

39.     GWS has materially breached Section 1 of the Employment Agreement by refusing to defend or indemnify Bartlett from claims arising from Bartlett's services as an officer and director of GWS and by refusing to provide counsel to Bartlett in relation to all such claims.

40.     Bartlett has suffered damages from GWS's breaches of Section 1 of the Employment Agreement, including, but not limited to money damages and the payment of attorney's fees and costs in defense of the Lawsuit, which damages were proximately caused by GWS's breaches of the Agreement.

## COUNT II
### (28 U.S.C. § 2201, Declaratory Judgment Against GWS)

41. Bartlett restates and realleges herein the allegations of paragraphs 1 through 40 of this third party complaint.

42. An actual controversy exists between Bartlett and GWS relating the terms of the Transitional Employment Agreement.

43. Bartlett demands that this Court declare the rights and liabilities of the third party plaintiff Bartlett and the third party defendant GWS under the Transitional Employment Agreement, Exhibit B, and order third party defendant GWS to provide Bartlett with a defense in this action.

## COUNT III
### (For Contribution—Against GWS)

44. Bartlett hereby repeats and realleges the allegations contained in paragraphs 1 through 43 hereof.

45. The false statements and representations upon which Plaintiffs base their claims were made, if at all, either in whole or in part by employees and/or agents of GWS, other than Bartlett, including GWS' in-house and outside accountants and financial advisors.

46. Bartlett denies that he made the false statements and representations alleged by the Plaintiffs.

47. In the event that Bartlett is liable to Plaintiffs, then GWS, including its employees and agents, is also liable as a joint tortfeasor in relation to the claims made by Plaintiffs against Bartlett.

48. In the event that Plaintiffs should receive any judgment against the third party plaintiff, Bartlett, for damages for their alleged injuries, then Bartlett shall be entitled to

judgment against the third party defendant, GWS, for contribution toward all damages, attorneys fees, and costs awarded to Plaintiffs.

## COUNT IV
### (For Contribution—Against Rudston and Jay)

49. Bartlett hereby repeats and realleges the allegations contained in paragraphs 1 through 48 hereof.

50. The releases alleged by Plaintiffs to be wrongful, which are contained in the Release of Claims Agreement and Employment Agreement, were unanimously authorized and directed by the Board Resolution.

51. The Board Resolution was approved by Rudston and Jay.

52. In the event that Bartlett is liable to Plaintiff, then Rudston and Jay are also liable as joint tortfeasors.

53. In the event that Plaintiffs should receive any judgment against Bartlett, then Bartlett shall be entitled to judgment against third party defendants, Rudston and Jay, for contribution toward all damages, attorneys fees, and costs awarded to Plaintiffs.

## PRAYERS FOR RELIEF

**WHEREFORE**, Bartlett respectfully prays for the following relief:

1. Judgment against GWS on Count I of the Third Party Complaint and an award of money damages for all sums that may be adjudged against defendant/third party plaintiff Bartlett in favor of plaintiffs, E.K. Ventures I, David L. Taylor, David L. Taylor and Virginia L. Taylor as Trustees for the Taylor Family Revocable Trust, and Flextronics International, Ltd., together with interest and costs;

2. Judgment against GWS on Count II of the Third Party Complaint and:

  a. an award of money damages for all sums that may be adjudged against defendant/third party plaintiff Bartlett in favor of E.K. Ventures I, David L. Taylor, David L. Taylor and Virginia L. Taylor as Trustees for the Taylor Family Revocable Trust, and Flextronics International, Ltd., together with interest and costs;

  b. an award of money damages for all costs, expenses and attorneys fees incurred by defendant/third party plaintiff Bartlett in defense of the Lawsuit, together with interest thereon; and

  c. a declaration that defendant/third party plaintiff Bartlett is entitled to indemnification from GWS in accordance with the Board Resolution and the Transitional Employment Agreement.

3. Judgment against GWS on Count III of the Third Party Complaint for contribution toward any award of money damages adjudged against defendant/third party plaintiff Bartlett in favor of plaintiffs, E.K. Ventures I, David L. Taylor, David L. Taylor and Virginia L. Taylor as Trustees for the Taylor Family Revocable Trust, and Flextronics International, Ltd., together with interest and costs;

4. Judgment against Rudston and Jay on Count IV of the Third Party Complaint for contribution toward any award of money damages adjudged against defendant/third party plaintiff Bartlett in favor of plaintiffs, E.K. Ventures I, David L. Taylor, David L. Taylor and Virginia L. Taylor as Trustees for the Taylor Family Revocable Trust, and Flextronics International, Ltd., together with interest and costs;

5. An award of attorneys' fees, expenses and costs incurred in this action against the third party defendants, GWS, Rudston and Jay; and

6. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Bartlett demands trial by jury on all issues and claims so triable.

>Plaintiff,
>
>**JAMES R. BARTLETT**
>
>By his attorneys,
>
>___/s/  Siobhan M. Sweeney_____
>Thomas S. Fitzpatrick/BBO #556453
>Siobhan M. Sweeney/BBO #562118
>Davis, Malm & D'Agostine, P.C.
>One Boston Place, 37th Floor
>Boston, MA 02108
>617) 367-2500

Dated:  April 7, 2004