

# DAVIS MALM & D'AGOSTINE P.C.
ATTORNEYS AT LAW

Thomas S. Fitzpatrick

May 21, 2003

Melissa Bayer Tearney, Esq.
Nixon Peabody LLP
101 Federal Street
Boston, MA 02110

Re:   James R. Bartlett/GlobalWare Solutions, Inc.

Dear Melissa:

On April 24, 2003, I wrote to Tony Rudston, CEO of GlobalWare Solutions, Inc. (the "Company"), concerning Erickson Shirley and his stated intentions of commencing a lawsuit against James R. Bartlett. On May 6, 2003, I faxed you a copy of my April 24, 2003 letter to Mr. Rudston. As you know, Mr. Shirley has threatened the "initiation of a legal action" against Mr. Bartlett. It is clear from Mr. Shirley's e-mails that his claim, or claims, arise from Mr. Bartlett's service as an officer and director of the Company.

On April 29, 2003, Mr. Shirley called me and repeatedly asserted that he and David Taylor are actively preparing to file a lawsuit against Mr. Bartlett. Indeed, he went on at some length asserting his intentions and his resolve to bring this lawsuit. He advised me that the attorney who would be representing him in this litigation is Jerry Everard, Esq. of the Seattle law firm of Groff, Murphy, Trachtenberg & Everard, PLLC. On May 1, 2003, I contacted Mr. Everard, and he informed me that he had been authorized by Mr. Shirley to proceed with litigation against Mr. Bartlett. He also confirmed that the claims that would be asserted would arise from Mr. Bartlett's service as an officer and director of the Company. He assured me that Mr. Shirley was quite serious about the litigation and that he, Mr. Everard, was actively working on the matter.

Pursuant to Section 1 of the Company's Transitional Employment Agreement with Mr. Bartlett dated February 12, 2003, the Company agreed to "defend at its expense, any claims brought against Bartlett by reason of his service as an officer and/or director of the Company, including but not limited to any claims brought by shareholders or creditors of the Company...." Plainly, Mr. Shirley's claim, or claims, comes within the scope of the Company's contractual obligation to provide Mr. Bartlett with a defense, at its expense.

*direct* 617-589-3865 *direct fax* 617-305-3165
*email* tfitzpatrick@davismalm.com

ONE BOSTON PLACE ♦ BOSTON ♦ MA ♦ 02108
617·367·2500  ♦  *fax*  617·523·6215
w w w . d a v i s m a l m . c o m

Melissa Bayer Tearney, Esq.
May 21, 2003
Page 2

# Davis Malm & D'Agostine P.C.

Accordingly, in my letter to Mr. Rudston of April 24, 2003, I asked him to "call me at [his] ... earliest convenience to discuss the selection of counsel to represent Mr. Bartlett with respect to this threatened litigation." I also requested that Mr. Rudston send me a copy of the Company's current directors' and officers' liability insurance policy. Neither Mr. Rudston nor any other representative of the Company ever responded to my letter.

When I met with you and your colleagues at your offices on May 15, 2003, I raised this matter and my letter to Mr. Rudston of April 24, 2003. I also shared with you the substance of my telephone conversations with Messrs. Shirley and Everard. You advised me that the Company would not participate in the selection of counsel to represent Mr. Bartlett with respect to Mr. Shirley's claim. Accordingly, I will undertake to represent Mr. Bartlett in the matter and will forward my bills to the Company (in care of you) for payment.

Very truly yours,

Thomas S. Fitzpatrick

TSF:dac

cc: James R. Bartlett
    Christopher E. Manno, Esq.
    Siri Boreske, Esq.