UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC, DAVID L. TAYLOR AND DAVID L. TAYLOR AND VIRGINIA L. TAYLOR AS TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>JAMES R. BARTLETT AND Z.B.R. PUBLICATIONS, INC.<br><br>Defendants<br><br>*and*<br><br>JAMES R BARTLETT,<br><br>Third Party Plaintiff<br><br>v.<br><br>GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADLEY A. JAY,<br><br>Third Party Defendants. | C. A. No. 03-CV-12506WGY |

**COUNTERCLAIM AND JURY DEMAND**

1.  This is a counterclaim brought by James R. Bartlett ("Bartlett" or "Plaintiff in Counterclaim") for contribution against David L. Taylor ("Taylor" or "Defendant in Counterclaim"), based on his approval, as a director of GlobalWare Solutions, Inc. ("GWS"), of allegedly wrongful actions.

## PARTIES

2.   Plaintiff in Counterclaim, James R. Bartlett ("Bartlett"), is an individual residing at 672 Chestnut Street, Lynnfield, Essex County, Massachusetts. Bartlett is a co-founder of GWS' predecessor, ZBR Publications, Inc., a member of GWS' board of directors and the Trustee of the James R. Bartlett Trust (the "Trust"), which is the holder of 6,189,686.5 shares of GWS' common stock.

3.   Defendant in Counterclaim, David L. Taylor, is an individual resident of California and was, at all relevant times, a director of GWS.

## FACTS

4.   From March 31, 1992 until February 12, 2003, Bartlett served as Chief Executive Officer of GWS.

5.   On February 11, 2003, the Board of Directors of GWS consisted of Bartlett, Maria C. Muise ("Muise"), Barbara Malinsky ("Malinsky"), Scott Bernstein ("Bernstein"), Anthony Rudston ("Rudston"), Bradley A. Jay ("Jay") and Taylor.

6.   On February 11, 2003, the Board of Directors of GWS executed a Unanimous Written Consent (the "Board Resolution"), which was signed by each of the directors, including Taylor.  A true copy of the Board Resolution is attached hereto as Exhibit A.

7.    The Board Resolution relates to the investment by Mezzanine Management, Limited ("Mezzanine") of approximately $3 million in GWS and was expressly conditioned upon Mezzanine entering into a complete, final, and mutual release of all claims with Bartlett, Muise, Malinsky and Bernstein. Board Resolution ¶ 4.

8.   On February 12, 2003, Bartlett and Mezzanine executed a Release of Claims Agreement as required by the Board Resolution.

2

9. The Board Resolution further provides for the execution of a Transitional Employment Agreement by Bartlett and GWS and directed and authorized Rudston, GWS' Chief Executive Officer as of February 12, 2003, to execute the Transitional Employment Agreement on GWS' behalf.

10. Rudston subsequently executed the Transitional Employment Agreement, as required by the Board Resolution that was approved by Taylor.

11. Pursuant to the Board Resolution, Rudston's execution is conclusive evidence of the due authorization and approval of the Board of Directors, including Taylor.

12. On December 11, 2003, E.K. Ventures I, LLC, David L. Taylor, and David L. Taylor and Virginia L. Taylor as Trustees for the Taylor Family Revocable Trust (collectively "Plaintiffs") filed a lawsuit against Bartlett in the United States District Court for the District of Massachusetts (the "Lawsuit"), including claims allegedly arising from the Board Resolution, the Release of Claims Agreement and the Transitional Employment Agreement.

13. On January 8, 2003, Plaintiffs amended the Lawsuit to include an additional named plaintiff, Flextronics International, Ltd. (hereafter included in the term "Plaintiffs").

### The Lawsuit Alleges A Failure To Disclose Bartlett's Release and Employment Agreement

14. The Lawsuit alleges that Bartlett failed to disclose the existence of any release of claims between himself and Mezzanine to GWS and its shareholders.

15. In fact, the releases received by Bartlett from Mezzanine and GWS in the Release of Claims Agreement and Transitional Employment Agreement, respectively, were required by the Board Resolution and approved by each of the directors, including Taylor.

16. In the event that Plaintiffs should receive any judgment against the third party plaintiff, Bartlett, for damages for their alleged injuries, then Bartlett shall be entitled to

3

judgment against the Defendant in Counterclaim, Taylor, for contribution toward all damages, attorneys fees, and costs awarded to Plaintiffs.

## COUNT I
### (For Contribution—Against Taylor)

17. Bartlett hereby repeats and realleges the allegations contained in paragraphs 1 through 16 hereof.

18. The releases alleged by Plaintiffs to be wrongful, which are contained in the Release of Claims Agreement and Transitional Employment Agreement, were unanimously authorized and directed by the Board Resolution.

19. Taylor approved the Board Resolution.

20. In the event that Bartlett is liable to Plaintiffs on any of their claims, then Taylor is also liable as a joint tortfeasor.

21. In the event that Plaintiffs receive any judgment against Bartlett, then Bartlett shall be entitled to judgment against Defendant in Counterclaim, Taylor, for contribution toward all damages, attorneys' fees, and costs awarded to Plaintiffs.

## PRAYERS FOR RELIEF

**WHEREFORE**, Bartlett respectfully prays for the following relief:

1. Judgment against Taylor on Count I of the Counterclaim and Jury Demand for contribution toward any award of money damages adjudged against Defendant/Plaintiff in Counterclaim Bartlett in favor of plaintiffs, E.K. Ventures I, David L. Taylor, David L. Taylor and Virginia L. Taylor as Trustees for the Taylor Family Revocable Trust, and/or Flextronics International, Ltd., together with interest and costs;

2. An award of attorneys' fees, expenses and costs incurred in this action against the Defendant in Counterclaim Taylor; and

3. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Bartlett demands trial by jury on all issues and claims so triable.

> Plaintiff,
>
> **JAMES R. BARTLETT**
>
> By his attorneys,
>
> ___/s/  Siobhan M. Sweeney_____
> Thomas S. Fitzpatrick/BBO #556453
> Siobhan M. Sweeney/BBO #562118
> Davis, Malm & D'Agostine, P.C.
> One Boston Place, 37th Floor
> Boston, MA 02108
> 617) 367-2500

Dated:  April 14, 2004