# GLOBALWARE SOLUTIONS, INC.

<u>UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS</u>

February 11, 2003

We, the undersigned, being all the directors of GLOBALWARE SOLUTIONS, INC. (the "Corporation"), a corporation organized and existing under the laws of the State of Delaware, do hereby consent, pursuant to Section 141(f) of the Delaware General Corporation Law, to the adoption of the following resolutions by the directors of this Corporation and that such action be taken without a meeting pursuant to said Section 141(f):

<u>Transaction Summary</u>

NOW, THEREFORE, BE IT RESOLVED, that the Corporation shall issue to Mezzanine Management, Limited and certain of its affiliates (collectively, "Mezzanine"), in exchange for Mezzanine's deposit guaranty of $3 million (less the aggregate par value of the shares to issued) of the Corporation's debt to Wells Fargo Bank ("WFB"), that number of the Corporation's common shares which will equal 55% of the outstanding capital stock on a fully-diluted basis (the "Investment"); and be it

FURTHER, RESOLVED, that the Investment is contingent upon Mezzanine's agreement to transfer $3 million in cash to the Corporation in exchange for being released by WFB from the corresponding guaranty, upon receipt of a corresponding amount from Mezzanine's investors; and be it

FURTHER, RESOLVED, that the Corporation hereby acknowledges Mezzanine's recent $600,000 cash collateral overdraft deposit with WFB as a debt of the Corporation; and be it

FURTHER, RESOLVED, that $400,000 of the Investment be used to relieve James Bartlett ("Bartlett") of his cash collateral deposit with WFB in respect of the recent overdraft agreement between the Corporation and WFB; and be it

FURTHER, RESOLVED, that each other stockholder of the Corporation immediately prior to the Investment shall have the right to maintain its fully-diluted equity percentage after the Investment by participating in every subsequent equity investment by Mezzanine, on the same terms as Mezzanine; and be it

FURTHER, RESOLVED, that the Investment shall be subject to the following additional conditions precedent:

1. Each of Bartlett, Marie Muise ("Muise"), Scott Bernstein ("Bernstein") and Barbara Malinsky ("Malinsky") shall resign from all their employee, officer and Director positions with the Corporation such resignations to be effective immediately except for Bartlett, whose resignation as a non-

1166230.1

executive employee charged with assisting in the transition of the Corporation at his current salary shall be effective June 30, 2003, and except for Malinsky, who will not be resigning her employee position.

2.  Each of Muise and Bernstein shall contribute to the Corporation for cancellation all of their shares of capital stock in the Corporation, including any options to acquire any such shares, other than their currently outstanding shares of Series C Preferred Stock and warrants to purchase Common Stock, which they will sell to Mezzanine for the original issuance price together with Bartlett, who will also sell his Series C shares to Mezzanine on the same terms.

3.  The Corporation Board of Directors will be reconstituted to consist of five members, three of whom shall be selected by Mezzanine, one by the ZBR Stockholders acting as a group (for so long as they continues to own at least 10% of the Corporation's outstanding shares), and one by the former Bindco Stockholders acting as a group (for so long as they continue to own, in the aggregate, at least 10% of the Corporation's outstanding shares). The former Bindco Stockholders as a group shall be entitled to observation rights at Board meetings so long as they own, in the aggregate, at least 5% of the Corporation's outstanding shares.

4.  Each of the Corporation and Mezzanine, on the one hand, will enter into a complete, final and mutual release of all claims with each of Muise, Bernstein and Malinsky, on the other, whether in the latters' capacity as officers, Directors or otherwise. Each release shall exclude the rights of indemnification to which each of Muise, Bernstein and Malinsky is entitled under law and/or the Certificate of Incorporation and Bylaws of the Corporation, which rights shall remain in effect. Mezzanine will enter into a complete, final and mutual release of all claims with Bartlett, which release shall be limited, with respect to any claims against Bartlett for the receipt, since the effective date of the acquisition of Bindco Corporation by the Corporation or its predecessor, by Bartlett or his family members or friends, of any economic benefits that would not have been authorized under the terms of Bartlett's employment Agreement with the Corporation dated October 22, 2002 (but excluding any payments under the Corporation lease for the Haverhill facility in effect prior to the 2002 sale-leaseback transaction), to an aggregate total of $1 million.

5.  The Corporation will hire the following individuals to serve in the respective positions indicated on the terms determined by the newly-constituted Board of Directors described above: Tony Rudston, CEO; Ian Cameron, Acting President; and Gary Lortie, Acting CFO.

6.  The Corporation will use commercially reasonable efforts to have Bartlett released from his personal guaranties of the Corporation's obligations to the extent incurred in the ordinary course of business, and will indemnify Bartlett against any obligations, expenses and liabilities, including attorney's fees, he may incur as the result of such guaranties.

7.  Bartlett, Muise and Bernstein shall be refunded the $900,000 security deposit they posted for the Corporation's lease of its Haverhill facility pursuant to the terms of the related security deposit release agreement or, if sooner, upon a sale of control, or substantially all the assets, of the Corporation after the Investment.

8.  The Corporation shall enter into a consulting agreement with Muise to provide transition services for a period of five months after the Investment at $10,000 per month.

9.  Mezzanine shall waive its right to any anti-dilution adjustment to its Series B Preferred Shares resulting from the Investment.

1166230.1

FURTHER, RESOLVED, that the actions by the Corporation described in the foregoing conditions precedent be, and they are hereby, ratified and approved, subject to the satisfaction by the other parties of the actions required of them in such conditions; and be it

**Amendment and Restatement of Certificate of Incorporation**

FURTHER, RESOLVED, that the Board of Directors deems it advisable and in the best interests of the Corporation and its stockholders that the Second Amended and Restated Certificate of Incorporation of the Corporation be amended and restated, as set forth in the form of Third Amended and Restated Certificate of Incorporation attached hereto as Exhibit A (the "Restated Certificate"), to, among other things, increase the authorized number of shares of the common stock, $0.01 par value per share, of the Corporation (the "Common Stock") from 25,000,000 to 50,000,000; and that said Restated Certificate, together with such changes as the President of the Corporation shall determine, in his sole discretion, to be necessary, appropriate or desirable, be and hereby is approved and adopted; and be it

FURTHER, RESOLVED, that the President of the Corporation be and hereby is authorized and directed to submit the Restated Certificate to the stockholders of the Corporation for their approval in accordance with the provisions of the Corporation's Second Amended and Restated Certificate of Incorporation and the General Corporation Law of the State of Delaware; and that the Board of Directors recommends to the stockholders of the Corporation that the Restated Certificate be approved; and be it

FURTHER, RESOLVED, that, upon approval of the Restated Certificate by the stockholders of the Corporation, the President be and hereby is authorized, empowered and directed, acting in the name and on behalf of the Corporation, to execute and file, or cause to be filed, the Restated Certificate with the Secretary of State of the State of Delaware, and to pay the requisite filing fee therefor; and be it

FURTHER, RESOLVED, that, notwithstanding the foregoing resolutions or the authorization and approval of the Restated Certificate by the stockholders of the Corporation, the Board of Directors may, at any time prior to the effectiveness of the Restated Certificate with the Secretary of State of the State of Delaware, abandon the proposed Restated Certificate without further action by the stockholders; and be it

**Issuance of Common Stock**

FURTHER, RESOLVED, that the Corporation be and hereby is authorized to enter into, and perform its obligations under, a Securities Purchase Agreement (the "Purchase Agreement") with Mezzanine Management Limited ("Mezzanine"), such Purchase Agreement to be substantially on the terms and in the form attached hereto as Exhibit B, with such changes as the President shall determine, in his sole discretion, to be necessary, appropriate or desirable; that the President of the Corporation be and hereby is authorized, empowered and directed, in the name and on behalf of the Corporation, to execute and deliver the Purchase Agreement and to take such other actions in connection therewith as he shall determine, in his sole discretion, to be necessary, appropriate or desirable; and that the execution and delivery of the Purchase Agreement and the taking of such other actions by the President shall be conclusive evidence of his determination and approval and of the due authorization and approval of the Board of Directors; and be it

1166230.1

FURTHER, RESOLVED, that, pursuant to the Purchase Agreement, the Corporation be and hereby is authorized to offer, sell and issue up to an aggregate of up to 17,739,090 shares (the "Shares") of Common Stock to Mezzanine, for an aggregate purchase price of $3,000,000, which shall consist of $177,390.90 in cash and $2,822,609.10 as a deposit guaranty; and be it

FURTHER, RESOLVED, that for purposes of adjustment of the Series A Conversion Price (as such term is defined in the Second Amended and Restated Certificate of Incorporation of the Corporation), the fair value of the consideration received by the Corporation pursuant to the Purchase Agreement be and hereby is deemed to be $3,000,000; and be it

FURTHER, RESOLVED, that the Corporation be, and hereby is, authorized to issue a certificate or certificates for the Shares in such denominations and registered in such name or names as Mezzanine shall direct; and upon receipt of payment therefor in accordance with the immediately preceding resolution, such Shares shall be validly issued, fully paid and nonassessable; and be it

FURTHER, RESOLVED, that, of the consideration to be received by the Corporation for the Shares, an amount equal to the par value per share sold is hereby determined to be capital to be allocated on the books of the Corporation to the Common Stock capital account, and the difference between the aggregate amount so allocated and the aggregate consideration received for the Shares shall be credited on the books of the Corporation as additional paid-in capital for purposes of financial reporting and as surplus for purposes of the General Corporation Law of the State of Delaware; and be it

**Blue Sky Laws**

FURTHER, RESOLVED, that it is desirable and in the best interests of the Corporation that its Common Stock be qualified or registered for sale, to the extent required by law, in various states and other jurisdictions; that the President of the Corporation be and hereby is authorized and directed to determine the states and other jurisdictions in which appropriate action shall be taken to (i) qualify or register for sale all or such part of such Common Stock and (ii) register the Corporation as a dealer or broker; that the President of the Corporation be and hereby is authorized to perform on behalf of the Corporation any and all such acts as he may deem necessary or advisable in order to comply with the applicable laws of any such states and other jurisdictions, and in connection therewith to execute, affix the Corporation's seal to and file all requisite papers and documents, including, but not limited to, applications, resolutions, reports, surety bonds, irrevocable consents and appointments of attorneys for service of process; and that execution by the President of the Corporation of any such paper or document or the doing by the President of the Corporation of any act in connection with the foregoing matters shall be conclusive evidence of his determination and approval and of the due authorization and approval of the Board of Directors; and be it

FURTHER, RESOLVED, that, if the securities or Blue Sky laws of any of the states or other jurisdictions in which the President of the Corporation deems it necessary or advisable to qualify or register for sale all or part of the Common Stock or to register the Corporation as a dealer or broker, or any authority administering such laws, requires a prescribed form of preambles or resolutions relating to such sale or to any application, statement, instrument or other document connected therewith, each such preamble or resolution is hereby adopted by

4

1166230.1

the Board of Directors, and the Secretary or any Assistant Secretary of the Corporation is hereby authorized to certify the adoption of any such preamble or resolution to any party who may so request and to insert all such preambles and resolutions in the minute book of the Corporation immediately following these resolutions; and be it

**Stockholders Agreement**

FURTHER, RESOLVED, that the Corporation be and hereby is authorized to enter into, and perform its obligations under, a Third Amended and Restated Stockholders Agreement (the "Stockholders Agreement"), such Stockholders Agreement to be substantially on the terms and in the form attached hereto as <u>Exhibit C</u>, with such changes as the President shall determine, in his sole discretion, to be necessary, appropriate or desirable; that the President of the Corporation be and hereby is authorized and directed, in the name and on behalf of the Corporation, to execute and deliver the Stockholders Agreement and to take such other actions in connection therewith as he shall determine, in his sole discretion, to be necessary, appropriate or desirable; and that the execution and delivery of the Stockholders Agreement and the taking of such other actions by the President shall be conclusive evidence of his determination and approval and of the due authorization and approval of the Board of Directors; and be it

**Shirley Resignation**

FURTHER, RESOLVED, that the resignation of Erickson Shirley as a Director of the Corporation be, and hereby is accepted; and be it

**Bartlett Arrangements**

FURTHER, RESOLVED, that the resignation of James R. Bartlett as President and Chief Executive Officer of the Corporation, effective immediately following the closing of the transactions contemplated by the Purchase Agreement, be and hereby is accepted; and be it

FURTHER, RESOLVED, that the Board of Directors deems it advisable and in the best interests of the Corporation and its stockholders that the Corporation enter into a Transitional Employment Agreement with James R. Bartlett (the "Bartlett Employment Agreement"), such Bartlett Employment Agreement to be substantially on the terms and in the form attached hereto as <u>Exhibit D</u>; that Tony Rudston be and hereby is authorized and directed, in the name and on behalf of the Corporation, to execute and deliver the Bartlett Employment Agreement and to take such other actions in connection therewith as he shall determine, in his sole discretion, to be necessary, appropriate or desirable; and that the execution and delivery of the Bartlett Employment Agreement and the taking of such other actions by such officer shall be conclusive evidence of his determination and approval and of the due authorization and approval of the Board of Directors; and be it

**Muise Arrangements**

FURTHER, RESOLVED, that the resignation of Maria C. Muise as Chief Operating Officer and a Director of the Corporation, effective immediately following the closing of the transactions contemplated by the Purchase Agreement, be and hereby is accepted; and be it

FURTHER, RESOLVED, that the Board of Directors deems it advisable and in the best interests of the Corporation and its stockholders that the Corporation enter into a

5

1166230.1

Consulting Agreement with Maria C. Muise (the "Muise Consulting Agreement"), such Muise Consulting Agreement to be substantially on the terms and in the form attached hereto as Exhibit F; that Tony Rudston be and hereby is authorized and directed, in the name and on behalf of the Corporation, to execute and deliver the Muise Consulting Agreement and to take such other actions in connection therewith as he shall determine, in his sole discretion, to be necessary, appropriate or desirable; and that the execution and delivery of the Muise Consulting Agreement and the taking of such other actions by such officer shall be conclusive evidence of his determination and approval and of the due authorization and approval of the Board of Directors; and be it

FURTHER, RESOLVED, that the Board of Directors deems it advisable and in the best interests of the Corporation and its stockholders that the Corporation enter into a Release of Claims Agreement with Maria C. Muise (the "Muise Release"), such Muise Release to be substantially on the terms and in the form attached hereto as Exhibit E; that Tony Rudston be and hereby is authorized and directed, in the name and on behalf of the Corporation, to execute and deliver the Muise Release and to take such other actions in connection therewith as he shall determine, in his sole discretion, to be necessary, appropriate or desirable; and that the execution and delivery of the Muise Release and the taking of such other actions by such officer shall be conclusive evidence of his determination and approval and of the due authorization and approval of the Board of Directors. As partial consideration for entering into the Muise Release, the Corporation agrees to accept for cancellation all options previously granted to Muise; and be it

**Bernstein Arrangements**

FURTHER, RESOLVED, that the resignation of Scott Bernstein as Treasurer and a Director of the Corporation, effective immediately following the closing of the transactions contemplated by the Purchase Agreement, be and hereby is accepted; and be it

FURTHER, RESOLVED, that the Board of Directors deems it advisable and in the best interests of the Corporation and its stockholders that the Corporation enter into a Release of Claims Agreement with Scott Bernstein (the "Bernstein Release"), such Berstein Release to be substantially on the terms and in the form attached hereto as Exhibit E; that Tony Rudston be and hereby is authorized and directed, in the name and on behalf of the Corporation, to execute and deliver the Bernstein Release and to take such other actions in connection therewith as he shall determine, in his sole discretion, to be necessary, appropriate or desirable; and that the execution and delivery of the Bernstein Release and the taking of such other actions by such officer shall be conclusive evidence of his determination and approval and of the due authorization and approval of the Board of Directors. As partial consideration for entering into the Bernstein Release, the Corporation agrees to accept for cancellation all options previously granted to Bernstein; and be it

**Malinsky Arrangements**

FURTHER, RESOLVED, that the resignation of Barbara Malinsky as a Director of the Corporation, effective immediately following the closing of the transactions contemplated by the Purchase Agreement, be and hereby is accepted; and be it

FURTHER, RESOLVED, that the Board of Directors deems it advisable and in the best interests of the Corporation and its stockholders that the Corporation enter into a Release

1166230.1

of Claims Agreement with Barbara Malinsky (the "Malinsky Release"), such Malinsky Release to be substantially on the terms and in the form attached hereto as <u>Exhibit E</u>; that Tony Rudston be and hereby is authorized and directed, in the name and on behalf of the Corporation, to execute and deliver the Malinsky Release and to take such other actions in connection therewith as he shall determine, in his sole discretion, to be necessary, appropriate or desirable; and that the execution and delivery of the Malinsky Release and the taking of such other actions by such officer shall be conclusive evidence of his determination and approval and of the due authorization and approval of the Board of Directors; and be it

**Amendment and Restatement of Bylaws**

FURTHER, RESOLVED, that the Board of Directors deems it advisable and in the best interests of the Corporation and its stockholders that the Amended and Restated Bylaws of the Corporation be amended and restated, as set forth in the form of Second Amended and Restated Bylaws attached hereto as <u>Exhibit G</u> (the "Restated Bylaws"); and that, subject to approval of the stockholders of the Corporation, said Restated Bylaws be and hereby are approved; and be it

FURTHER, RESOLVED, that the President of the Corporation be and hereby is authorized and directed to submit the Restated Bylaws to the stockholders of the Corporation for their approval in accordance with the provisions of the Corporation's Amended and Restated Bylaws; and that the Board of Directors recommends to the stockholders of the Corporation that the Restated Certificate be approved; and be it

**Election of Directors**

FURTHER, RESOLVED, that, subject to and effective immediately following the closing of the transactions contemplated by the Purchase Agreement and subject to approval of the stockholders of the Corporation, the number of directors of the Corporation be and hereby is fixed at five, with the following individuals nominated to serve in accordance with the Restated Bylaws until the next annual meeting of stockholders (or any written consent in lieu thereof) and until his successor has been duly elected and qualified, or until his earlier resignation or removal:

        Bradley A. Jay

        Tony Rudston

        Ian Cameron

        David Taylor

        James R. Bartlett

FURTHER, RESOLVED, that James R. Bartlett be and hereby is elected as Chairman of the Board, to serve in accordance with the Restated Bylaws until the next annual meeting of stockholders (or any written consent in lieu thereof) and until his successor has been duly elected and qualified, or until his earlier resignation or removal; and be it

1166230.1

### Election and Designation of Officers

FURTHER, RESOLVED, that, subject to and effective immediately following the closing of the transactions contemplated by the Purchase Agreement, the following individuals be and hereby are elected to the offices set forth opposite their respective names, to serve in accordance with the Restated Bylaws:

| *Name* | *Officer* |
|---|---|
| Tony Rudston | Chief Executive Officer |
| Ian Cameron | Acting President |
| Gary Lortie | Acting Chief Financial Officer |
| Barbara Malinsky | Secretary |

### Acknowledgements

FURTHER, RESOLVED, that the Board of Directors acknowledges the material facts as to Mr. Bartlett's relationships with the Corporation and interests in the transactions and agreements contemplated in the foregoing resolutions; and that any and all of the transactions and agreements contemplated by any of the foregoing resolutions be and hereby are in good faith authorized and approved by the Board of Directors; and be it

FURTHER, RESOLVED, that the Board of Directors acknowledges the material facts as to Ms. Muise's relationships with the Corporation and interests in the transactions and agreements contemplated in the foregoing resolutions; and that any and all of the transactions and agreements contemplated by any of the foregoing resolutions be and hereby are in good faith authorized and approved by the Board of Directors; and be it

FURTHER, RESOLVED, that the Board of Directors acknowledges the material facts as to Mr. Bernstein's relationships with the Corporation and interests in the transactions and agreements contemplated in the foregoing resolutions; and that any and all of the transactions and agreements contemplated by any of the foregoing resolutions be and hereby are in good faith authorized and approved by the Board of Directors; and be it

FURTHER, RESOLVED, that the Board of Directors acknowledges the material facts as to Ms. Malinsky's relationships with the Corporation and interest in the transactions and agreements contemplated in the foregoing resolutions; and that any and all of the transactions and agreements contemplated by any of the foregoing resolutions be and hereby are in good faith authorized and approved by the Board of Directors; and be it

FURTHER, RESOLVED, that the Board of Directors ratifies, confirms and approves the issuance and sale to the Cynthia W. Bartlett Trust dated June 28, 1994, Maria C. Muise and Scott Bernstein of an aggregate of 51,230 shares of Series C Convertible Preferred Stock, together with warrants exercisable for the purchase of an aggregate of 135,600 shares of Common Stock, pursuant to three separate Joinder Agreements dated as of November 14, 2002; and be it

### General Authority

1166230.1

       FURTHER, RESOLVED, that the proper officers of the Corporation be, and each of them acting singly hereby is, authorized and directed, in the name and on behalf of the Corporation, to execute and deliver any and all agreements, waivers, instruments, documents and certificates, and to take any and all actions, which he or they may determine, in his or their sole discretion, to be necessary, appropriate or desirable in connection with the foregoing resolutions; and that the execution and delivery of any such agreements, waivers, instruments, documents and certificates, and that taking of any such other actions, by such officer or officers shall be conclusive evidence of his or their determination and approval and of the due authorization and approval of the Board of Directors.

IN WITNESS WHEREOF, the undersigned have executed this Unanimous Written Consent as of the 11th day February, 2003 and direct that it be filed with the minutes of proceedings of the Board of Directors.

_____  
Bradley A. Jay

_____  
David Taylor

_____  
Scott Bernstein

_____  
Tony Rudston

_____  
James R. Bartlett

_____  
Maria C. Muise

_____  
Barbara Malinsky

Signature page to Board Resolutions

1166230.1

IN WITNESS WHEREOF, the undersigned have executed this Unanimous Written Consent as of the 11th day February, 2003 and direct that it be filed with the minutes of proceedings of the Board of Directors.

_____          _____
Bradley A. Jay                      James R. Bartlett

*[signature: David Taylor]*
_____          _____
David Taylor                        Maria C. Muise


_____          _____
Scott Bernstein                     Barbara Malinsky


_____
Tony Rudston

10

1166230.1

## Exhibits

| | |
|---|---|
| Exhibit A | Form of Third Amended and Restated Certificate of Incorporation |
| Exhibit B | Form of Securities Purchase Agreement |
| Exhibit C | Form of Third Amended and Restated Stockholders Agreement |
| Exhibit D | Form of Transition Employment Agreement with James R. Bartlett |
| Exhibit E | Form Release of Claims Agreement with James R. Bartlett, Maria C. Muise, Scott Bernstein and Barbara Malinsky |
| Exhibit F | Form of Consulting Agreement with Maria C. Muise |
| Exhibit G | Form of Second Amended and Restated Bylaws |