UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. TAYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., <br><br>          Plaintiffs, <br><br>     v. <br><br>JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., <br><br>          Defendants <br><br>     and <br><br>JAMES R. BARTLETT, <br><br>          Third-Party Plaintiff, <br><br>     v. <br><br>GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADLEY A. JAY, <br><br>          Third-Party Defendants | No: 1:03-CV-12506-WGY |

**ANSWER TO THIRD PARTY COMPLAINT AND JURY DEMAND**

Pursuant to Fed. R. Civ. P. 12, Third-Party Defendants GlobalWare Solutions, Inc., Anthony Rudston, and Bradley A. Jay (collectively "Defendants"), for their answer to the Third-Party Complaint of James R. Bartlett ("Bartlett"), state as follows:

1.     Paragraph 1 states a conclusion of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 1.

BOS1380912.1

2. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3 of the Third-Party Complaint and therefore can neither admit nor deny same.

3. Defendants admit that Bartlett was a founder of ZBR Publications, Inc., was formerly a member of GlobalWare's board of directors, and that the James R. Bartlett Trust holds 6,189,686.5 shares of GlobalWare's common stock. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 3, and therefore can neither admit nor deny same.

4. Admitted.

5. Defendants admit that Anthony Rudston is the Chief Executive Officer of GlobalWare, and has been a director since approximately February 2003. Defendants deny the remaining allegations in Paragraph 5.

6. Defendants admit that Bradley A. Jay has been a director of GlobalWare since approximately 2002, and deny the remaining allegations in Paragraph 6.

7. Defendants admit that Bartlett served as Chief Executive Officer of GlobalWare until February 12, 2003. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 7, and therefore can neither admit nor deny same.

8. Admitted.

9. Admitted.

10. The allegations in Paragraph 10 refer to a document, which speaks for itself. To the extent the allegations of Paragraph 10 mischaracterize that document, they are denied.

11. The allegations in Paragraph 11 refer to a document, which speaks for itself. To

the extent the allegations of Paragraph 11 mischaracterize that document, they are denied. Further answering, Defendants deny that February 11, 2003 Board Resolution provided that Mezzanine would enter into a complete, final, and mutual release of all claims with Bartlett.

12.     The allegations in Paragraph 12 refer to a document, which speaks for itself. To the extent the allegations of Paragraph 12 mischaracterize that document, they are denied.

13.     The allegations in Paragraph 13 refer to a document, which speaks for itself. To the extent the allegations of Paragraph 13 mischaracterize that document, they are denied.

14.     The allegations in Paragraph 14 refer to documents, which speak for themselves. To the extent the allegations of Paragraph 14 mischaracterize those documents, they are denied.

15.     Paragraph 15 states a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 15.

16.     The allegations in Paragraph 16 refer to a document, which speaks for itself. To the extent the allegations of Paragraph 16 mischaracterize that document, they are denied.

17.     The allegations in Paragraph 17 refer to a document, which speaks for itself. To the extent the allegations of Paragraph 17 mischaracterize that document, they are denied.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and therefore cannot admit or deny same.

19.     Defendants admit that GlobalWare received a letter dated April 24, 2003 from Attorney Fitzpatrick. Nor further response is required of Defendants because the April 24, 2003 letter speaks for itself.

20.     Defendants admit the allegations contained in the first sentence of Paragraph 20. Defendants further admit that Attorney Tearney received a fax from Attorney Fitzpatrick

containing a copy of the April 24, 2003 letter and attachments.  Defendants deny the remaining allegations contained in Paragraph 20.

     21.    Defendants admit that GlobalWare's counsel received a letter dated May 21, 2003 from Attorney Fitzpatrick.  No response is required of Defendants to the remaining allegations contained in Paragraph 21 because the May 21, 2003 letter speaks for itself.

     22.    Defendants admit that GlobalWare's counsel received a letter dated May 22, 2003 from Attorney Fitzpatrick to Attorney Everard.  No further response is required of Defendants to the remaining allegations contained in Paragraph 22 because the May 22, 2003 letter speaks for itself.

     23.    The allegations in Paragraph 23 refer to a document, which speaks for itself.  To the extent the allegations of Paragraph 23 mischaracterize that document, they are denied.

     24.    Defendants admit that GlobalWare's counsel received a letter from Attorney Fitzpatrick dated June 3, 2003.  No further response is required of Defendants to the remaining allegations contained in Paragraph 24 because the June 10, 2003 letter speaks for itself.

     25.    The allegations in Paragraph 25 refer to a document, which speaks for itself.  To the extent the allegations of Paragraph 25 mischaracterize that document, they are denied.

     26.    The allegations in Paragraph 26 refer to a document, which speaks for itself.  To the extent the allegations of Paragraph 26 mischaracterize that document, they are denied.

     27.    The first sentence of Paragraph 27 refers to a document, which speaks for itself.  To the extent the allegations in the first sentence of Paragraph 27 mischaracterize that document, they are denied. Defendants deny the remaining allegations in Paragraph 27.  Further answering, Defendants state that Attorney Tearney responded to the December 15, 2003 and January 5, 2004 letters by letter dated January 12, 2004.

28. The allegations in Paragraph 28 refer to a document, which speaks for itself. To the extent the allegations of Paragraph 28 mischaracterize that document, they are denied.

29. Paragraph 29 states a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 29.

30. Admitted.

31. The allegations in Paragraph 31 refer to a document, which speaks for itself. To the extent the allegations of Paragraph 31 mischaracterize that document, they are denied.

    a. The allegations in Paragraph 31(a) refer to a document, which speaks for itself. To the extent the allegations of Paragraph 31(a) mischaracterize that document, they are denied.

    b. The allegations in Paragraph 31(b) refer to a document, which speaks for itself. To the extent the allegations of Paragraph 31(b) mischaracterize that document, they are denied.

    c. The allegations in Paragraph 31(c) refer to a document, which speaks for itself. To the extent the allegations of Paragraph 31(c) mischaracterize that document, they are denied.

    d. The allegations in Paragraph 31(d) refer to a document, which speaks for itself. To the extent the allegations of Paragraph 31(d) mischaracterize that document, they are denied.

32. Denied.

33. Paragraph 33 states a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 33.

34. Paragraph 34 states a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 34.

35. The allegations in Paragraph 35 refer to a document, which speaks for itself. To the extent the allegations of Paragraph 35 mischaracterize that document, they are denied.

36. Paragraph 36 states a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 36.

37. Paragraph 37 states a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 37.

## COUNT I
### (Breach of Contract of Indemnification – Against GWS)

38. Defendants restate and incorporate herein by reference their responses set forth in Paragraphs 1 through 37 above.

39. Paragraph 39 states a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 39.

40. Paragraph 40 states a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 40.

## COUNT II
### (28 U.S.C. § 2201, Declaratory Judgment Against GWS)

41. Defendants restate and incorporate herein by reference their responses set forth in Paragraphs 1 through 40 above.

42. Paragraph 42 states a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 42.

43. Paragraph 43 states a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 43.

## COUNT III
### (For Contribution - Against GWS)

44.     Defendants restate and incorporate herein by reference their responses set forth in Paragraphs 1 through 43 above.

45.     Denied.

46.     Paragraph 46 states a conclusion of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 46.

47.     Paragraph 47 states a conclusion of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 47.

48.     Paragraph 48 states a conclusion of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 48.

## COUNT IV
### (For Contribution - Against Rudston and Jay)

49.     Defendants restate and incorporate herein by reference their responses set forth in Paragraphs 1 through 48 above.

50.     The allegations in Paragraph 50 refer to documents, which speak for themselves. To the extent the allegations of Paragraph 50 mischaracterize those documents, they are denied.

51.     The allegations in Paragraph 51 refer to a document, which speaks for itself.  To the extent the allegations of Paragraph 51 mischaracterize that document, they are denied.

52.     Paragraph 52 states a conclusion of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 52.

53.     Paragraph 53 states a conclusion of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 53.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by their unclean hands, and/or failure to do equity.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were not caused by Defendants, but by persons other than Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks reimbursement of his attorneys' fees, no such attorneys' fees are recoverable at common law, or under any applicable statute or contract between the parties.

### JURY TRIAL DEMAND

Defendants demand a jury trial as to all issues and claims so triable.

                                        GLOBALWARE SOLUTIONS, INC.,
                                        ANTHONY RUDSTON, and
                                        BRADLEY A. JAY

                                        By their attorneys,

                                        /S/ David M. Ryan
                                        _____
                                        Melissa Bayer Tearney, BBO No. 558612
                                        David Ryan, BBO No. 644037
                                        NIXON PEABODY LLP
                                        100 Summer Street
                                        Boston, MA 02110
Dated: May 21, 2004                 (617) 345-1000

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true copy of the above document was served upon all parties who have appeared electronically on May 21, 2004.

                                        /S/ David M. Ryan
                                        _____
                                          David M. Ryan