# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. TAYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., <br><br> Defendants. <br><br> *and* <br><br> JAMES R. BARTLETT, <br><br> Third Party Plaintiff <br><br> v. <br><br> GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADLEY A. JAY, <br><br> Third Party Defendants. | CIVIL ACTION <br><br> No. 03 CV 12506 NMG |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT JAMES BARTLETT

### I. Introduction

Although responding to most of the document requests propounded by Plaintiffs, Defendant

James Bartlett has refused to produce documents in response to three of those requests, Nos. 26,

27, and 30, the texts of which are set out below. As developed below, these requests are

Page 1

GROFF MURPHY TRACHTENBERG & EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

ORIGINAL

carefully tailored to lead to the discovery of admissible evidence, and Bartlett should be compelled to produce any documents in his possession responsive to those requests.

## II. Discovery Conference

On Monday, November 22, at 2:00 p.m., Plaintiffs' counsel, Douglas R. Roach spoke by telephone with Tom Fitzpatrick, counsel for Defendant James Bartlett to discuss Bartlett's responses to Plaintiffs' First Interrogatories and Requests for Production of Documents.

During that conversation, Mr. Fitzpatrick stated his belief that Document Request Nos. 26, 27, and 30 were overly broad, so Bartlett would not respond to them. Mr. Roach stated his disagreement with Mr. Fitzpatrick's position, and the lawyers were not able to resolve their difference of opinion on those items during that conference.

## III. Nature of the Case and Facts Relevant To Discovery

Plaintiffs in this action are minority shareholders in GlobalWare Solutions, Inc. ("GlobalWare"), which owned all of the stock in Defendant ZBR Publications, Inc. at the time it purchased Plaintiffs' stock in a corporation called Bindco, Inc. in 2000. As part of that transaction, Plaintiffs were given stock in GlobalWare in exchange for their Bindco stock. At the time of that transaction, Defendant Bartlett was the president and CEO of ZBR, and also its majority shareholder. After the transaction, Bartlett also became the president and CEO of GlobalWare.

Plaintiffs have learned that in connection with the above-mentioned transaction, Bartlett and ZBR made numerous false and misleading statements to Plaintiffs regarding ZBR's financial condition, its financial statements, and its financial obligations.

Plaintiffs have also learned that during his tenure as president and CEO of GlobalWare and ZBR, Bartlett failed to conduct the affairs of the company in accordance with law and the

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hk243401

corporation's bylaws, excluded the Plaintiffs from participation in the management of the

company, and engaged in secret, self-dealing transactions both with an investor called

Mezzanine Management Limited, and on his own, involving himself, his family members, and

his associates.

### IV.  Interrogatories and Document Requests At Issue

Document Request No. 26 reads as follows:

> 26.     Please produce all documents relating to transactions
> between ZBR and/or GlobalWare and relatives and/or personal
> associates of Bartlett.

One of the allegations in Plaintiffs' Second Amended Complaint is that "Bartlett

improperly used Global Ware corporate resources for his own personal benefit and that of his

family and friends." (*See* Second Amended Complaint, ¶ 31)  The Second Amended Complaint

further alleges that "Bartlett's pattern of misappropriation of corporate funds for his personal

benefit and that of his family and friends began during his tenure at ZBR and continued for the

duration of his management of GlobalWare." (See Second Amended Complaint, ¶ 32).

It is obvious that communications between Bartlett's relatives and personal associates

and ZBR and/or GlobalWare are directly relevant to the allegations set forth above.  They are

certainly reasonably calculated to lead to the discovery of admissible evidence as required by

Fed.R.Civ.P. 26(b)(1).

Document Request No. 27 reads as follows:

> 27.     Please produce all correspondence, emails, meeting notes
> and other records of communications with Maria Muise, and any
> other documents relating to Maria Muise.

During the period at issue, Maria Muise was the Chief Financial Officer of GlobalWare.

Given that Plaintiffs' claims are based in part on financial misdeeds by Bartlett as president and

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

CEO of GlobalWare, any records of communications he had with her go straight to the heart of the Company's knowledge of Bartlett's behavior, and its due diligence (or lack thereof) in keeping its financial house in order. Once again, this material is clearly within the disclosures required by Fed.R.Civ.P. 26(b)(1).

Document Request No. 30 reads as follows:

> 30.    Please produce all correspondence, emails, meeting notes and other records of communications between Bartlett and representatives of Mezzanine.

These documents go to the Plaintiffs' allegations that Bartlett engaged in secret, self-dealing transactions with Mezzanine (*See* Second Amended Complaint, ¶¶ 25 through 28). Bartlett's counsel indicated during the telephone conference on Monday, November 22, that he did not believe he was required to produce documents relating to his communications with Mezzanine on Bartlett's behalf. There is no privilege attached to such communications, and Plaintiffs are entitled to documents relating to those communications under Fed.R.Civ.P. 26(b)(1).

## V.    Request for Plaintiffs' Expenses and Sanctions

Plaintiff's respectfully request an award of their expenses and fees incurred in bringing this motion as provided by Fed.R.Civ.P. 37(a)(4)(A).

Dated this 2 day of November, 2004.

Page 4

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hk243401

Respectfully submitted on behalf of the Plaintiffs, EK Ventures I, LLC; David L. Taylor; David L. Taylor and Virginia L. Taylor as Trustees for the Taylor Family Revocable Trust; and Flextronics International Ltd.

Jerold T. Everard, WSBA # 17142
Douglas R. Roach, WSBA # 21127
*Admitted Pro Hac Vice*
GROFF MURPHY TRACHTENBERG
& EVERARD
300 East Pine Street
Seattle, Washington  98122
Telephone:  (206) 628-9500
Facsimile: (206) 628-9506

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel for all parties via first-class mail/electronically on *November 24*, 2004.

Douglas R. Roach

Page 5

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hk243401