# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. TAYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., | CIVIL ACTION<br><br>No. 03 CV 12506 NMG |
| Plaintiffs, | |
| v. | |
| JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., | |
| Defendants. | |
| *and* | |
| JAMES R. BARTLETT, | |
| Third Party Plaintiff | |
| v. | |
| GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADLEY A. JAY, | |
| Third Party Defendants. | |

## AFFIDAVIT OF DOUGLAS R. ROACH IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT ZBR TO RESPOND TO DISCOVERY REQUESTS

Douglas R. Roach, being duly sworn, deposes and states as follows:

1. I am an attorney with Groff Murphy Trachtenberg & Everard PLLC, counsel for Plaintiffs in the above-captioned matter. I have personal knowledge of the facts and circumstances herein, and I am competent to testify thereto.

Page 1

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hk233407

2.    On November 18, 2004, I wrote to counsel for Defendant ZBR, David Ryan, and requested a telephone conference at 1:00 p.m. on Monday, November 22, 2004 to discuss ZBR's failure to respond to Plaintiffs' outstanding discovery requests. A copy of my letter is attached as Exhibit A.

3.    On November 19, ZBR's counsel, David Ryan, wrote to me and stated that he would not be available to discuss ZBR's discovery responses on that date, but that he would "be happy to discuss" them the following day on Tuesday, November 23, 2004. A copy of Mr. Ryan's letter is attached hereto as Exhibit B.

4.    On Tuesday, November 23, at 1:00 p.m., I telephoned Mr. Ryan and left a message on his voicemail asking Mr. Ryan to call me back to discuss ZBR's discovery responses, and stating that if Mr. Ryan did not do so before the end of the day, I would consider it a refusal to confer and proceed with a motion to compel.

5.    As of 8:00 p.m. on Tuesday, November 23, 2004, I had received no return call from Mr. Ryan. However, Mr. Ryan sent a fax to me on the evening of November 23, 2004, stating that he was sending responses to Plaintiffs' document requests by overnight mail, but making no mention of interrogatory answers. A copy of that letter is attached hereto as Exhibit C. Mr. Ryan did not return a telephone message from me the morning of November 24, 2004 seeking clarification of his intentions.

6.    A copy of Plaintiffs' First Interrogatories And Requests for Production of Documents is attached hereto as Exhibit D.

Dated this 24th day of November, 2004 at Seattle, Washington.

_____
Douglas R. Roach

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hk233407

State of Washington            )   ss.
County of King_____        )

         On this day personally appeared before me __Douglas R. Roach___ to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that _he_ signed the same as _his_ free and voluntary act and deed, for the uses and purposes therein mentioned.

         Given under my hand and official seal this 24th day of November, 2004.

```
DARLA S. MORAN
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
NOVEMBER 19, 2008
```

Print Name: Darla S. Moran

NOTARY PUBLIC in and for the State of Washington, residing at 4906 N. Baltimore, Ruston, WA 98407

My Appointment Expires: __11/19/08_____

## CERTIFICATE OF SERVICE

         I hereby certify that a copy of the foregoing was served on counsel for all parties via first-class mail/electronically on *November* 24, 2004.

Douglas R. Roach

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hk233407

# EXHIBIT A



**Douglas R. Roach**

November 18, 2004

**Via Facsimile: (617) 345-1300**

David M. Ryan
Nixon Peabody
100 Summer Street, 25th Floor
Boston, MA  02110

RE:  EK Ventures v. Bartlett

Dear Mr. Ryan:

I have reviewed your client's responses to plaintiffs' long-outstanding discovery requests and find them woefully inadequate.

First, as I am sure you are aware, because the objections you now seek to interpose are not timely, they have been waived. Second, you have failed to provide any responses to any of plaintiffs' interrogatories. Third, the single small box of documents you produced in response to plaintiffs' document requests cannot possibly constitute the entire universe of documents within your client's possession or control that are responsive to those requests. Without going through an exhaustive list, conspicuously absent are any insurance agreements, organizational charts, ZBR financial statements, notes, e-mails, correspondence, and other documents that would normally be generated in the process of the transactions at issue in this lawsuit. In addition, again, without attempting to list all deficiencies, you have produced no documents relating to Bartlett v. Globalware Solutions, Inc. filed in Delaware Chancery Court nor have you produced expert reports or analyses prepared for the Massachusetts Superior Court litigation between Bartlett and Globalware.

Again, the foregoing examples are not intended to represent an exhaustive list of the myriad deficiencies in your client's long-overdue responses to plaintiffs' discovery requests. I would like to arrange a telephone conference with you on Monday, November 22nd at 1:00 p.m. your time to discuss whether you intend to supplement your responses so that they comply with the federal and local rules, or whether it will be necessary to proceed with a motion to compel.

10585 0002 hk183408

David M. Ryan
November 18, 2004
Page 2

Thank you for your attention to this matter.

Very truly yours,

GROFF MURPHY TRACHTENBERG
& EVERARD, PLLC

Douglas R. Roach

DRR:dm
cc:    Jerry Everard

```
Send Confirmation Report
```

Name: GROFF & MURPHY             ID: 206 628 9506              11/18/04  4:41PM   Page  1

| Job | Start time | Usage | Phone Number or ID | Type | Pages | Mode | Status |
|-----|-----------|-------|--------------------|------|-------|------|--------|
| 373 | 11/18  4:40PM | 0'50" | #82105850002#9161734 51300 | Send............ | 3/ 3 | EC144 | Completed....................................... |

Total:    0'50"    Pages sent: 3    Pages printed: 0

**GROFF MURPHY TRACHTENBERG & EVERARD PLLC**
LAWYERS
300 East Pine
Seattle, Washington 98122
(206) 628-9500  Fax: (206) 628-9506

## FAX COVER SHEET

| | | | |
|---|---|---|---|
| DATE: | November 18, 2004 | FAX NO.: | (617) 345-1300 |
| TO: | David M. Ryan | PHONE: | (617) 345-1000 |
| OF: | Nixon Peabody | CLIENT/ MATTER NO: | 10585-02 |
| FROM: | Douglas R. Roach | NO. OF PAGES: (including cover) | 3 |
| RE: | EK Ventures v. Bartlett | | |

**COMMENTS / SPECIAL INSTRUCTIONS:**

Time Sent _____ am/pm     Operator: _____

**DELIVER THE FOLLOWING MATERIAL AS SOON AS POSSIBLE.
PLEASE NOTIFY US IMMEDIATELY AT (206) 628-9500
IF NOT RECEIVED PROPERLY.**

The information contained in this facsimile message may be privileged and confidential information intended only for the use of the individual or entity named above. If you have received this communication in error, please notify us immediately and return the original message to us at the above address via the U.S. mail.

# EXHIBIT B

88888 0088 gj033407



# NIXON PEABODY LLP

ATTORNEYS AT LAW

100 Summer Street
Boston, MA 02110
(617) 345-1000
Fax: (617) 345-1300

David M. Ryan
Direct Dial: (617) 345-6060
E-Mail: dryan@nixonpeabody.com

November 19, 2004

**VIA FACSIMILE**

Douglas R. Roach, Esq.
Groff Murphy Trachtenberg & Everard PLLC
300 East Pine Street
Seattle, WA 98122

      RE:    EK Ventures I, LLC, et al v. James R. Bartlett, et al
             Civil Action No. 03-12506

Dear Mr. Roach:

        I write in response to your November 18, 2004 letter, and to correct its numerous inaccuracies.

        As you know, we spoke on October 5, 2004, and agreed to stay discovery pending settlement negotiations. On the evening of October 25, 2004 you sent me a letter unilaterally revoking the stay, because you felt we had "not responded to the proposed term sheet Jerry Everard sent you last week." Immediately after receiving your unilateral revocation of the stay, and following our conversation on October 26, in which you informed me that all extensions were revoked and discovery was "immediately due", we prepared our objections and sent them to you by fax on October 27.

        In addition, as my October 27 letter to you explains, we agreed to provide documents we had assembled relating to our initial disclosures to you on November 5. You rescheduled that production for November 8, and those materials were provided to your paralegal. We never represented to you that the documents produced on November 8 constituted all documents responsive to your discovery demands. Nevertheless, please note that, contrary to your letter, our initial disclosures contained many of the documents you enumerate as being missing from the production. For example, while you contend that no documents were produced relating to the Delaware chancery court action, the documents Bates labeled DE 00001 thru DE 00490 are

Case 1:03-cv-12506-NMG    Document 54-2    Filed 11/29/2004    Page 10 of 36

NIXON PEABODY LLP

Douglas R. Roach, Esq.
November 19, 2004
Page 2


specifically responsive to that request.  Moreover, expert reports for the Massachusetts Superior
Court litigation have not been produced because none have yet been prepared.

     We are preparing substantive responses to your document requests and interrogatories
and will send them to you shortly.  I am in New York City on Monday, November 22, but am
back in the office on Tuesday, November 23.  I look forward to speaking with you then to
discuss the remaining discovery issues.

                               Very truly yours,

                               David M. Ryan

DMR/adb
cc:    Melissa Bayer Tearney, Esq.

BOS1438186.1

# EXHIBIT C

88888 0088 gj033407



# NIXON PEABODY LLP
## ATTORNEYS AT LAW

100 Summer Street
Boston, MA 02110
(617) 345-1000
Fax: (617) 345-1300
David M. Ryan
Direct Dial: (617) 345-6060
E-Mail: dryan@nixonpeabody.com

November 23, 2004

**BY FACSIMILE**

Douglas R. Roach, Esq.
Groff Murphy Trachtenberg & Everard PLLC
300 East Pine Street
Seattle, WA 98122

RE:    EK Ventures I, LLC, et al v. James R. Bartlett, et al
       <u>Civil Action No. 03-12506</u>

Dear Mr. Roach:

I write in response to your November 22, 2004 letter. I disagree with your characterization of the discovery stay we agreed to on October 5, 2004 as a "one week extension". I note that your own correspondence from October 25, 2004 and November 1, 2004, neither of which contends that objections have been waived, is consistent with my understanding that a stay was in place until you unilaterally revoked it on October 25. It was not until your November 18, 2004 letter, following what I understand to have been an unsuccessful series of settlement conversations, that you first allege that objections were waived six weeks previously.

In your November 22, 2004 letter you stated that you needed "a specific date by which plaintiffs can expect substantive responses to their discovery requests" or else you would file a motion to compel. I have enclosed, via overnight mail, responses to your first request for documents. I have also enclosed Globalware's Directors and Officers Liability Policy, Bates labeled "GWT 00001" through "GWT 00075", which is self-explanatory.

Please contact me if you would like to discuss these responses, or any other discovery issues.

Very truly yours,

David M. Ryan

DMR/adb

ALBANY, NY · BOSTON, MA · BUFFALO, NY · GARDEN CITY, NY · HARTFORD, CT · MANCHESTER, NH · MCLEAN, VA
NEW YORK, NY · ORANGE COUNTY, CA · PHILADELPHIA, PA · PROVIDENCE, RI · ROCHESTER, NY · SAN FRANCISCO, CA · WASHINGTON, DC

NIXON PEABODY LLP

Douglas R. Roach, Esq.
November 23, 2004
Page 2


cc:    Melissa Bayer Tearney, Esq.

# EXHIBIT D

88888 0088 gj033407

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC, DAVID L. TAYLOR, DAVID L. TAYLOR AND VIRGINIA L. TAYLOR AS TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST, AND FLEXTRONICS INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES R. BARTLETT AND Z.B.R. PUBLICATIONS, INC. <br><br> Defendants <br><br> *and* <br><br> JAMES R BARTLETT, <br><br> Third Party Plaintiff <br><br> v. <br><br> GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADLEY A. JAY, <br><br> Third Party Defendants. | C. A. No. 03-CV-12506 NMG |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JAMES R. BARTLETT**

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, and the Local Rules for the District of Massachusetts, the plaintiffs EK Ventures I, David L. Taylor, David L. Taylor and Virginia L. Taylor as Trustees for the Taylor Family Revocable Trust, and Flextronics International, Ltd. hereby propound to Defendant James R. Bartlett ("Bartlett")

Plaintiff's First Set of Interrogatories and Requests for Production of Documents, set forth in

Schedule A attached hereto and incorporated herein by reference. These interrogatories are to be

answered fully in writing and under oath by Bartlett, his agents, or representatives, and the

answers to interrogatories and responses to the document requests are to be served on the

undersigned counsel within thirty (30) days of the date of service of these interrogatories and

document requests upon Bartlett. The plaintiffs further request that Bartlett produce for

inspection and copying, within thirty (30) days of service hereof, the documents and things

described in Schedule A at the offices of Groff Murphy Trachtenberg & Everard, 300 East Pine

Street, Seattle, Washington 98122.

Dated:   August 4, 2004

Respectfully submitted on behalf of the
Plaintiffs, EK Ventures I, LLC; David L.
Taylor; David L. Taylor and Virginia L.
Taylor as Trustees for the Taylor Family
Revocable Trust; and Flextronics
International Ltd.

Douglas R. Roach, WSBA #21127
Nancy A. Robertson, WSBA #25315
*Admitted Pro Hac Vice*
GROFF MURPHY TRACHTENBERG
& EVERARD
300 East Pine Street
Seattle, Washington  98122
Telephone:  (206) 628-9500
Facsimile: (206) 628-9506

2

## SCHEDULE A

## DEFINITIONS

1.      "ZBR Publications, Inc." (hereinafter referred to as the "ZBR") as used herein means and includes ZBR Publications, Inc., the defendant and defendant-in-counterclaim, and each of its affiliates, parents, predecessors, successors, subsidiaries, including GlobalWare Solutions Massachusetts, Inc. and GlobalWare Solutions, Inc. ("GlobalWare"), and each of its agents, officers, servants, employees, directors, shareholders, representatives, investigators, insurers, consultants, accountants and attorneys, and all persons formerly holding such positions and all persons who have acted or purported to act on its behalf.

2.      "James R. Bartlett" (hereinafter referred to as the "Bartlett") as used herein means and includes James R. Bartlett, a defendant and plaintiff-in-counterclaim herein, and each of his agents, servants, employees, representatives, investigators, consultants, accountants and attorneys, and all persons formerly holding such positions and all persons who have acted or purported to act on his behalf.

3.      "Plaintiffs" as used herein means and includes EK Ventures I, David L. Taylor, David L. Taylor and Virginia L. Taylor as Trustees for the Taylor Family Trust, and Flextronics International Ltd., the plaintiffs herein, and each of his/her/its affiliates, parents, predecessors, successors, subsidiaries, agents, servants, employees, representatives, investigators, consultants, accountants and attorneys, and all persons formerly holding such positions and all persons who have acted or purported to act on his/her/its behalf.

4.      "Document" or "documents" as used herein means and includes all written or graphic material, however produced, or reproduced. Such term includes, without limitation, the following: the original and all copies (including all non-identical copies, whether different from

3

the originals by reason of any notation made on such copies or otherwise) of books, manuals, records, contracts, memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts or activities), notations of any sort of conversations (including telephone calls, meetings or other communications), minutes, diaries, calendars, desk pads, appointment books, notebooks, bulletins, forms, pamphlets, notices, statements, canceled checks, invoices, receipts, returns, summaries, correspondence, data cards, computer printouts, statistics, teletypes, telexes, worksheets, notes, drawings, letters, telegrams, reports, studies, interoffice and intra-office communications, and all drafts, alterations modifications, changes, and amendments of any kind of the foregoing. Such term also includes, without limitation, graphic or aural records or representations of any kind (including photographs, charts, graphs, microfiche, microfilm, videotape, phonorecords, recordings, and motion pictures) and electronic, digital, or mechanical record and representations of any kind (including computer disc or the contents of any device for the light sensitive, electronic or magnetic storage or reproduction of written or oral words or images), any other data compilation of any kind and all tangible things.

     5.    "All Documents", as used herein, means every document as above defined known to the defendant to exist or to have existed and every document that can be discovered or located by reasonably diligent efforts.

     6.    "Relating to", as used herein, means directly or in-directly, in whole or in part, constituting, evidencing, recording, reflecting, substantiating, concerning, describing, summarizing, identifying, referring or related in any way to. Relating to shall have the broadest meaning under this definition and shall not be limited to information or documents that are relevant and/or admissible in this matter.

10585 0002 hg261103

7.    As to the terms "each" and "every", as used herein, the term "each" includes the term "every" and the term "every" includes the term "each".

8.    As to the terms "any" and "all", as used herein, the term "any" includes the term "all" and the term "all" includes the term "any".

9.    As to the terms "and" and "or", as used herein, the term "and" includes the term "or" and the term "or" includes the term "and".

10.    "Communications", as used herein, means and includes all discussions, conversations, meetings, conferences, contracts, telephone conversations, inquiries, interviews, negotiations, advertisements, agreements, contacts, understandings, cards, letters, correspondence, telegrams, telexes, cables, E-mail, or other forms of written or verbal intercourse, however transmitted, including any and all Documents, reports, notes, memoranda, lists, agenda and other records of communications.

11.    "You" means the party responding to this request for production of documents.

12.    "Initial Disclosures" as used herein refer to the initial disclosures of any Party made pursuant to the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Massachusetts, and any amendments and/or supplements thereto.

13.    "Mezzanine" as used herein means and includes Mezzanine Management Fund III A, Mezzanine Management Fund III B, Mezzanine Management Fund III C, Mezzanine Management Limited, and all other entities related to or affiliated with Mezzanine Management.

14.    "Stock Purchase Agreement" as used herein means the Stock Purchase and Sale Agreement entered into on or about February 4, 2000 by and among GlobalWare Solutions, Inc.,

5

Z.B.R. Publications, Inc., James R. Bartlett, Bindco Corporation, and the persons identified on the signature pages as the selling shareholders of Bindco Corporation.

## INSTRUCTIONS

1.    The person or entity to which this Request for Production of Documents is directed is required to produce all of the documents described below in his, her or its possession, custody or control.

2.    Without limiting the generality of this request, these Requests for Production of Documents shall be deemed to include a request for all documents in the possession, custody or control of the person or entity to whom this Request for Production of Documents is directed, including, without limitation, any and all such documents in any personal file within the possession, custody and control of such person or entity and all Documents that such person or entity has the right to request from a third party or which could otherwise be obtained by such person or entity through reasonably diligent efforts.

3.    Each request made herein shall be deemed to include any further, additional or supplemental information or Document responsive to such request which is later discovered by, or comes into the possession, custody or control of the person or entity to whom this Request for Production of Documents is directed prior to the conclusion of the case in which this Request for Production of Documents is issued, and such person or entity shall produce any and all such Documents at the time that such Documents come into such person's or entity's possession, custody or control.

4.    If you object to any interrogatories, you are required to provide in writing to the undersigned on or before the date on which the response is requested, the reason for each

6

objection and the ground for exclusion, and identify each person having knowledge of the factual basis, if any, on which a privilege or other ground is asserted.

5.    With respect to any Document withheld on the belief that the Document or some portion thereof may be privileged, counsel shall produce so much of each such Document as does not contain any alleged privileged information and shall furnish a written statement setting forth as to each such Document (or portion thereof) withheld on the basis of a privilege:

(a)    the nature of the privilege which is being claimed and if the privilege is governed by state law, the state's privilege rule being invoked; and

(b)    for Documents:

(i)    the type of Document, e.g. letter or memorandum;

(ii)    the general subject matter of the document;

(iii)    the date of the Document; and

(iv)    such other information as is sufficient to identify the Document for a subpoena duces tecum, including the author of the Document, the addressees of the Document, and any other recipients shown in the Document, and where not apparent, the relationship of the author , addressees and recipients to each other; and

(c)    for oral communications:

(i)    the name of the person making the communication and the names of the persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication;

(ii)    the date and place of the communication; and

         (iii)    the general subject matter of the communication.

    6.    If the person or entity to whom these Request for Production of Documents is directed has or at any time had knowledge of or possession, custody, or control or the power to obtain any Document described and requested in any of the requests made herein below, and such Document has now been lost, misplaced, misfiled, obliterated, purged, mutilated, erased, destroyed or is not presently in the possession, custody or control of such person or entity, a written description of each such Document shall be provided in the same form as described in Paragraph 3 of these Instructions along with an explanation of the date and circumstances, if known, surrounding its loss, obliteration, destruction, purge, mutilation or erasure and a statement of which request the Document in question would have been produced in response to this Request for Production of Documents if it were available.

    7.    Whenever and wherever appropriate, the singular form of any word contained in a particular request should also be interpreted in the plural. Each request is to be construed independently and not in reference to any other requests for the purpose of limiting any response. The words "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of a particular request any Document which might otherwise be deemed to be beyond or outside its scope.

    8.    These requests encompass all forms and manifestations of electronically stored and/or retrieved electronic information, in all electronic media (hard drive, diskette or tape), including but not limited to "e-mail." Material responsive to these requests should be produced on a formatted 3-1/2 inch diskette, double-sided, high-density in a DOS compatible format, or in CD-ROM optically readable DOS compatible format, clearly labeled as to the software product used to organize and manipulate the underlying data.

9.    These interrogatories and document request are continuing in nature and you are required to seasonably and promptly amend and supplement your responses if you learn that your responses are incomplete or incorrect in any material respect.

## **INTERROGATORIES**

1.    Please identify all individuals who participated in preparing your responses to these discovery requests.

Response:

2.    On what date did Bartlett execute the Transitional Employment Agreement between Bartlett and GlobalWare? If the exact date is not known, please provide the closest approximate date.

Response:

3.    Please identify all individuals who participated in the negotiations of the Transitional Employment Agreement between Bartlett and GlobalWare, and identify their role in the negotiations.

Response:

4.    Please identify all persons involved in the negotiations of the February 4, 2000 Stock Purchase Agreement, and identify their role in the negotiations and transaction.

9

Response:

5.      Please identify any and all experts you intend to call as witnesses at trial.  For each such expert, please provide the following:  (a)  The name, address, and telephone number of the witness; (b) The educational and work experience of each witness; (c) the subject matter of the expected testimony; and (d) the substance of the facts and opinions to which the witness is expected to testify.

Response:

6.      Please set forth with particularity the factual basis for the allegation in Paragraph 7 of Bartlett's Counterclaim that the February 11, 2003 Board Resolution "was expressly conditioned upon Mezzanine entering into a complete, final, and mutual release of all claims with Bartlett, Muise, Malinsky and Bernstein."  In response to this interrogatory, please include a specific identification of the basis for the claim of an express release of all claims against Bartlett.

Response:

7.      Please identify any partnerships, companies, and/or other entities in which you have or have had an ownership and/or financial interest at any time between 1999 and the present.  For

each entity, please identify the nature of your interest, your title, and the date(s) on which you acquired and disposed of the interest.

Response:

8.    Please state the familial relationship, if any between Defendant James R. Bartlett and Edward J. Bartlett, Jr. of Bartlett Hackett Feinberg P.C.

Response:

## REQUESTS FOR PRODUCTION

1.    Please produce all Documents identified, referred to and/or described in any Party's Initial Disclosures.

Response:

2.    For each individual identified in any Party's Initial Disclosure, please produce all Documents relating to any information and/or knowledge each such individual is believed to have about the claims and/or defenses of any party in this matter.

Response:

11

10585 0002 hg261103

3.    Please produce All Documents relating to any insurance agreements identified, referred to, and/or described in any Party's Initial Disclosures.

Response:

4.    Please produce all documents relating to the Stock Purchase Agreement dated on or about February 4, 2000.

Response:

5.    Please produce all schedules to the February 4, 2000 Stock Purchase and Sale Agreement for the Acquisition of Bindco Corporation by GlobalWare Solutions, Inc.

Response:

6.    Please produce the ZBR financial statements referenced as Schedule 4.08 of the Shareholder Binder for the February 4, 2000 Stock Purchase And Sale Agreement for the Acquisition of Bindco Corporation by GlobalWare Solutions, Inc.

Response:

7.    Please produce all ZBR financial statements for the period covering 1999 and 2000, and all documentary support for those financial statements.

12

Response:

8.      Please produce all original schedules to the February 4, 2000 Stock Purchase and Sale Agreement for the Acquisition of Bindco Corporation by GlobalWare Solutions, Inc., including all schedules identified in the Shareholder binder as "Available from Company," and all other schedules missing from the Shareholder binder. If any of the schedules are missing from Bartlett's files, please identify those schedules, state whether they ever existed, and when they were last seen in Bartlett's and/or ZBR's files, including the files of Bartlett's or ZBR's attorneys.

Response:

9.      Please produce all agreements between Bartlett and ZBR and/or GlobalWare, including all employment agreements, and all documents relating to these agreements.

Response:

10.     Please produce all documents relating to the "Transitional Employment Agreement" between Bartlett and ZBR and/or GlobalWare, including but not limited all agreements and draft agreements, all comments to drafts, all emails, correspondence, and meeting notes relating to the Transitional Employment Agreement.

Response:

10585 0002 hg261103

11.    Please produce all documents relating to ZBR's and GlobalWare's lease of the companies' Haverhill, Massachusetts property, and all documents relating to any guarantees by ZBR and/or GlobalWare of loans secured by the Haverhill property or relating to the Haverhill property.

Response:

12.    Please produce all documents relating to Mezzanine's investments in GlobalWare, including but not limited to all communications, emails, and spreadsheets relating to dilution of existing shares resulting from the Mezzanine investments.

Response:

13.    Please produce all correspondence, emails, meeting notes, and other records of communications between Bartlett and Anthony Rudston.

Response:

14.    Please produce all correspondence, emails, meeting notes, and other records of communications between Bartlett and Brad Jay.

Response:

10585 0002 hg261103

15.    Please produce all correspondence, meeting notes, and records of phone conversations between Defendant Bartlett and representatives of ZBR and/or GlobalWare between February, 2003 and the present.

Response:


16.    Please produce all correspondence, meeting notes, and records of phone conversations with David Cohen and the law firm of Cohen & Ostler during the period of time in which David Cohen represented Bindco Corporation, including the period on or before February 29, 2000.

Response:


17.    Please produce all correspondence, including all emails, with the Plaintiffs and/or representatives of the Plaintiffs in this action.

Response:


18.    Please produce all meeting notes and records of phone conversations with the Plaintiffs and/or representatives of the Plaintiffs in this action.

Response:

10585 0002 hg261103

19.     Please produce all documents relating to ZBR's and/or GlobalWare's investigations of irregularities in the management of ZBR and/or GlobalWare during Bartlett's tenure and employment at ZBR and/or GlobalWare, and any other internal investigations relating to Bartlett's management of the companies and/or financial irregularities, including but not limited to all internal reports, reports to the Board of Directors and/or shareholders, and all reports prepared by and communications with Argus Management Corporation.

Response:

20.     Please produce all pleadings, deposition and trial transcripts, discovery requests and responses thereto, exhibits and documents produced in <u>Bartlett v. GlobalWare Solutions, Inc.</u>, originally filed in Essex County Superior Court on or about July 17, 2003, case no. ESV2003-0411.

Response:

21.     Please produce all documents provided to individuals you expect to call as expert witnesses at trial, including but not limited to all correspondence from your attorney(s) to the experts(s).

Response:

22.    Please produce all reports and analyses prepared by all individuals you expect to call as experts at trial, including but not limited to all draft reports.

Response:

23.    Please produce the curriculum vitae of all individuals you expect to call as experts at trial.

Response:

24.    Please produce all reports and analyses prepared by all individuals you expect to call or have called as testifying experts in connection with the Massachusetts Superior Court litigation, James R. Bartlett v. GlobalWare Solutions, Inc., originally filed in Essex County Superior Court on or about July 17, 2003, case no. ESV2003-0411.

Response:

25.    Please produce all documents identified in, relating to and or supporting your answers to the interrogatories set forth above.

Response:

26.    Please produce all documents relating to transactions between ZBR and/or GlobalWare and relatives and/or personal associates of Bartlett.

10585 0002 hg261103

Response:

27.    Please produce all correspondence, emails, meeting notes and other records of communications with Maria Muise, and any other documents relating to Maria Muise.

Response:

28.    Please produce all ZBR financial records for the years 1999 and 2000.

Response:

29.    Please produce all pleadings, deposition and trial transcripts, discovery requests and responses thereto, exhibits and documents produced in Bartlett v. GlobalWare Solutions, Inc., filed in Delaware Court of Chancery, case no. CA20356 on or about June 9, 2003.

Response:

30.    Please produce all correspondence, emails, meeting notes and other records of communications between Bartlett and representatives of Mezzanine.

Response:

18

31.    Please produce all audits and other accounting reports prepared by ZBR's and/or GlobalWare's internal and outside accountants between the years 1998 and the present.

   Response:

32.    Please produce all ZBR and/or GlobalWare Board of Director Meeting Minutes from 2000 to the present, all Board Resolutions from 2000 to the present, and all notes of Directors meetings.

   Response:

33.    Please produce all minutes of the February 11, 2003 GlobalWare Board of Directors Meeting and any and all records, notes, tape recordings, or transcriptions of the February 11, 2003 Board Meeting.

   Response:

34.    Please produce the "Release of Claims Agreement" between Bartlett and Mezzanine referenced in Paragraph 8 of your Counterclaim, and all documents relating to the referenced Release of Claims Agreement.

   Response:

   **ANSWERS AND RESPONSES** submitted _____ day of _____, 2004.

19

## CERTIFICATION

The undersigned attorneys for Defendant James R. Bartlett have read the foregoing
_____, and certify that they are in compliance
with Federal Rule of Civil Procedure 26(g).

Dated this _____ day of _____, 2004.

                                        _____

20

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel for all parties via regular mail on _August 4_, 2004.

Nancy A. Robertson

## VERIFICATION

STATE OF _____ )
                            ) ss.
COUNTY OF _____ )

I, James R. Bartlett, being first duly sworn on oath, depose and say: I have read the foregoing document, know the contents thereof, and believe the same to be true to my knowledge and belief.

_____
Signature

_____
Print Name

**SUBSCRIBED AND SWORN TO** before me this ___ day of _____ 2004.


_____
(Print Name)
NOTARY PUBLIC in and for the State of
Washington, Residing at _____
My Commissioner Expires: _____

10585 0002 hg261103