UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. TAYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., <br><br> Defendants. <br><br> *and* <br><br> JAMES R. BARTLETT, <br><br> Third Party Plaintiff <br><br> v. <br><br> GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADLEY A. JAY, <br><br> Third Party Defendants. | CIVIL ACTION <br><br> No. 03 CV 12506 NMG |

**REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT BARTLETT**

I.  INTRODUCTION

In response to Bartlett's Opposition to Plaintiffs' Motion to Compel Discovery Responses, Plaintiffs offer the following reply:

Page 1

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hl073407

Request for Production No. 26

Please produce all documents relating to transactions between ZBR and/or GlobalWare and relatives and/or personal associates of Bartlett.

In refusing to respond to a request for documents that are at the center of Plaintiff's claims against Bartlett for misappropriation of corporate funds for the benefit of himself, his family and his friends, Bartlett asks this court to pretend as though his January 2004 motion to dismiss had been granted, rather than denied. If Bartlett wishes to bring a new motion to dismiss, he should do so. At the moment, however, the law of the case is that Plaintiffs' claims relating to Bartlett's misappropriation of corporate funds are part of this lawsuit, and the documents requested by Request for Production No. 26 are directly related to those claims.

With respect to Bartlett's argument that the term "personal associates" is overly broad, the court should note that the request is limited to those personal associates of Bartlett who were involved in business transactions with the corporate entities of which he was a board member and officer. Surely, Bartlett is not arguing that "many dozens" of his family and friends were involved in business deals with the companies he ran. On the other hand, if that is actually true, then it only strengthens Plaintiffs' allegations of inappropriate behavior by Bartlett, and they are entitled to the documents relating to those transactions.

Request for Production No. 27

Please produce all correspondence, emails, meeting notes and other records of communications with Maria Muise, and any other documents relating to Maria Muise.

Bartlett objects to this request on the ground that it is not limited as to subject matter or time frame. If Mr. Fitzpatrick had articulated this reason during the discovery conference with Mr. Roach on the telephone, Mr. Roach would have been happy to clarify that the request was

Page 2

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hl073407

directed to communications, meeting notes and other documents relating to the transactions at issue in this lawsuit. So limited, the request is not overbroad, and it is clearly calculated to lead to the discovery of admissible evidence.

Request For Production No. 30.

Please produce all correspondence, emails, meeting notes and other records of communications between Bartlett and representatives of Mezzanine.

In response to this request, Bartlett cites authority to the effect that settlement discussions are not discoverable absent a special showing by the requesting party. Plaintiffs are not asking for documents relating to potential settlement of the ongoing suit. They are asking for documents relating to Bartlett's interactions with an investor that had a huge impact on the value of Plaintiffs' stock, and that now controls the company—including communications to or from Bartlett's attorney, Mr. Fitzpatrick. If Mr. Fitzpatrick is representing that he has produced all such documents, then Plaintiffs are satisfied with Bartlett's response to this request. However, that seems unlikely, as an initial review of the documents produced to date contain very little by way of communications between Bartlett (or his attorney) and Mezzanine relating to the sizable investments in GlobalWare by Mezzanine, and the concomitant accommodations accorded Bartlett in connection with those investments.

Plaintiffs' Motion to Compel should be granted.

Dated this 8th day of December, 2004.

Page 3

10585 0002 hl073407

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

Respectfully submitted on behalf of the Plaintiffs, EK Ventures I, LLC; David L. Taylor; David L. Taylor and Virginia L. Taylor as Trustees for the Taylor Family Revocable Trust; and Flextronics International Ltd.

_____
Jerold T. Everard, WSBA # 17142
Douglas R. Roach, WSBA # 21127
*Admitted Pro Hac Vice*
GROFF MURPHY TRACHTENBERG
& EVERARD
300 East Pine Street
Seattle, Washington 98122
Telephone: (206) 628-9500
Facsimile: (206) 628-9506

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel for all parties via first-class mail/electronically on December 8, 2004.

_____
Douglas R. Roach

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hl073407