UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. TAYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., <br><br> Defendants. <br><br> *and* <br><br> JAMES R. BARTLETT, <br><br> Third Party Plaintiff <br><br> v. <br><br> GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADLEY A. JAY, <br><br> Third Party Defendants. | CIVIL ACTION <br><br> No. 03 CV 12506 NMG |

**REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT Z.B.R. PUBLICATIONS, INC.**

**I.     INTRODUCTION**

In response to Z.B.R. Publications, Inc.'s ("ZBR") Opposition to Plaintiffs' Motion to Compel Discovery Responses, Plaintiffs offer the following reply:

Page 1

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 East Pine
Seattle, Washington 98122
(206) 628-9500
Facsimile: (206) 628-9506

10585 0002 hl103408

At the time Plaintiffs filed their motion to compel against ZBR, ZBR had not provided answers to any of Plaintiffs' interrogatories, had produced only one insurance policy in response to Plaintiffs' extensive document requests, and would not commit to a date certain by which it would answer the interrogatories[1] or provide the rest of the documents.

What ZBR calls "responses" to Plaintiffs' document requests were nothing more than a collection of objections with occasional statements that "ZBR will produce the non-privileged, responsive documents in its possession," with no indication of *when* ZBR intended to make those documents available.

Now, over six weeks after settlement discussions broke down in October, apparently spurred by Plaintiffs' motion, ZBR has provided nominal answers to some of Plaintiffs' interrogatories, and has produced some documents. However, ZBR admits that its production remains incomplete. It is appropriate for the Court to impose a deadline on ZBR to complete its production after its long delay.

### I. Plaintiffs Are Entitled To Terms Under Fed.R.Civ.P 37

ZBR argues that Plaintiffs are not entitled to their fees and costs for bringing the present motion "because ZBR has responded to Plaintiffs' discovery demands." What ZBR fails to mention is that it did not provide the requested discovery until after Plaintiffs filed their motion to compel. Fed.R.Civ.P. 37(a)(4)(A) explicitly provides for an award of fees under these circumstances:

---

[1] Mr. Ryan's letter of November 24, 2004, promising to provide interrogatory answers by Monday, November 29, was not received by Plaintiffs' counsel until after he had mailed the Motion to Compel to the Court for filing. As evidenced by Exhibit 2 to ZBR's Memorandum in Opposition, that promise was not to be trusted in any event. ZBR did not actually provide answers until December 3.

Page 2

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hl103408

> If the motion is granted **or if the disclosure or requested discovery is provided after the motion was filed**, the court shall, after providing an opportunity to be heard, require the party or deponent whose conduct necessitated the motion of the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees… (Emphasis added.)

ZBR also argues that Plaintiffs failed to comply with Local Rule 37.1(B). That rule provides that if "(I) opposing counsel has failed to respond to a request for a discovery conference within the seven day period set forth in subdivision (A), [or] (II) **opposing counsel has failed to attend a discovery conference** within fourteen (14) calendar days of the request …a dissatisfied party may file a motion and supporting memorandum." (emphasis added).

In his letter of November 19, 2004, Exhibit 8 to ZBR's Memorandum in Opposition, Mr. Ryan scheduled a discovery conference on November 23, 2004:

> I am … back in the office on Tuesday, November 23. I look forward to speaking with you then to discuss the remaining discovery issues.

Mr. Ryan then failed to attend that discovery conference when he refused to respond to Mr. Roach's attempt to reach him that day.

Local Rule 37.1(B) allows a dissatisfied party to bring a motion as soon as an opposing lawyer fails to attend a scheduled discovery conference. It does not require the party seeking discovery to continue to chase the opposing lawyer around once he has demonstrated his disinterest in addressing the issues in good faith.

It is on the foregoing basis that Mr. Roach truthfully certified in Plaintiffs' Motion to Compel that the requirements of Local Rule 37.1 had been complied with, and it is on this basis that Plaintiffs are entitled to their reasonable expenses incurred in bringing their Motion to Compel.

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hl103408

Dated this 13th day of December, 2004.

                                                                   Respectfully submitted on behalf of the Plaintiffs, EK Ventures I, LLC; David L. Taylor; David L. Taylor and Virginia L. Taylor as Trustees for the Taylor Family Revocable Trust; and Flextronics International Ltd.

                                                                   _____
Jerold T. Everard, WSBA # 17142
Douglas R. Roach, WSBA # 21127
*Admitted Pro Hac Vice*
GROFF MURPHY TRACHTENBERG
& EVERARD
300 East Pine Street
Seattle, Washington 98122
Telephone: (206) 628-9500
Facsimile: (206) 628-9506

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing was served on counsel for all parties via first-class mail/electronically on December 13, 2004.

                                            _____
                                            Douglas R. Roach

10585 0002 hl103408