UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. TAYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., <br><br> Defendants <br><br> and <br><br> JAMES R. BARTLETT, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADLEY A. JAY, <br><br> Third-Party Defendants | No: 1:03-CV-12506-NMG |

**DEFENDANT Z.B.R. PUBLICATIONS, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

**PRELIMINARY STATEMENT**

Defendant Z.B.R. Publications, Inc. ("ZBR") submits this Memorandum in Opposition to Plaintiffs' Motion to Compel Discovery Requests. Plaintiffs' motion should be denied because, while Plaintiffs' Motion gives the opposite impression, ZBR has responded to Plaintiffs'

BOS1442781.1

discovery requests. Following the breakdown of settlement negotiations between the parties in late October, and Plaintiffs' revocation of a voluntary stay of discovery, ZBR served objections to Plaintiffs' requests for documents and interrogatories on October 27, 2004, which Plaintiffs failed to reference in their motion. A copy is attached as Exhibit 1. In addition, ZBR also produced over one thousand pages of documents referenced in its initial disclosures on November 8, 2004. Plaintiffs also neglected to reference this substantial document production in their motion. Both the objections and the document production predate Plaintiffs' Motion.

In addition, ZBR produced nearly six thousand pages of documents responsive to Plaintiffs' document requests on December 1, 2004. ZBR provided written responses to Plaintiffs interrogatories on December 3, 2004, a copy of which is attached as Exhibit 2. Indeed, since the termination of the parties' informal stay of discovery, ZBR has responded to all of Plaintiffs' outstanding requests and has produced thousands of pages of responsive documents. ZBR continues to produce responsive, non-privileged documents subject to its limited objections. Accordingly, the Court's intervention in discovery in this action is unnecessary at this time. Moreover, Plaintiffs have failed to set forth in their Motion *any* of ZBR's responses to their discovery requests, and failed to set forth which requests they contend are inadequate, as required by Local Rule 37.1(B). Plaintiffs' Motion should be denied on this ground as well.

### PROCEDURAL BACKGROUND

Plaintiffs filed this action, which alleges fraud by ZBR and its former Chief Executive Officer James R. Bartlett in connection with ZBR's purchase of Bindco Inc. in 2000, on December 12, 2003. Immediately following argument on motions to dismiss in February 2004, the parties agreed to a case management schedule pursuant to Local Rule 16.1. At the request of

Plaintiffs' counsel, the parties postponed their initial disclosures, pursuant to Fed.R.Civ.P. 26, until May 2004, pending settlement negotiations.[1]

On August 4, 2004, Plaintiffs served document requests and interrogatories on ZBR. Because of ongoing settlement negotiations, however, Plaintiffs agreed to postpone ZBR's obligation to respond. Shortly thereafter, in September 2004, the parties jointly moved to extend the Case Management Order deadlines. At Plaintiffs' counsel's insistence, however, those deadlines were extended for only an additional three months.

On October 5, 2004, Plaintiffs agreed to further postpone ZBR's obligation to respond to discovery requests. No fixed deadline for ZBR's response was established. *See* October 4, 2004 letter from ZBR's counsel to Plaintiffs' counsel, attached as Exhibit 3. On October 25, 2004, Plaintiffs' counsel unilaterally revoked the agreed-to stay of discovery, stating that, in light of ZBR's and Bartlett's alleged failure to adequately respond to Plaintiffs' proposed terms sheet, Plaintiffs "had no choice but to proceed with the long delayed production of documents from each of your clients." A copy of the October 25, 2004 letter is attached as Exhibit 4.

ZBR's counsel received Plaintiffs' letter after business hours on October 25. On October 27, ZBR faxed its objections to Plaintiffs' requests to Plaintiffs' counsel, and offered to produce responsive documents on November 4. A copy of the October 27 letter is attached as Exhibit 5. Due to Plaintiffs' counsel's scheduling conflicts, this production took place on November 8. *See* November 1 letter from Plaintiffs' counsel, attached as Exhibit 6.

On November 18, 2004, Plaintiffs' counsel sent a letter mischaracterizing ZBR's production and the parties' dealings over the prior two months. A copy of the November 18 letter is attached as Exhibit 7. Plaintiffs' counsel mischaracterized ZBR's responses as untimely,

---

[1] ZBR served its initial disclosures on March 9, 2004.

3

evidently asserting for the first time that the discovery stay that had been agreed to more than six weeks previously was actually only a one-week extension. Plaintiffs' counsel then mischaracterized ZBR's November 8 document production as having been "in response to Plaintiffs' document requests", when that production clearly constituted documents ZBR's initial disclosures. *See* Exhibt 5 ("...ZBR will make available documents responsive to its initial disclosures at the offices of Nixon Peabody at 9:00 a.m. on November 5.").

On November 19, ZBR's counsel responded to Plaintiffs' letter, addressing Plaintiffs' counsel's mischaracterizations. A copy of that letter is attached as Exhibit 8. Exhibit 8 also points out the location in ZBR's initial disclosures of certain documents Plaintiffs' contend to have been "absent". ZBR provided written responses to Plaintiffs' requests for production and produced additional responsive documents on November 23 and November 24, 2004. Copies of the transmittal letters are attached as Exhibits 9 and 10. Nevertheless, Plaintiffs' counsel filed his motion to compel on November 24, without referencing any of ZBR's productions.

## ARGUMENT

### I. Plaintiffs' Motion To Compel Is Moot

Plaintiffs' Motion to Compel asserts that "ZBR will not commit to a date certain by which it will provide" responses to interrogatories and requests for production. *See* Plaintiffs' Memorandum at 1. Plaintiffs' Motion, read on its own, would give the Court the incorrect impression that ZBR has not responded to any of Plaintiffs' discovery demands. This is clearly not the case, as set forth in the Procedural Background, *supra*. ZBR has in fact provided responses to interrogatories, and has produced nearly seven thousand pages of responsive documents. Plaintiffs' Motion is therefore moot, and should be denied. To the extent that

4

Plaintiffs have more particularized complaints concerning the nature of ZBR's responses, Plaintiffs have failed to confer with ZBR about such complaints, failed to particularize which responses they deem to have been inadequate, and failed to state with particularity which interrogatory or request for production is at issue, as required by L.R. 37.1(B)(4). Accordingly, Plaintiffs' Motion to Compel should be denied.

## II.  There Is No Basis For Awarding Plaintiffs' Their Expenses or "Sanctions"

In Point V of their Memorandum, Plaintiffs' request their "expenses and fees in bringing this motion as provided by Fed.R.Civ.P. 37(a)(4)(A)." There is no basis for awarding fees or imposing sanctions against ZBR, because ZBR has responded to Plaintiffs' discovery demands. In addition, Fed.R.Civ.P. 37(a)(4)(A) as modified by Local Rule 37.1 provides that a party give its opponent seven days to respond to a request to confer concerning a discovery dispute. Plaintiffs' counsel clearly did not do this, giving ZBR's counsel less than one day to respond to a request to confer before filing its motion to compel. *See* Affidavit of Douglas R. Roach, ¶ 4 ("On Tuesday, November 23 at 1:00 p.m., I telephoned Mr. Ryan and left a message on his voicemail asking Mr. Ryan to call me back to discuss ZBR's discovery responses, and stating that if Mr. Ryan did not do so before the end of the day, I would consider it a refusal to confer and proceed with a motion to compel."). Indeed, Plaintiffs' counsel's imposition of arbitrary deadlines and halfhearted attempts to confer do not meet Local Rule 7.1's requirement that a party certify that it conferred prior to bringing any motion and attempted in good faith to resolve or narrow the issue.[2]

---

[2]  Plaintiffs' counsel did not certify in his motion that he conferred pursuant to L.R. 7.1. Instead, he certified that "the provisions of L.R. 37.1 have been complied with." To the extent that Plaintiffs' counsel contends that, pursuant to L.R. 37.1(B), ZBR did not respond to a request for a discovery conference within seven days prior to filing of Plaintiffs' motion to compel, that certification is false.

5

Accordingly, there is no basis to award Plaintiffs attorneys fees or sanctions.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel should be denied in its entirety.

## REQUEST FOR HEARING

ZBR respectfully requests a hearing on this Motion, pursuant to Local Rule 7.1(D).

Respectfully submitted,

Z.B.R. PUBLICATIONS, INC.

By their attorneys,

_____
Melissa Bayer Tearney, BBO No. 558612
David Ryan, BBO No. 644037
Kristin D. Kuperstein, BBO No. 641710
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

Dated: December 8, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all parties who have appeared by mail on December 8, 2004.