UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. ATYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., <br><br>*Plaintiffs,* <br>v. <br><br>JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., <br><br>*Defendants,* <br><br>and <br><br>JAMES R. BARTLETT, <br><br>*Third Party Plaintiff,* <br>v. <br><br>GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADELY A. JAY, <br><br>*Third Party Defendants.* | C.A. No. 03-CV-12506-MNG |

**DEFENDANT JAMES R. BARTLETT'S MEMORANDUM IN SUPPORT OF
HIS MOTION TO DISMISS COUNT V OF THE SECOND AMENDED COMPLAINT**

**INTRODUCTION**

As will be shown below, Count V of the Plaintiffs' Second Amended Complaint (the "Complaint") against defendant James R. Bartlett ("Bartlett") asserts a derivative claim. As the

Plaintiffs have not complied with the requirements applicable to a derivative claim it should be dismissed, pursuant to Rules 12(b)(6) and 23.1 of the Federal Rules of Civil Procedure.

At the time that Plaintiffs filed their original Complaint in this action, Delaware law, which the parties agree is applicable here, instructed that the distinction between derivative claims and direct individual claims turned on the existence of a "special injury" to the party alleging the wrongdoing. *See Kramer v. Western Pacific Indus. Inc.,* 546 A.2d 348, 351 (Del. 1988); *Lipton v. News Int'l. Plc.,* 514 A.2d 1075, 1079 (Del. 1986).

On January 21, 2004, Bartlett filed a motion to dismiss (Document #8) the Plaintiffs' complaint in which he argued, *inter alia*, that Count V of the Complaint for breach of fiduciary duty should be dismissed under the *Kramer* line of cases. Defendant ZBR Publications, Inc. also filed a motion to dismiss (Document #13). On February 26, 2004, the Court (Young, C.J.) denied the defendants' motions to dismiss. The Court's brief Order (Document #34) which is quoted in full in the margin,[1] did not address Bartlett's contention that Plaintiffs' breach of fiduciary duty claim, Count V, asserted a derivative claim.

A month later, on April 2, 2004, in the case of *Tooley v. Donaldson, Lufkin, & Jenrette, Inc.,* 845 A.2d 1031 (Del. 2004), the Supreme Court of Delaware abolished the longstanding "special injury" test that Delaware courts had used to distinguish between direct and derivative claims. Declaring that the "special injury" concept previously used by Delaware courts to distinguish between direct and derivative actions was "amorphous," "confusing," and "not

---

[1] Pursuant to Conley v. Gibson, 355 U.S. 41, 45-46 (1957), this Court reviewed Defendants James R. Bartlett ("Bartlett) and Z.B.R. Publications, Inc.'s ("ZBR") Motions to Dismiss all claims arising from the sale of Bindco Corporation stock. Since the Plaintiffs have alleged sufficient facts to support their claims, and there remain factual questions as to the scope and applicability of the limitations period set out in the Stock Purchase and Sale Agreement governing the sale, the Plaintiffs have met their burden. Accordingly, this Court DENIES Bartlett's Motion to Dismiss [Doc. No. 8] and DENIES ZBR's Motion to Dismiss [Doc. No. 13]. SO ORDERED.

helpful to a proper analytical distinction," the Delaware Supreme Court overruled the "special injury" test and instituted a new test to determine the nature of a stockholder's claim. *Tooley v. Donaldson, Lufkin, & Jenrette, Inc.*, 845 A.2d at 1034-35. The court explained that both the "special injury" concept and the proposition that an action cannot be direct if all stockholders are equally affected were confusing propositions that "have encumbered our case law governing the direct/derivative distinction." *Id.* at 1038-39. Because the decision whether a suit is direct or derivative may be outcome determinative, the court reasoned that "it is necessary that a standard to distinguish such actions be clear, simple and consistently articulated and applied by our courts." *Id.* at 1036.

Under current Delaware law, as set forth in *Tooley*, the issue of whether a shareholder's claim is derivative or direct must turn "*solely* on the following questions: (1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)?" *Id.* at 1033 (emphasis in original). Of critical importance under the new *Tooley* test, is the principle that a stockholder pursuing a purportedly direct claim "must" be able to demonstrate "that he or she can prevail without showing an injury to the corporation." *Id* at 1039;[2] *accord In re Synchor Int'l Corp. Shareholders Litigation*, 857 A.2d. 994, 996 (Del. Ch. 2004); *Dieterich v. Harper*, 857 A.2d 1017, 1026 (Del. Ch. 2004).

As discussed below, when the *Tooley* test is applied to Count V of the Complaint, the inexorable conclusion is that it asserts a derivative claim. Because Plaintiffs have not even tried

---

[2] After announcing the new test, the court in *Tooley* did not apply it to the case before it, as the court upheld the chancellor's ruling that the plaintiff had failed to state a claim for either direct or derivative relief. *Id.* at 1039-40.

to comply with the requirements applicable to a derivative action, that count should be dismissed.

Recently a discovery controversy has arisen between Plaintiffs and Bartlett over whether "all documents relating to transactions between ZBR and/or GlobalWare [Solutions, Inc., ZBR's parent,] and relatives and personal associates of Bartlett" are discoverable by Plaintiffs. *See* Documents ## 52, 53, 56-58. In their Reply memorandum (Document #58) concerning that discovery matter filed on December 8, 2004, the Plaintiffs stated, "If Bartlett wishes to bring a new motion to dismiss, he should do so." *Id.* at 2.

Given the change in Delaware law and Plaintiffs' invitation, Bartlett now moves anew for an order dismissing Count V of Plaintiffs' Complaint.

## ALLEGED FACTS

Plaintiffs are the parties to a "STOCK PURCHASE AND SALE AGREEMENT for the Acquisition of BINDCO by GLOBALWARE SOLUTIONS, INC." dated February 4, 2000. *Complaint,* ¶¶ 9-11. They allege that all of them are "signators to the February 4, 2000 Agreement ('Agreement')." *Id.,* ¶ 10.

Defendant ZBR Publications, Inc. ("ZBR") and third-party defendant GlobalWare Solutions, Inc. ("GlobalWare") are parties to the Agreement. *Id.* ¶ 9. Bartlett "was the President and Chief Executive Officer of GlobalWare from January 2000 until on or about May 2003." *Id.,* ¶ 5. "At the time of the Agreement" he was also "the President and Chief Executive Officer of ZBR ...." *Id.,* ¶ 12.

Pursuant to the February 4, 2000 Agreement, GlobalWare acquired the Plaintiff's shares of Bindco Corporation ("Bindco"). *Complaint,* ¶¶ 9-11.[3]

---

[3]  A copy of the Agreement is attached as Exhibit A to the Affidavit Of Thomas S. Fitzpatrick In Support Of Defendant James R. Bartlett's [original] Motion To Dismiss

4

Plaintiffs allege that certain representations set out in Article VI of the February 4, 2000 Agreement were "false representations." *Complaint*, ¶¶ 13-15. These allegations form the basis of Plaintiffs' claims for breach of contract (Count I), breach of warranty (Count II), breach of implied covenant of good faith and fair dealing (Count III), negligent misrepresentation (Count IV), unjust enrichment (Count VI), violation of Chapter 93A, (Count VII) and fraud (Count VIII).

Plaintiffs' claim for breach of fiduciary duty (Count V), however, is based on separate and different allegations. In support of that claim, Plaintiffs allege that Bartlett engaged in a "pattern of misappropriation of corporate funds [of GlobalWare] for his personal benefit and that of his family and friends ...," *Complaint*, ¶ 32, and "improperly used GlobalWare corporate resources for his own personal benefit and that of his family and friends," *id.*, ¶ 31.

Plaintiffs further allege that in February of 2003, investor "Mezzanine [Management] made a[n] ... investment of approximately $4 million in GlobalWare" which resulted in it acquiring a "majority interest in GlobalWare of approximately 55%." *Id.*, ¶ 25. According to the Plaintiffs:

> In exchange for cooperation with Mezzanine's attempt to acquire a majority interest in GlobalWare in February, 2003, Bartlett extracted from Mezzanine certain benefits that inured to the personal benefit of Bartlett and Mezzanine, to the direct detriment of the Plaintiffs. Specifically, Bartlett obtained a release

---

[Document #11], dated January 21, 2004 and previously filed with the Court. While not an exhibit to the Complaint, the Court may consider the Agreement without converting the motion to dismiss to a motion for summary judgment. *Beddall v. State Street Bank And Trust Company*, 137 F.3d 12, 17 (1st Cir. 1998); *Citicorp North America, Inc. v. Ogden Matin Systems of Haverhill*, 8 F. Supp. 2d 72, 74 (D. Mass. 1998). The "court's inquiry into the viability of ... [plaintiffs'] allegations should not be hamstrung simply because" they did not "append to the complaint the very document upon which" their "allegations rest." *Beddall v. State Street Bank And Trust Company*, 137 F 3d at 17. The Agreement establishes that GlobalWare is a Delaware corporation, *Agreement*, p. 1, and that at the time of the closing of the acquisition of the shares of Bindco, ZBR was a wholly-owned subsidiary of GlobalWare, *id.*, § 4.05.

providing that GlobalWare would indemnify Bartlett against suits by, among others, the Plaintiffs.

*Id.*, ¶ 26.

These alleged facts form the basis of Plaintiffs' Count V for breach of fiduciary duty. *See id.*, ¶¶ 63-64.

## ARGUMENT

### COUNT V IS A DERIVATIVE CLAIM WHICH SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 23.1.

**A.    Under The *Tooley* Test, Count V Asserts A Derivative Claim.**

Under current Delaware law a stockholder pursuing a purportedly direct claim "must" be able to demonstrate "that he or she can prevail without showing an injury to the corporation." *Tooley v. Donaldson, Lufkin, & Jenrette, Inc.*, 845 A.2d at 1039; *accord In re Synchor Int'l Corp. Shareholders Litigation*, 857 A.2d. at, 996; *Dieterich v. Harper*, 857 A.2d at 1026. Given that Plaintiffs' allegations are that Bartlett "improperly used GlobalWare corporate resources for his own personal benefit and that of his family and friends," *Complaint*, ¶ 31, and that he engaged in "misappropriation of corporate funds", *id.*, ¶ 32, and that in February of 2003, he "obtained a release of liability to GlobalWare and indemnity from GlobalWare", *id.*, ¶ 64, Plaintiffs cannot demonstrate that they can prevail without showing an injury to GlobalWare.[4]

The critical predicate of Plaintiffs' theory is that Bartlett injured GlobalWare by misappropriating funds and improperly diverting corporate resources to himself, his family and his friends. *Complaint*, ¶¶ 31-32. The theory continues that Bartlett then arranged a release of GlobalWare's claims arising from that alleged misconduct, which caused further injury to the

---

[4]    While in paragraph 65 of their Complaint, Plaintiffs make cryptic allegations that Bartlett excluded them "from corporate governance and decision making," and failed to "hold proper board meetings," they make no allegation that they were denied a right to vote their shares or the breach of any contractual obligation. Absent such allegations, Plaintiffs have not stated any injury, whether derivative or direct, that befell them.

corporation. *Id.*, ¶ 64. Plaintiffs do not allege that their own claims were released, only that Bartlett "obtained a release of liability to GlobalWare and an indemnity from GlobalWare." *Id.* If that conduct was improper, the injured party was GlobalWare, which gave up allegedly viable claims, and not the Plaintiff stockholders. Thus, Plaintiffs cannot do that which *Tooley* says they "must" do, *i.e.*, "demonstrate" that they "can prevail without showing an injury to the corporation." *Tooley v. Donaldson, Lufkin & Jennette, Inc.*, 845 A.2d at 1039; *accord In re Synchor Int'l Corp. Shareholders Litigation*, 857 A.2d. at 996; *Dieterich v. Harper*, 857 A.2d at 1026. Accordingly, under current Delaware law, Count V of the Complaint asserts a derivative claim.

B.     **Count V Does Not Meet The Requirements Of Fed. R. Civ. P. 23.1**

Plaintiffs' derivative claim against Bartlett for breach of fiduciary duty should be dismissed because it fails to comply with the requirements of Rule 23.1 of the Federal Rules of Civil Procedure. First and foremost, the Complaint fails to:

> allege with particularity the efforts, if any, made by plaintiff to obtain the action the plaintiff desire from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort.

Fed. R. Civ. P. 23.1

Furthermore, the Complaint is not "verified" as required by the rule. *Id.*

These failures warrant dismissal of Count V of the Complaint. *Gonzalez Turul v. Rogatol Distributors, Inc.*, 951 F. 2d 1, 2 (1st Cir. 1991) ("this circuit vigorously enforces [Fed. R. Civ. P. 23.1] requirements and will dismiss derivative action where Plaintiffs do not comply"); *Heit v. Baird*, 567 F. 2d 1157, 1160 (1st Cir. 1977) (failure to comply with Fed. R. Civ. P. 23.1 "requires dismissal of the suit").

## CONCLUSION

For the foregoing reasons, Bartlett's Motion To Dismiss Count V Of The Second Amended Complaint should be allowed.

Defendant,

**JAMES R. BARTLETT**

By his attorneys,

Thomas S. Fitzpatrick/BBO #556453
DAVIS, MALM & D'AGOSTINE, P.C.
One Boston Place, 37th Floor
Boston, MA  02108
(617) 367-2500

Dated:  December 17, 2004

## CERTIFICATE OF SERVICE

I, Thomas S. Fitzpatrick, hereby certify that on December 17, 2004, the above memorandum was sent by first class mail and electronically to:

| | |
|---|---|
| David F. Anderson | danderson@lattianderson.com |
| Douglas R. Roach | droach@groffmurphy.com |
| David M. Ryan | dryan@nixonpeabody.com |
| Melissa B. Tearney | mtearney@nixonpeabody.com |

and by first class mail to:

Douglas R. Roach

Melissa B. Tearney

Thomas S. Fitzpatrick

343394v.1