UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. ATYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., <br><br>    *Plaintiffs*, <br>v. <br><br>JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., <br><br>    *Defendants*, <br><br>and <br><br>JAMES R. BARTLETT, <br><br>    *Third Party Plaintiff*, <br>v. <br><br>GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADELY A. JAY, <br><br>    *Third Party Defendants*. | C.A. No. 03-CV-12506-MNG |

**DEFENDANT JAMES R. BARTLETT'S MEMORANDUM
IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE
CROSS-CLAIM AGAINST DEFENDANT Z.B.R. PUBLICATIONS, INC.**

Defendant James R. Bartlett ("Bartlett") has moved for leave to file a cross-claim against

co-defendant Z.B.R. Publications, Inc. He seeks to assert a cross-claim against defendant Z.B.R.

Publications, Inc.[1] for indemnification based, on provisions of its Articles Of Organization, and for contribution, based on the allegedly wrongful actions taken by Z.B.R. Publications, Inc., including its employees and agents, other than Bartlett. A copy of Bartlett's proposed cross-claim is attached as Exhibit A to his motion.

As the filing of his proposed cross-claim-claim will not unfairly prejudice any party, he respectfully requests that the Court grant him leave to file it.

### FACTS RELEVANT TO THE PROPOSED CROSS-CLAIM

During the period June 30, 1999 through June 30, 2003, and at other times, Bartlett served as an officer and director of ZBR.

On December 12, 2003, the Plaintiffs filed this action against Bartlett and ZBR in the United States District Court for the District of Massachusetts (the "Lawsuit"), which includes claims allegedly arising, *inter alia,* from Bartlett's service as an officer and director of ZBR.

On March 18, 2004, Plaintiffs filed their Second Amended Complaint (Document # 37) in the Lawsuit.

The Lawsuit alleges that false representations were made by Bartlett, GlobalWare Solutions, Inc. ("GlobalWare") and ZBR, a wholly owned subsidiary of GlobalWare, to the Plaintiffs in order to induce them to sell their shares of Bindco Corporation to GlobalWare , including, without limitation, that:

    a.    false representations were made in ZBR's financial statements;

---

[1] On or about July 28, 2000, Z.B.R. Publications, Inc., amended its Articles Of Organization and filed with the Secretary of the Commonwealth of Massachusetts Articles Of Amendment changing the name of the corporation to "GlobalWare Solutions Massachusetts, Inc." For purposes of this motion, defendant Z.B.R. Publications, Inc., a/k/a GlobalWare Solutions Massachusetts, Inc., is referred to herein as "ZBR."

2

    b.    false statements were made that ZBR's financial statements were prepared in accordance with generally accepted accounting principals consistently applied;

    c.    false statements were made that the ZBR's Financial Statements fairly presented in all material respects the financial position of ZBR;

    d.    false statements were made about ZBR's contracts and liabilities;

    e.    false statements were made about ZBR's employment agreements; and

    f.    other false statements and material omissions were made.

Bartlett denies that he, or anyone else, made the false statements, representations and material omissions alleged by the Plaintiffs. However, if the alleged false statements, representations and material omissions upon which Plaintiffs base their claims were made, they were made, either in whole or in part, by employees and/or agents of ZBR, other than Bartlett, including ZBR's in-house and outside accountants and financial advisors. Thus, in the event that Plaintiffs should receive any judgment against Bartlett, for damages for their alleged injuries, then Bartlett will be entitled to contribution from ZBR toward all damages, attorneys fees, and costs awarded to Plaintiffs.

    Paragraph 6C of Article VI of ZBR's Articles Of Organization provides, in pertinent part:

> Each director and each officer elected by the stockholders (including persons elected by directors to fill vacancies in the Board of Directors or in any such offices), and each former director and officer, and the heirs, executors, administrators and assigns of each of them, shall be indemnified by the Corporation against all costs and expenses, including fees and disbursements of counsel and the cost of settlements (other than amounts paid to the Corporation itself), reasonably incurred by or imposed upon him in connection with or arising out of any action, suit or proceeding, civil or criminal, in which he may be involved, or incurred in anticipation of any action, suit or proceeding, by reason of his being or having been an officer or director of the Corporation or by reason of any action alleged to have been taken or omitted by him as a director or officer of the Corporation.

Pursuant to that provision in ZBR's Articles Of Organization, Bartlett is entitled to be indemnified by ZBR against all costs and expenses arising out of the Lawsuit.

## THE TIMING OF BARTLETT'S MOTION

Bartlett understands and anticipates that ZBR will oppose Bartlett's motion for leave to file his cross-claim. Because ZBR's opposition may raise the timing of the motion, Bartlett will address that issue here.

Prior to the filing of this Lawsuit on December 12, 2003, Bartlett's counsel and counsel for ZBR and GlobalWare and for its majority shareholder were engaged in settlement discussions which encompassed all of the varied claims and controversies between those parties. *Affidavit Of Thomas S. Fitzpatrick,*[2] ¶ 2. Those settlement discussions were very productive and led to substantial agreement on the parameters of a settlement. *Id.*

The Plaintiffs' filing of the Lawsuit, and other factors, disrupted and derailed the consummation of a settlement. *Id.*, ¶ 3. After the Lawsuit was filed, Bartlett and ZBR served their respective motions to dismiss and automatic disclosures. *Id.* In addition, Bartlett served document requests on ZBR and the Plaintiffs. *Id.* Counsel for Bartlett, GlobalWare and ZBR, however, resumed their settlement discussions and by February of 2004, an agreement on the parameters of a new settlement, subject to certain conditions precedent, was reached. *Id.* In June of 2004, the material terms of the settlement, again subject to certain conditions precedent, were agreed upon. *Id.*

Counsel then negotiated a detailed term sheet which was signed by the parties between September 30, 2004 and October 5, 2004. *Id.*, ¶ 4. Bartlett's counsel then drafted and tendered

---

[2] The Affidavit Of Thomas S. Fitzpatrick In Support Of Bartlett's Motion For Leave To File Cross-Claim Against Defendant Z.B.R. Publications, Inc. is attached hereto as Exhibit A.

4

settlement documentation, while representatives of GlobalWare and ZBR worked towards satisfying the conditions precedent. *Id.*

On December 6, 2004, counsel for GlobalWare and ZBR reported to Bartlett's counsel that the "settlement was off" due, *inter alia*, to the inability to satisfy certain of the conditions precedent. *Id.*, ¶ 5.

During the period from June of 2004, when the parties reached agreement on the material terms of the settlement, until December 6, 2004, Bartlett, GlobalWare and ZBR operated under an informal truce in this Lawsuit and in the other litigation between the parties. *Id.*, ¶ 6. Accordingly, during that period those parties did not serve motions or discovery requests directed at each other. *Id.*

Once the settlement collapsed and the informal truce ended, Bartlett promptly brought this motion for leave to file his cross-claim against ZBR. *Id.*, ¶ 7.

## ZBR WILL NOT BE PREJUDICED

Bartlett's cross-claims are for indemnification under ZBR's Articles Of Organization, which is quoted above and in paragraph 13 of the proposed cross-claim, and for contribution. The indemnification claim presents a legal issue and the contribution claim turns on who, if anyone, made the misrepresentations and material omissions alleged by the Plaintiffs. That is, of course, a factual matter already squarely in the case. Thus, the cross-claim does not introduce new factual issue requiring additional discovery by the parties.

Even if it did, the discovery deadline is not until March 15, 2005, and as of the date hereof no depositions have been taken in the case. Accordingly, ZBR cannot claim any unfair prejudice resulting from the timing of Bartlett's assertion of his cross-claim.

5

## CONCLUSION

For the forgoing reasons, Bartlett respectfully requests that this Court grant him leave to file cross-claim against ZBR.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(D), Bartlett requests a hearing on his motion for leave to file a cross-claim against ZBR.

Defendant,

**JAMES R. BARTLETT**

By his attorneys,

_____
Thomas S. Fitzpatrick/BBO #556453
DAVIS, MALM & D'AGOSTINE, P.C.
One Boston Place, 37th Floor
Boston, MA 02108
(617) 367-2500

## CERTIFICATE OF SERVICE

I, Thomas S. Fitzpatrick, hereby certify that on December 20, 2004, the above memorandum, was sent electronically to:

| | |
|---|---|
| David F. Anderson | danderson@lattianderson.com |
| Douglas R. Roach | droach@groffmurphy.com |
| David M. Ryan | dryan@nixonpeabody.com |
| Melissa B. Tearney | mtearney@nixonpeabody.com |

and by first class mail to:

Douglas R. Roach

Melissa B. Tearney

_____
Thomas S. Fitzpatrick

343777v.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. ATYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., <br><br> *Plaintiffs*, <br> v. <br><br> JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., <br><br> *Defendants*, <br><br> and <br><br> JAMES R. BARTLETT, <br><br> *Third Party Plaintiff*, <br><br> v. <br><br> GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADELY A. JAY, <br><br> *Third Party Defendants*. | C.A. No. 03-CV-12506-MNG |

**AFFIDAVIT OF THOMAS S. FITZPATRICK IN SUPPORT OF
DEFENDANT JAMES R. BARTLETT'S MOTION FOR LEAVE TO
FILE CROSS-CLAIM AGAINST DEFENDANT Z.B.R. PUBLICATIONS, INC.**

I, Thomas S. Fitzpatrick, Esq., hereby depose and state as follows:

1. I am a shareholder and director of Davis, Malm & D'Agostine, P.C. and counsel for defendant James R. Bartlett ("Bartlett"). I submit this affidavit in support of his motion for

leave to file a cross-claim against co-defendant Z.B.R. Publications, Inc. ("ZBR"). This affidavit is made upon my own personal knowledge.

2. Prior to the filing of this lawsuit on December 12, 2003, I participated in settlement discussions with Melissa B. Tearney, Esq., counsel for ZBR and its parent, GlobalWare Solutions, Inc. ("GlobalWare"), and with Christopher Manno, Esq., counsel for GlobalWare's majority shareholder, Mezzanine Management. Those settlement discussions encompassed all of the varied claims and controversies between our respective clients. Our discussions were very productive and led to substantial agreement on the parameters of a settlement.

3. The Plaintiffs' filing of this lawsuit, and other factors, disrupted and derailed the consummation of a settlement. After this case was filed, Bartlett and ZBR served their respective motions to dismiss and automatic disclosures in this action. In addition, Bartlett served document requests on ZBR and the Plaintiffs. Ms. Tearney, Mr. Manno and I, however, resumed our settlement discussions and by February of 2004, Mr. Manno and I had reached agreement on the parameters of a new settlement, which was subject to certain conditions precedent. By June of 2004, the material terms of the settlement, again subject to certain conditions precedent, were agreed upon.

4. We then negotiated a detailed term sheet, which was signed by the parties between September 30, 2004 and October 5, 2004. I then drafted and tendered settlement documentation, while representatives of Mezzanine Management, GlobalWare and ZBR worked towards satisfying the conditions precedent.

5. On December 6, 2004, Ms. Tearney and Mr. Manno reported to me that the "settlement was off" due, *inter alia*, to the inability to satisfy certain of the conditions precedent.

6. During the period from June of 2004, when the parties reached agreement on the material terms of the settlement, until December 6, 2004, Bartlett, GlobalWare and ZBR operated under an informal truce in this action and in the other litigation between the parties. Accordingly, during that period those parties did not serve motions or discovery requests directed at each other.

7. Once the settlement collapsed and the informal truce ended, I promptly prepared and filed Bartlett's motion for leave to file his cross-claim against ZBR.

Signed under the pains and penalties of perjury this 20th day of December, 2004.

_/s/ Thomas S. Fitzpatrick_
Thomas S. Fitzpatrick