UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. TAYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., <br><br>　　　　Defendants <br><br>　　　　and <br><br>JAMES R. BARTLETT, <br><br>　　　　Third-Party Plaintiff, <br><br>　v. <br><br>GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADLEY A. JAY, <br><br>　　　　Third-Party Defendants | No: 1:03-CV-12506-NMG |

**JOINT MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO EXTEND SCHEDULING ORDER**

　　　Plaintiffs EK Ventures, I, LLC et al., Defendant Z.B.R. Publications, and Third-Party Defendants GlobalWare Solutions, Inc., Anthony Rudston, and Bradley A. Jay, (collectively the "Moving Parties") submit this Memorandum of Law in support of their joint motion to extend

BOS1447829.2                              1

the scheduling dates in this matter.[1]

## Procedural Background

This action was commenced on December 12, 2003, asserting claims arising from a February 4, 2000 Stock Purchase and Sale Agreement. The discovery period in this case is set to close on March 15, 2005, with plaintiffs' expert reports due by January 15, 2005, defendants' expert reports due by February 15, 2005, dispositive motions filed by April 15, 2005, and the case ready for trial by June 15, 2005. The parties had been engaged in substantial settlement negotiations to resolve this action.

## Argument

**Point I: The Parties Require A Brief Three-Month Extension to Complete Discovery**

The parties had engaged in substantial settlement negotiations for a period of several months prior to filing this motion. In order to complete discovery in an orderly fashion, the Moving Parties require a brief, three-month extension of the Scheduling Order deadlines. Motions to extend scheduling orders are granted upon a showing of good cause. *Cabana v. Forcier*, 200 F.R.D. 9, 15 (D. Mass. 2001); Wright & Miller, *Federal Practice and Procedure*, § 1522.1 (1990). The "good cause" standard is a liberal one that is met by a simple showing—with or without a motion—that the deadlines cannot reasonably be met despite the diligence of the parties. *See* Advisory Comment Note to 1983 amendments to Fed. R. Civ. P. 16 ("…a formal motion is not necessary—the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension"). The Advisory Comment further notes that, if the standard were more strict than good cause, parties would be encouraged to request the longest possible periods to complete discovery out of "a fear

---

[1] Defendant James R. Bartlett has not joined this motion.

that extensions will not be granted". *Id.* *See also Inge v. Rock Financial Corp.*, 281 F.3d 613 (6th Cir. 2002) (good cause found for modifying scheduling order even after it had expired); *Vulcan Tools of Puerto Rico v. Makita USA, Inc.*, 23 F.3d 564 (1st Cir. 1994) (good cause to extend deadline for filing dispositive motions after the deadline had expired because deadline for discovery had been extended).

Here the Moving Parties have better cause for modifying the scheduling order than were present in *Inge* and *Vulcan Tools* because the deadlines at issue have not yet expired. The Moving Parties had been engaged in significant settlement negotiations, and now realize, *before* the expirations of the applicable deadlines, that discovery and expert reports may not be completed within the current Scheduling Order timeframes, despite the Moving Parties' diligence in participating in discovery over other past several months. Moreover, defendant and third-party plaintiff James R. Bartlett filed, on December 20, 2004, a motion for leave to file a cross-claim against GlobalWare, about which GlobalWare will wish to seek discovery. Finally, neither the parties nor the Court will be prejudiced by this extension of the scheduling order.

Accordingly, the Moving Parties respectfully request that the Court extend the current scheduling order as follows:

|  | Current Deadline | Proposed Deadline |
|---|---|---|
| All final experts are to be designated and disclosure of information contemplated by FRCP, Rule 26 provided by the Plaintiff | 1/15/05 | 4/15/05 |
| All final experts are to be designated and disclosure of information contemplated by FRCP, Rule 26 provided by the Defendants | 2/15/05 | 5/14/05 |
| Discovery to be completed | 3/15/05 | 6/15/05 |
| Dispositive motions filed | 4/15/05 | 7/15/05 |

| | | |
|---|---|---|
| Pretrial conference | 5/05 | 8/05 |
| Trial | 6/15/05 | 9/15/05 |

## CONCLUSION

For the foregoing reasons, the Moving Parties respectfully request that the Court modify the Scheduing Order as set forth above, and grant such other relief as the Court deems proper.

Respectfully submitted,

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR and VIRGINIA L. TAYLOR as trustees for the TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., | Z.B.R. PUBLICATIONS, INC., GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON, and BRADLEY A. JAY |
| By their attorneys, | By their attorneys, |
| /s/ Douglas R. Roach, DMR by permission | /s/ David M. Ryan |
| _____ | _____ |
| Douglas R. Roach, WSBA#22127 BBO#558612*Admitted Pro Hac V* GROFF MURPHY TRACHTENBERG & EVERARD 300 East Pine Street Seattle, Washington 98122 (206) 628-9500 | Melissa Bayer Tearney, David M. Ryan, BBO#644037 NIXON PEABODY LLP 100 Summer Street Boston, Massachusetts 02110 (617) 345-1000 |

Dated:  December  23, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party electronically on December 23, 2004

/s/ David M. Ryan

_____

David M. Ryan