UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. TAYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., <br><br> *Plaintiffs*, <br> v. <br><br> JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., <br><br> *Defendants*, <br><br> and <br><br> JAMES R. BARTLETT, <br><br> *Third Party Plaintiff*, <br><br> v. <br><br> GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADELY A. JAY, <br><br> *Third Party Defendants*. | C.A. No. 03-CV-12506-MNG |

**DEFENDANT JAMES R. BARTLETT'S OPPOSITION TO THE
MOTION TO EXTEND SCHEDULING ORDER**

**INTRODUCTION**

Defendant, James R. Bartlett ("Bartlett"), hereby opposes the Joint Motion To Extend Scheduling Order filed by the plaintiffs, defendant Z.B.R. Publications, Inc. and the third-party defendants.

The current schedule provides an adequate period for the parties to complete discovery in the case and to prepare and file any Rule 56 motions. Accordingly, the motion should be denied.

## BACKGROUND

Plaintiffs filed this action over a year ago, on December 12, 2003.

On March 12, 2004, the Court (Young, C.J.) entered as a Case Management Scheduling Order (Document #36) the parties' Joint Discovery Plan And Case Management Proposal, which called for completion of discovery by December 15, 2004 and filing of dispositive motions by January 15, 2005.

On September 9, 2004, all of the parties, including Bartlett, filed a Joint Motion To Extend Scheduling Order (Document #50) requesting an extension of the deadlines in the case by three months. The parties explained that the reason for the requested extension was that they had "been diligently negotiating a settlement of this action."

On September 14, 2004, the Court (Gorton, D.J.) granted that joint motion thereby resetting the discovery deadline to March 15 2004 and the deadline for filling dispositive motions to April 15, 2005. The Court also reset the trial date to June 20, 2005.

In early December of 2004, the settlement discussions the parties had been pursuing collapsed.[1] At that time, three months still remained until the March 15, 2004 discovery deadline in the case.

## ARGUMENT

When the parties' settlement negotiations ceased in early December of 2004, the parties had, and still have, adequate time, *i.e.*, three months, to complete discovery in the case.

---

[1] In its December 5, 2004 Opposition To Plaintiffs' Motion To Compel Production Of Documents, Z.B.R. Publications, Inc. ("ZBR") took the position that "the breakdown of settlement negotiations between the parties" occurred "in late October."

2

Prior to the filing of the current Joint Motion, all parties had propounded document requests, propounded interrogatories and produced documents. Thus, there is sufficient time to take whatever depositions the parties deem necessary. Rather than seeking more time to do discovery, the parties should complete the necessary discovery within the current schedule, which has already been extended once.

At page 3 of their Joint Memorandum, the movants state:

> …Bartlett filed, on December 20, 2004, a motion for leave to file a cross-claim against [sic] GlobalWare, about which GlobalWare will wish to seek discovery.

This is a red herring. In the first instance, the proposed cross-claim is against ZBR and not against GlobalWare Solutions, Inc. *See* Document #65. Moreover, Bartlett's proposed cross-claims are for indemnification under ZBR's Articles Of Organization and for contribution. The indemnification claim presents a legal issue and the contribution claim turns on who, if anyone, made the misrepresentations and material omissions alleged by the plaintiffs. That is, of course, a factual matter already squarely in the case. Thus, the cross-claim does not introduce new factual issues requiring additional discovery by the parties. Even if it did, ZBR has ample time to conduct whatever discovery it needs with respect to the cross-claim. Indeed, as of the date hereof no depositions have been taken in the case. Accordingly, ZBR cannot claim that it lacks either the opportunity or the time to conduct discovery with respect to Bartlett's cross-claim.

## CONCLUSION

Bartlett respectfully requests that the Court deny the Joint Motion To Extend Scheduling Order.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(D), Bartlett requests a hearing on the motion to extend scheduling order.

Defendant

**JAMES R. BARTLETT**

By his attorneys,

Thomas S. Fitzpatrick/BBO #556453
DAVIS, MALM & D'AGOSTINE, P.C.
One Boston Place
Boston, Massachusetts 02108
(617) 367-2500

Dated: December 28, 2004

## CERTIFICATE OF SERVICE

I, Thomas S. Fitzpatrick, hereby certify that on December 28, 2004, the above opposition was sent electronically to:

| | |
|---|---|
| David F. Anderson | danderson@lattianderson.com |
| Douglas R. Roach | droach@groffmurphy.com |
| David M. Ryan | dryan@nixonpeabody.com |
| Melissa B. Tearney | mtearney@nixonpeabody.com |

and by first-class mail to:

Douglas R. Roach

Melissa B. Tearney

Thomas S. Fitzpatrick

350410v.1

4