# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. TAYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) | No: 1:03-CV-12506-NMG |
| ) ) | |
| v. ) ) | |
| JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., ) ) ) | |
| Defendants ) ) | |
| and ) ) | |
| JAMES R. BARTLETT, ) ) | |
| Third-Party Plaintiff, ) ) | |
| v. ) ) | |
| GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADLEY A. JAY, ) ) ) ) | |
| Third-Party Defendants ) | |

———————————————————)

## DEFENDANT Z.B.R. PUBLICATIONS, INC.'S OPPOSITION TO JAMES R. BARTLETT'S MOTION FOR LEAVE TO FILE CROSS-CLAIM

Pursuant to Fed. R. Civ. P. 15(g), Defendant Z.B.R. Publications, Inc. ("ZBR") submits this Opposition to Defendant and Third-Party Plaintiff James R. Bartlett's ("Bartlett's") Motion for Leave to File Cross-Claim Against Defendant Z.B.R. Publications, Inc. In support of its Opposition, ZBR states:

- Bartlett has filed a motion for leave to assert a cross-claim against ZBR for indemnification and contribution, based on facts Bartlett concedes are "already squarely in the case." Nevertheless, Bartlett has waited more than a year to assert this claim, just a few months before discovery closes.

- At the same time, Bartlett has opposed ZBR's and Plaintiffs' joint motion to extend the discovery deadline in this action.

- ZBR would be unfairly prejudiced if Bartlett were allowed to add new cross-claims near the close of discovery, without the discovery period being extended.

## ARGUMENT

Bartlett's motion to add a cross-claim against ZBR should be denied unless ZBR and Plaintiffs' Joint Motion to Extend the Scheduling Order Deadlines is extended. Currently, ZBR's expert reports are due on February 15, 2005 and discovery closes on March 15, 2005. Plaintiffs and ZBR have filed a joint motion to extend these deadlines, which Bartlett has opposed, on the grounds that there is adequate time to complete discovery under the current schedule. Almost simultaneously, Bartlett moved for permission to assert a cross-claim against ZBR for indemnification and contribution.

Bartlett has not provided any justification for waiting for more than one year to assert this cross-claim, which he concedes is not based on any recently discovered information. He has also failed to demonstrate that ZBR would not suffer prejudice if his eleventh hour motion to add a new claim were granted. Indeed, ZBR would be prejudiced, if the discovery deadlines are not extended, because in addition to completing existing discovery, ZBR would have to take discovery of Bartlett's new claims.

Motions for leave to assert cross-claims under Fed. R. Civ. P. 15(g) are denied if there is

"undue delay or undue prejudice would result to the opposing party if the amendment were allowed." *See Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 759 (7th Cir. 2002); *Palumbo v. Roberti*, 834 F. Supp. 46, 54 (D. Mass. 1993) (motions to add cross-claims may be denied if prejudicial). Here, ZBR would be prejudiced if Bartlett's last-minute motion to add cross-claims against ZBR were granted, unless the discovery deadlines were extended as well.

## CONCLUSION

For these reasons, Bartlett's Motion For Leave To Assert Cross-Claims Against ZBR should be denied, unless ZBR's and Plaintiffs' Joint Motion to Extend the Scheduling Order is granted.

Respectfully submitted,

Z.B.R. PUBLICATIONS, INC.

By their attorneys,

/s/ David M. Ryan

_____

Melissa Bayer Tearney, BBO No. 558612
David Ryan, BBO No. 644037
Kristin D. Kuperstein, BBO No. 641710
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Dated: December 30, 2004                (617) 345-1000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all parties who have appeared electronically on December 30, 2004.

/s/ David M. Ryan

_____

3