UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. TAYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., <br><br> Defendants. <br><br> *and* <br><br> JAMES R. BARTLETT, <br><br> Third Party Plaintiff <br><br> v. <br><br> GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADLEY A. JAY, <br><br> Third Party Defendants. | CIVIL ACTION <br><br> No. 03 CV 12506 NMG |

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO BARTLETT'S MOTION TO DISMISS COUNT V OF THE SECOND AMENDED COMPLAINT**

**I. INTRODUCTION**

Plaintiffs in the above-captioned matter hereby request that the Court deny Defendant James R. Bartlett's Motion to Dismiss Count V of the Second Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6), on the grounds that granting the motion would violate the established law

Page 1

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hl223417

of the case, and that, like the last time Bartlett made this argument, Plaintiffs have pled sufficient facts to support direct claims against Bartlett.

## II.   PROCEDURAL BACKGROUND

Plaintiffs filed their First Amended Complaint (Document #7) on January 8, 2004. On January 23, 2004, Bartlett filed a Motion to Dismiss the First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6). (Document #8) Among the arguments he made in support of that motion was that, under Delaware law, Plaintiffs claims for breach of fiduciary duty were actually derivative in nature. (Document #9 at pp. 8-10) Plaintiffs responded with a Memorandum in Response (Document #22) that argued, among other things, that Massachusetts, not Delaware law applied to their breach of fiduciary duty claims. *Id.* at p. 15, note 2  Plaintiffs further argued that as analyzed under either state's law, their claims were not derivative, but asserted damages to the Plaintiffs alone, and not the corporation of which they are stockholders. *Id.* at pp.15-17. The Court denied Bartlett's Motion to Dismiss on February 26, 2004, stating that the Plaintiffs had "alleged sufficient facts to support their claims." [Document 34]  Bartlett did not request clarification of the Court's reasoning at that time.

On March 18, 2004, the Court granted Plaintiffs' Motion for Leave to file Second Amended Complaint. (Document #37)  On March 29, 2004, Bartlett filed his Answer to Second Amended Complaint, Affirmative Defenses and Jury Demand. (Document #39)

In response to Plaintiffs' Motion to Compel Discovery Responses from Bartlett, (Documents #52 and 53) Bartlett argued that a recent Delaware Supreme Court case makes Plaintiffs' claim for breach of fiduciary duty derivative, and that he should not have to respond to discovery requests relating to that claim. Bartlett's Memorandum in Response to Plaintiffs' Motion to Compel (Document #56) at pp. 3-6. In reply (Document #58), plaintiffs suggested

Page 2

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hl223417

that if Bartlett wished reopen that issue, he should take it up with the Court but that Bartlett had no justification for refusing to produce information relating to claims that are currently part of the case. Id. at p. 2.

Now Bartlett asks this Court to reverse its earlier order and dismiss Plaintiffs' claim for breach of fiduciary duty.

## STANDARD OF REVIEW

When ruling on a motion pursuant to FRCP 12(b)(6), the Court must "accept the complaint's allegations as true, indulging all reasonable inferences in favor of [the Plaintiffs]." Kiely v. Raytheon Co., 105 F.3d 734, 735 (1st Cir. 1997). The complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim that would entitle [it] to relief." Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99 (1957).[1]

---

[1] In his new motion, Bartlett once again invites the Court to consider a purported copy of the February 4, 2000 Stock Purchase and Sale Agreement for the Acquisition of BINDCO by GLOBALWARE SOLUTIONS, INC. See Bartlett's Motion to Dismiss Count V of the Second Amended Complaint at footnote 3. Plaintiffs objected to that invitation in response to Bartlett's original motion as follows:

> In ruling on a Motion to Dismiss, the Court may consider only the allegations in the Complaint. One narrow exception to this general rule allows the Court to consider a document or contract when a complaint's factual allegations are expressly linked to – and admittedly dependent upon – that document. Beddall v. State Street Bank and Trust Company, 137 F.3d 12, 17 (1st Cir. 1998). For such a document to be considered on a Motion to Dismiss, the document must be "undisputed," and no party may dispute or question the authenticity of the document. Id. at 17. The rationale for this rule is that "while a plaintiff only is obliged to make provable allegations, the court's inquiry into the viability of those allegations should not be hamstrung simply because the plaintiff fails to append to the complaint the very document upon which by her own admission the allegations rest." Id. at 17. As discussed in greater detail below, there is in fact a dispute regarding what constitutes the complete Agreement. The Plaintiffs have not yet been permitted to review the original Agreement, and have not yet had an opportunity to conduct discovery relating to the facts surrounding the execution of the Agreement, the stock transfers made as consideration for the Agreement, and Bartlett's actions in ratifying the Agreement. See accompanying Affidavit of Jerold T. Everard. Thus, the

Page 3

10585 0002 hl223417

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

# I. ARGUMENT

A.  **Judge Young's Order Denying Bartlett's Motion To Dismiss Should Be Preserved As The Law Of The Case.**

The United States Supreme Court has defined the doctrine of the law of the case as follows:

> The law of the case posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case. *Arizona v. California*, 460 U.S. 605, 618, 75 L.Ed. 2d 318, 103 S.Ct. 1382 (1983) (dictum). This rule of practice promotes the finality and efficiency of the judicial process by "protecting against the agitation of settled issues" 1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice P0.404[1], p.118 (1984).

Here, Judge Young has already ruled on a motion to dismiss Plaintiffs' claim for breach of fiduciary duty against Bartlett, and this Court should not agitate that settled issue unless there is a compelling reason for doing so.

### 1. Massachusetts Law Provides An Alternative Basis For Judge Young's Ruling

Although a court retains the power to reconsider decisions which have become the law of the case in light of changes in the law, it need not do so if there was an alternative basis for its ruling that is unaffected by the change. *United States v. Thomas*, 11 F.3d 732, 736 (7th Cir. 1993).

In response to Bartlett's earlier Motion to Dismiss, Plaintiffs argued that Massachusetts' law, not Delaware, applied to their breach of fiduciary duty claims, because they are suing

---

Agreement is "disputed" and should not be considered by the court as the definitive, complete document. Id.

Memorandum in Response to Bartlett's Motion to Dismiss First Amended Complaint [Document 22] at p. 5.

To the extent the document is even relevant to the single claim at issue here, Plaintiffs renew their objection to Bartlett's new attempt to introduce the Agreement in support of his new Motion to Dismiss.

Page 4

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hl223417

Bartlett personally as individuals, for actions that all took place in Massachusetts. *See* Plaintiffs' Memorandum In Response to Bartlett's Motion to Dismiss (Document #22) at p. 15, note 2. Plaintiffs then supported their position with numerous citations to Massachusetts cases. *Id.* at p. 15. Bartlett did not address this choice-of-law question in support of his original motion, so it is altogether likely that Judge Young accepted Plaintiffs' position and denied Bartlett's motion on the basis of Massachusetts law. As there has been no change in Massachusetts law since Judge Young entered his order, there is no reason to revisit his decision now.

### 2. The *Tooley* Decision Does Not Deprive Plaintiffs Of A Private Right Of Action.

Even if Judge Young based his decision on Delaware law, there is no reason to overturn that decision on the basis of *Tooley v. Donaldson, Lufkin, & Jenrette, In*c. 845 A.2d 1031 (Del. 2004). That is because *Tooley* does not actually change prior law, it merely clarifies the test to be applied to the direct/derivative analysis:

> The proper analysis has been and should remain that stated in *Grimes*,[2] *Kramer*,[3] and *Parnes*.[4] That is, a court should look to the nature of the wrong and to whom the relief should go. The stockholder's claimed direct injury must be independent of any alleged injury to the corporation. The stockholder must demonstrate that the duty breached was owed to the stockholder and that he or she can prevail without showing an injury to the corporation.

*Id.* at 1039.

The nature of the wrongs alleged against Bartlett are set forth in the Plaintiffs' Second Amended Complaint as follows:

---

[2] *Grimes v. Donald*, 673 A.2d 1207 (Del. 1996)

[3] *Kramer v. Western Pacific Industries, Inc.*, 546 A.2d 348 (Del. 1988)

[4] *Parnes v. Bally Entertainment Corp.*, 722 A.2d 1243 (Del. 1999)

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hl223417

63. Among Bartlett's acts and omissions constituting breaches of fiduciary duty to the Plaintiffs was his handling of the February 2003 transaction between Globalware and Mezzanine and subsequent dealings with Mezzanine, in which Bartlett sought and obtained personal benefit to the direct detriment of the Plaintiffs' interests as minority shareholders of Globalware.

64. Among Bartlett's acts and omissions constituting breaches of fiduciary duty to the Plaintiffs was Bartlett's withholding and concealment of material information regarding the terms of the February 2003 transaction with Mezzanine pursuant to which Bartlett obtained a release of liability to Globalware and an indemnity from Globalware as conditions of Mezzanine's obtaining a majority interest in Globalware.

65. Among Bartlett's acts and omissions constituting breaches of fiduciary duty to the Plaintiffs was his continuous practice of improperly excluding the Plaintiffs from corporate governance and decision making, failing to hold proper board meetings when required, and freezing the Plaintiff minority shareholders out of corporate decision making through improper means, in direct contravention of Delaware Law, Globalware's bylaws, and Bartlett's fiduciary duties to the Plaintiffs.

Second Amended Complaint (Document #37) at ¶¶ 63 – 65. *See also Id.* at ¶¶ 21 – 28 (alleging in greater detail the facts relating to Bartlett's self-dealing transaction with Mezzanine, leading to the dilution of the Plaintiffs' shares in the company). Obviously, relief for these wrongs should go to plaintiffs, not the corporation.

As he did in his first motion to dismiss, Bartlett continues to ignore the allegations set forth above in his present motion, focusing instead on Plaintiffs' allegations elsewhere in the Second Amended Complaint relating to Bartlett's misdeeds and his "misappropriation of corporate funds." Bartlett is mistaken in his contention that these allegations form the basis of the Plaintiffs' claims for breach of fiduciary duty. The core allegations giving rise to the Plaintiffs' claim of breach of fiduciary duty are called out in the count itself, and are precisely the type of injuries to the plaintiffs—independent of any injury to the corporation—giving rise to a viable private right of action for breach of fiduciary duty under the *Tooley* test.

Each of the allegations of Count V supports a claim for an independent, private right of action separate from derivative claims. The damage alleged by the Plaintiffs in

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hl223417

their breach of fiduciary duty count does not necessarily harm the corporation. In fact, according to the allegations, Bartlett's actions actually benefited the majority shareholders (Bartlett, and later, Mezzanine), and caused a unique harm to the Plaintiffs in their capacity as minority shareholders. *See* Second Amended Complaint (Document #37) at ¶ 21 – 28, 67 (alleging that "Plaintiffs' damages stemming from Bartlett's breach of fiduciary duty include dilution of the value of their shares as minority shareholders to the direct benefit of Bartlett, a majority shareholder at the time of the actions giving rise to the breach"). As is readily apparent, Plaintiffs can prevail on all of these claims without showing injury to the corporation, as required by the standard articulated by *Tooley*, which forms the sole basis of Bartlett's new motion to dismiss.[5]

The *Tooley* decision does not overturn earlier, correctly decided Delaware precedent. In fact, it expressly endorses *Grimes v. Donald*, 673 A.2d 1207 (Del. 1996) in which the court found that a claim that by entering into certain employment agreements with officers of the corporation the board had abdicated its responsibility to the stockholders was direct, and not derivative. *Id.* at 1038.

Plaintiffs in this case allege that Bartlett owed them a fiduciary duty to avoid self-dealing at their expense, to disclose the terms of his arrangements with Mezzanine, and to include them in corporate decision making and governance. Bartlett's abdication of these duties gives rise to direct claims by the plaintiffs.

---

[5] One of the two cases following *Tooley* cited by Bartlett, *Dietrich v. Harrar*, 857 A.2d 1017 (Del. Ch. 2004) unequivocally holds that claims based upon board members' failure to disclose pertinent information to stockholders are direct, "as they are based in rights secured to the stockholders by various statutes." *Id.* at 1029.

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hl223417

*Tooley* also reaffirmed the decision in *Lipton v. News International, Plc.*, 514 A.2d 1075 (Del. 1986), although the court criticized the standard it had used in that case. In *Lipton*, the court found that a minority shareholder had a direct claim against the corporation's management as a result of its manipulating a stock transaction to give itself veto power over any change in management. The Tooley court stated that the *Lipton* court "could have reached the same correct result by simply concluding that the manipulation directly and individually harmed the stockholders, without injuring the corporation." *Id.* at 1038.

So here, Bartlett's manipulation of the 2003 transaction with Mezzanine to the benefit of himself and Mezzanine directly and individually harmed the Plaintiffs in this case, without (necessarily) injuring the corporation. Plaintiffs' claims are therefore direct, and not derivative.

The foregoing demonstrates that even if Judge Young based his denial of Bartlett's original motion to dismiss on Delaware law, *Tooley* reinforces rather weakens the correctness of his decision.

## V. CONCLUSION

Plaintiffs respectfully request that this Court respect Judge Young's earlier decision denying Bartlett's motion to dismiss and deny his present motion as well. Even if the *Tooley* case changed the outcome under Delaware law (which it does not), there has been no change in Massachusetts law, which provides an alternate basis for Judge Young's decision. Even if Delaware law applies, *Tooley* does not invalidate Plaintiffs'

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hl223417

claims because they allege wrongs to the Plaintiffs as minority shareholders independent of injuries to the corporation.

Dated this 30th day of December, 2004.

Respectfully submitted on behalf of the Plaintiffs, EK Ventures I, LLC; David L. Taylor; David L. Taylor and Virginia L. Taylor as Trustees for the Taylor Family Revocable Trust; and Flextronics International Ltd.

_____
Jerold T. Everard, WSBA # 17142
Douglas R. Roach, WSBA # 21127
*Admitted Pro Hac Vice*
GROFF MURPHY TRACHTENBERG & EVERARD
300 East Pine Street
Seattle, Washington 98122
Telephone: (206) 628-9500
Facsimile: (206) 628-9506

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel for all parties via first-class mail/electronically on December 30, 2004.

_____
Douglas R. Roach

GROFF MURPHY TRACHTENBERG & EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 hl223417