UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. ATYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD.,<br><br>*Plaintiffs,*<br><br>v.<br><br>JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC.,<br><br>*Defendants,*<br><br>and<br><br>JAMES R. BARTLETT,<br><br>*Third Party Plaintiff,*<br><br>v.<br><br>GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADELY A. JAY,<br><br>*Third Party Defendants.* | C.A. No. 03-CV-12506-NMG |

**DEFENDANT JAMES R. BARTLETT'S MEMORAUNDUM IN SUPPORT OF HIS MOTION TO COMPEL PLAINTIFFS TO ANSWER INTERROGATORIES**

The Plaintiffs have, without any justifiable basis, refused to answer James R. Bartlett's First Set Of Interrogatories To Plaintiffs. Accordingly, defendant James R. Bartlett ("Bartlett") moves for an order of this Court compelling interrogatory answers from the Plaintiffs.

## RELEVANT BACKGROUND

On December 12, 2003, the Plaintiffs filed this action against Bartlett and ZBR Publications, Inc.[1]

On March 18, 2004, Plaintiffs filed their Second Amended Complaint (Document # 37).

The Second Amended Complaint alleges that false representations were made by Bartlett, GlobalWare Solutions, Inc. ("GWS") and ZBR, a wholly owned subsidiary of GWS, to the Plaintiffs in order to induce them to sell their shares of Bindco Corporation to GWS. According to the Second Amended Complaint those false representations allegedly included:

- a.  false representations made in ZBR's financial statements;

- b.  false statements made that ZBR's financial statements were prepared in accordance with generally accepted accounting principals consistently applied;

- c.  false statements made that the ZBR's Financial Statements fairly presented in all material respects the financial position of ZBR;

- d.  false statements made about ZBR's contracts and liabilities;

- e.  false statements made about ZBR's employment agreements; and

- f.  other false statements and material omissions.

*Id.*, ¶ 15.

On December 10, 2004, Bartlett served his First Set Of Interrogatories To The Plaintiffs. The interrogatories are contention interrogatories and number 1 through 7.

---

[1]    On or about July 28, 2000, Z.B.R. Publications, Inc., amended its Articles Of Organization and filed with the Secretary of the Commonwealth of Massachusetts Articles Of Amendment changing the name of the corporation to "GlobalWare Solutions Massachusetts, Inc." For purposes of this motion, defendant Z.B.R. Publications, Inc., a/k/a GlobalWare Solutions Massachusetts, Inc., is referred to herein as "ZBR."

On January 10, 2005, plaintiffs served their Objections To James R. Bartlett's First Set

Of Interrogatories To Plaintiffs, a copy of which is attached hereto as Exhibit A (the

"Objections"). Plaintiffs have asserted three "General Objections", the first two of which are

boilerplate objections not at issue here. The only objection of consequence is Plaintiffs' General

Objection No. 3, which states:

> 3.     Plaintiffs object to the number of interrogatories as being in violation of
> Paragraph 4 of the Joint Discovery Plan, which limits each party to 35
> interrogatories including subparts to each other side (or group of parties with a
> common interest). Defendant Bartlett's First Interrogatories to Plaintiffs, most of
> which consist of at least one compound question and many of which contain
> multiple subparts, contains at least 50 separate inquires. Plaintiffs are not
> obligated to respond to any of Bartlett's interrogatories until he has reduced the
> number to 35 or fewer, including subparts, as required by the Joint Discovery
> Plan.

The Objections do not contend that any of the interrogatories are vague, unduly

burdensome, overbroad or not reasonably calculated to lead to the discovery of admissible

evidence.

On January 11, 2005, Bartlett's undersigned counsel conducted a Local Rule 7.1(a)(2)

teleconference with counsel for the Plaintiffs, Douglas Roach, Esq. *Affidavit of Thomas S.

Fitzpatrick, Esq.*, ¶ 2.[2]  Mr. Roach explained that Plaintiffs' position is that Bartlett's

Interrogatory No. 1 constituted thirty-six (36) separate interrogatories, Interrogatory No. 2

constituted four (4) separate interrogatories, Interrogatory No. 3 constituted three (3) separate

interrogatories, Interrogatory No. 4 constituted two (2) separate interrogatories, Interrogatory No.

5 constituted two (2) separate interrogatories, Interrogatory No. 6 constituted one (1)

interrogatory, and Interrogatory No. 7 constituted three (3) separate interrogatories.

Bartlett accepts, for purposes of this motion, Plaintiffs' position as it relates to his

Interrogatories Nos. 2 through 7. Under that view, those interrogatories account for a total of

---

[2]       The Fitzpatrick Affidavit is attached hereto as Exhibit B.

fifteen (15) of Bartlett's allotment of thirty-five (35) interrogatories that he is permitted to serve

upon the Plaintiffs. Accordingly, the present controversy is whether Interrogatory No. 1 consists

of thirty-six (36) separate interrogatories.

**ARGUMENT**

## INTERROGATORY NO. 1

Identify with Particularity each and every false statement, false representation, false

warranty, misrepresentation, or material omission that Bartlett, ZBR and/or GWS made to

Bindco Corporation and/or any Plaintiff, including without limitation, those referred to in

paragraphs 15, 17, 27, 33, 34, 44, 52-58, 64, 74 and 79-83 of the Second Amended Complaint,

and for each such false statement, false representation, false warranty, misrepresentation or

material omission, State The Basis of Plaintiffs' contention that it was false or misleading.

## PLAINTIFFS' RESPONSE TO INTERROGATORY NO. 1

Plaintiffs have provided no specific response to Interrogatory No. 1.

## ARGUMENT AS TO INTERROGATORY NO. 1

At heart, Plaintiffs' case is one of alleged fraud. Their Second Amended Complaint,

however, is quite vague about what that fraud is. Interrogatory No. 1 quite reasonably inquires

as to what were the representations that constituted the fraud and what is the basis for contending

that the representations were false or misleading. At most, Interrogatory No. 1 constitutes two

separate interrogatories, and more likely only one. Plaintiffs' position that it constitutes thirty-

six separate interrogatories is wholly untenable.

Paragraph 4 of the Case Management Order in the case (Document # 37), permits Bartlett

to propound "thirty-five (35) interrogatories, including subparts," to the plaintiffs. This language

closely tracks Rule 33(a) of the Federal Rules of Civil Procedure which limits the number of

4

permitted interrogatories to "25 in number including all discrete subparts." Thus, the Advisory

Committee Notes, commentators and cases concerning Fed. R. Civ. P. 33(a) are instructive here.

The Advisory Committee Notes to the 1993 Amendments to Rule 33 state that "a

question asking about communications of a particular type should be treated as a single

interrogatory even though it requests that the times, place, persons present and contents be stated

separate for each such communication." 146 F.R.D. at 675-76. Thus, "an interrogatory

containing subparts directed at eliciting details concerning the common theme should be

considered a single question...." *Safeco Of America v. Rawstron*, 181 F.R.D. 441, 444 (C.D.

Cal. 1998), *quoting* 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal*

*Practice And Procedure*, § 2168.1 at 261 (2d ed. 1994).

The decision of the United States District Court for the District Of Nevada in *Kendall v.*

*GES Exposition Services, Inc.*, 174 F. R.D. 684 (D. Nev. 1997) is particularly instructive. It ruled

that each of the following interrogatories constituted one interrogatory:

> ***INTERROGATORY NO. 10:*** Was "KENDALL" given any warning/reprimand
> during her employment with Defendants? If so, identify each warning/reprimand
> by date of incident, brief description of the incident and person who administered
> the warning/reprimand by name, gender, position and address.

> ***INTERROGATORY NO. 16:*** In response to Plaintiff's Interrogatory No. 8,
> Defendants Answer by stating, inter alia, that Kendall was "called to work in
> freight GES after December 1991 and declined the work." Identify each and
> every instance by date, show and labor list reflecting Defendants' assertion that
> Kendall was called to work in freight at GES and declined. Also, identify the
> person who administered the labor call and drafted the labor list.

*Id.*, at 686-87.

Accordingly, where as here an interrogatory request disclosure of "each and every"

communication of a particular type, it only counts as one interrogatory. The fact that

Interrogatory No. 1 makes it clear that Bartlett seeks disclosure of "each and every" fraudulent

communication "including without limitation those referred to in" various paragraphs of the

5

Second Amended Complaint, which contain Plaintiffs' vague references to fraud, does not alter the analysis.

It is debatable whether the additional inquiry as to the basis for Plaintiffs' contention that the representations were false or misleading constitutes a separate interrogatory. However, for purposes of this motion, Bartlett will accept that view. Thus, Interrogatory No. 1 constitutes only two interrogatories not thirty-six. Those two plus the other fifteen attributable to Interrogatories Nos. 2 through 7 mean that Bartlett has propounded only seventeen interrogatories and is entitled to propound eighteen more.

## INTERROGATORY NO. 2

Identify with Particularity:

    a.    the "certain benefits that inured to the personal benefit of Bartlett and Mezzanine" referred to in paragraph 26 of the Second Amended Complaint;

    b.    "Bartlett's self-dealing transactions with Mezzanine" referred to in paragraph 28 of the Second Amended Complaint;

    c.    the "acts and omissions that resulted in freezing the Plaintiffs out of the company" referred to in paragraph 22 of the Second Amended Complaint; and

    d.    "Defendants' unfair or deceptive practices" referred to in paragraph 74 of the Second Amended Complaint.

## PLAINTIFFS' RESPONSE TO INTERROGATORY NO. 2

Plaintiffs have provided no specific response to Interrogatory No. 2.

## INTERROGATORY NO. 3

State with Particularity:

a.   "the value of ZBR as represented to the Plaintiffs in the Purchase and Sale
     Agreement" as referred to in paragraph C1 of Plaintiffs' FRCP Initial Disclosures;

b.   "the actual value of ZBR at the time of the transaction" as referred to in paragraph
     C2 of Plaintiffs' FRCP Initial Disclosures;

c.   "the diminunition in  value of the Plaintiffs' sharers of GlobalWare resulting from
     Defendant Bartlett's breaches of fiduciary duty to the Plaintiffs," as referred to in
     paragraph C2 of Plaintiffs' FRCP Initial Disclosures.

**PLAINTIFFS' RESPONSE TO INTERROGATORY NO. 3**

Plaintiffs have provided no specific response to Interrogatory No. 3.

**INTERROGATORY NO. 4**

State the value of each Plaintiffs' shares of GWS on the date such shares were issued and
with respect to each such value, State The Basis of Plaintiffs' position as to such value.

**PLAINTIFFS' RESPONSE TO INTERROGATORY NO. 4**

Plaintiffs have provided no specific response to Interrogatory No. 4.

**INTERROGATORY NO. 5**

State with Particularity each and every factor, cause or influence that has affected the
value of Plaintiffs' shares of GWS, including in your answer the dollar amount attributable to the
effect of each such factor, cause or influence.

**PLAINTIFFS' RESPONSE TO INTERROGATORY NO. 5**

Plaintiffs have provided no specific response to Interrogatory No. 5.

**PLAINTIFFS' RESPONSE TO INTERROGATORY NO. 5**

Plaintiffs have provided no specific response to Interrogatory No. 5.

**INTERROGATORY NO. 6**

State The Basis of David Taylor's denial of the allegations of paragraph 18 of the

Counterclaim.

**PLAINTIFFS' RESPONSE TO INTERROGATORY NO. 6**

Plaintiffs have provided no specific response to Interrogatory No. 6.

**INTERROGATORY NO. 7**

State The Basis of David Taylor's affirmative defenses to the Counterclaim.

**PLAINTIFFS' RESPONSE TO INTERROGATORY NO. 7**

Plaintiffs have provided no specific response to Interrogatory No. 7.

**CONCLUSION**

For the forgoing reasons, Bartlett respectfully requests that the Court allow his motion

and:

a. order Plaintiffs to answer Bartlett's first set of interrogatories within ten (10)

    calendar days of the Court's order;

b. order that Bartlett is entitled to propound eighteen (18) additional interrogatories

    to the Plaintiffs; and

c. such other and further relief as the Court deems just and proper.

**REQUEST FOR HEARING**

Pursuant to Local Rule 7.1(D), Bartlett requests a hearing on his motion to compel.

Defendant,

**JAMES R. BARTLETT**

By his attorneys,

Thomas S. Fitzpatrick/BBO #556453
DAVIS, MALM & D'AGOSTINE, P.C.
One Boston Place, 37th Floor
Boston, MA  02108
(617) 367-2500


## CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1(A)(2) AND 37.1(A)

I, Thomas S. Fitzpatrick, hereby certify that on January 11, 2005, I had a teleconference with plaintiffs' counsel, Douglas Roach, during which we conferred and attempted in good faith to narrow the issue raised by the above motion and that the provisions of Local Rules 7.1(A)(2) and 37.1(A) were complied with.

Thomas S. Fitzpatrick

Dated:  January 12, 2005

## CERTIFICATE OF SERVICE

I, Thomas S. Fitzpatrick, hereby certify that on January 12, 2005, the above

memorandum, was sent electronically to:

David F. Anderson     danderson@lattianderson.com

Douglas R. Roach     droach@groffmurphy.com

David M. Ryan     dryan@nixonpeabody.com

Melissa B. Tearney     mtearney@nixonpeabody.com

and by first class mail to:

Douglas R. Roach

Melissa B. Tearney


Thomas S. Fitzpatrick

10

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. TAYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., | CIVIL ACTION<br><br>No. 03 CV 12506 NMG |
|         Plaintiffs, | |
|    v. | |
| JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., | |
|         Defendants. | |
|        *and* | |
| JAMES R. BARTLETT, | |
|         Third Party Plaintiff | |
|    v. | |
| GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADLEY A. JAY, | |
|         Third Party Defendants. | |

## OBJECTIONS TO JAMES R. BARTLETT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS

### General Objections

1.    Plaintiffs object to the definitions and instructions to the extent that they seek to impose obligations in excess of those required by the Federal Rules of Civil Procedure.

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 la103402

2.     Plaintiffs object to the definitions and instructions to the extent that they seek to invade the attorney-client privilege, the work product immunity, joint prosecution privilege or other privilege.

3.     Plaintiffs object to the number of interrogatories as being in violation of Paragraph 4 of the Joint Discovery Plan, which limits each party to 35 interrogatories including subparts to each other side (or group of parties with a common interest). Defendant Bartlett's First Interrogatories to Plaintiffs, most of which consist of at least one compound question and many of which contain multiple subparts, contains at least 50 separate inquiries. Plaintiffs are not obliged to respond to any of Bartlett's interrogatories until he has reduced the number to 35 or fewer, including subparts, as required by the Joint Discovery Plan.

Dated this 10th day of January, 2005.

Respectfully submitted on behalf of the
Plaintiffs, EK Ventures I, LLC; David L.
Taylor; David L. Taylor and Virginia L.
Taylor as Trustees for the Taylor Family
Revocable Trust; and Flextronics
International Ltd.

Jerold T. Everard, WSBA # 17142
Douglas R. Roach, WSBA # 21127
*Admitted Pro Hac Vice*
GROFF MURPHY TRACHTENBERG
& EVERARD
300 East Pine Street
Seattle, Washington 98122
Telephone: (206) 628-9500
Facsimile: (206) 628-9506

Page 2

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 la103402

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel for all parties via first-class mail/electronically on January 10, 2005.

_____
Douglas R. Roach

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 la103402

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. TAYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., | CIVIL ACTION <br><br> No. 03 CV 12506 NMG |

          Plaintiffs,

    v.

JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC.,

          Defendants.

          *and*

JAMES R. BARTLETT,

          Third Party Plaintiff

    v.

GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADLEY A. JAY,

          Third Party Defendants.

## OBJECTIONS AND RESPONSES TO JAMES R. BARTLETT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

### General Objections

    1.    Plaintiffs object to these document requests to the extent that they seek information protected from disclosure by the attorney/client privilege, work product doctrine, joint prosecution and/or other privilege.

Page 1

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 ia103403

2.    Plaintiffs object to these document requests to the extent that they are overly broad, unduly burdensome, or attempt to require the Plaintiffs to produce documents not relevant and not reasonably calculated to lead to the discovery of admissible evidence under FRCP 26.

3.    Plaintiffs object to these document requests to the extent that the discovery is unreasonably cumulative or duplicative, is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the factors set forth in Local Rule 26(b)(2).

4.    Plaintiffs object to Defendant Bartlett's requests and instructions to the extent that they attempt to impose obligations greater than and/or different from those imposed by the Federal Rules of Civil Procedure.

5.    Plaintiffs object to Definition No. 7's inclusion of "related entities and their officers, directors, employees, agents and representatives." Plaintiffs will produce only documents in the possession, custody or control of the plaintiff entities, as required by FRCP 34 and Local Rule 34.

### OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

Request No. 6: Plaintiffs will produce all responsive non-privileged documents at a mutually agreeable time.

Request No. 7: Plaintiffs object to this request on the grounds that it seeks to invade the attorney-client privilege, the work product immunity, and the joint prosecution privilege. Subject to the foregoing objection, Plaintiffs will produce all responsive non-privileged documents at a mutually agreeable time.

Page 2

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 la103403

Request No. 8: To the extent such documents exist, Plaintiffs will produce all responsive non-privileged documents at a mutually agreeable time.

Request No. 9: To the extent such documents exist, Plaintiffs will produce all responsive non-privileged documents at a mutually agreeable time.

Request No. 10: To the extent such documents exist, Plaintiffs will produce all responsive non-privileged documents at a mutually agreeable time.

Request No. 11: Plaintiffs object to this request on the basis of the attorney-client privilege, the work product immunity, and the joint prosecution privilege. Subject to the foregoing objection and to the general objections set forth above, Plaintiffs will make all responsive non-privileged documents available at a mutually agreeable time.

Request No. 12: Plaintiffs restate their general objections. In addition, Plaintiffs object to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 13: Plaintiffs object to this request on the basis of the attorney-client privilege, the work product immunity, and the joint prosecution privilege. Subject to the foregoing objection and to the general objections set forth above, and to the extent not already produced, Plaintiffs will make all responsive non-privileged documents available at a mutually agreeable time.

Request No. 14: Plaintiffs object to this request on the basis of the attorney-client privilege, the work product immunity, and the joint prosecution privilege. Subject to the foregoing objection and to the general objections set forth above, and to the extent not already produced, Plaintiffs will make all responsive non-privileged documents available at a mutually agreeable time.

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

Request No. 15: Plaintiffs object to this request on the basis of the attorney-client privilege, the work product immunity, and the joint prosecution privilege. Subject to the foregoing objection and to the general objections set forth above, and to the extent not already produced, Plaintiffs will make all responsive non-privileged documents available at a mutually agreeable time.

Request No. 16: Plaintiffs object to this request on the basis of the attorney-client privilege, the work product immunity, and the joint prosecution privilege. Subject to the foregoing objection and to the general objections set forth above, and to the extent not already produced, Plaintiffs will make all responsive non-privileged documents available at a mutually agreeable time.

Request No. 17: Plaintiffs object to this request on the basis of the attorney-client privilege, the work product immunity, and the joint prosecution privilege. In addition, Plaintiffs object to Request for Production No. 17 on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited in time or with respect to subject matter. Subject to the foregoing objections and to the general objections set forth above, and to the extent not already produced, Plaintiffs will make all responsive non-privileged documents available at a mutually agreeable time.

Request No. 18: Plaintiffs object to this request on the basis of the attorney-client privilege, the work product immunity, and the joint prosecution privilege. In addition, Plaintiffs object to Request for Production No. 18 on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited in time or with respect to subject matter. Subject to the foregoing objections and

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 la103403

to the general objections set forth above, and to the extent not already produced, Plaintiffs will make all responsive non-privileged documents available at a mutually agreeable time.

Request No. 19:   Plaintiffs object to this request on the basis of the attorney-client privilege, the work product immunity, and the joint prosecution privilege.  Subject to the foregoing objection and to the general objections set forth above, and to the extent not already produced, Plaintiffs will make all responsive non-privileged documents available at a mutually agreeable time.

Request No. 20:  To the extent the requested document exists, and to the extent not covered by attorney-client privilege, work product immunity, or joint prosecution privilege, Plaintiffs will produce the requested document at a mutually agreeable time.

Request No. 21:  To the extent such documents exist, and to the extent not covered by attorney-client privilege or work product or joint prosecution immunity, Plaintiffs will produce the requested documents at a mutually agreeable time.

Request No. 22:  Plaintiffs object to the extent this request calls for documents covered by the attorney-client privilege, the work product immunity or the joint prosecution privilege. Subject to the foregoing objections and to the extent such documents exist, Plaintiffs will make them available at a mutually agreeable time.

Request No. 23:  Plaintiffs object to this request to the extent that it seeks documents protected by the attorney-client privilege, the work product immunity or the joint prosecution privilege.  Subject to the foregoing objection, Plaintiffs will produce the requested documents at a mutually agreeable time.

Request No. 24:  Plaintiffs object to this request to the extent that it seeks documents protected by the attorney-client privilege, the work product immunity or the joint prosecution

Page 5

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE:  (206) 628-9506

10585 0002 la103403

privilege. Subject to the foregoing objection, Plaintiffs will produce the requested documents at a mutually agreeable time.

    <u>Request No. 25:</u> Plaintiffs object to this request to the extent that it seeks documents protected by the attorney-client privilege, the work product immunity or the joint prosecution privilege. Subject to the foregoing objection, Plaintiffs will produce the requested documents at a mutually agreeable time.

    Dated this 10th day of January, 2005.

Respectfully submitted on behalf of the
Plaintiffs, EK Ventures I, LLC; David L.
Taylor; David L. Taylor and Virginia L.
Taylor as Trustees for the Taylor Family
Revocable Trust; and Flextronics
International Ltd.

_____
Jerold T. Everard, WSBA # 17142
Douglas R. Roach, WSBA # 21127
*Admitted Pro Hac Vice*
GROFF MURPHY TRACHTENBERG
& EVERARD
300 East Pine Street
Seattle, Washington 98122
Telephone: (206) 628-9500
Facsimile: (206) 628-9506


## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served on counsel for all parties via first-class mail/electronically on January 10, 2005.

_____
Douglas R. Roach

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 la103403

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. ATYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., <br><br> *Plaintiffs,* <br> v. <br><br> JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., <br><br> *Defendants,* <br><br> and <br><br> JAMES R. BARTLETT, <br><br> *Third Party Plaintiff,* <br><br> v. <br><br> GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADELY A. JAY, <br><br> *Third Party Defendants.* | C.A. No. 03-CV-12506-NMG |

**AFFIDAVIT OF THOMAS S. FITZPATRICK, ESQ.**

I, Thomas Fitzpatrick, hereby depose and state as follows:

1.     I am an attorney admitted to practice before the Courts of the Commonwealth and the United States District Court for the District of Massachusetts.  I am a shareholder and

director of Davis, Malm & D'Agostine, P.C., and counsel to defendant, James R. Bartlett ("Bartlett").

2.    On January 11, 2005, I had a Local Rule 7.1(a)(2) teleconference with plaintiffs' counsel, Douglas Roach, Esq., concerning the Objections To James R. Bartlett's First Set Of Interrogatories To Plaintiffs.  We discussed plaintiffs' objection to the number of interrogatories propounded by Bartlett.  He advised me that plaintiffs' position was that Bartlett's Interrogatory No. 1 constituted thirty-six (36) separate interrogatories, Interrogatory No. 2 constituted four (4) separate interrogatories, Interrogatory No. 3 constituted three (3) separate interrogatories, Interrogatory No. 4 constituted two (2) separate interrogatories, Interrogatory No. 5 constituted two (2) separate interrogatories, Interrogatory No. 6 constituted one (1) interrogatory, and Interrogatory No. 7 constituted three (3) separate interrogatories.

Signed under the pains and penalties of perjury this _12th_ day of January, 2005.

Thomas S. Fitzpatrick

2

351785v.1