UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. ATYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., | ) ) ) ) ) ) ) ) | C.A. No. 03-CV-12506-NMG |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | |
| JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., | ) ) ) | |
| *Defendants,* | ) ) | |
| and | ) ) | |
| JAMES R. BARTLETT, | ) ) | |
| *Third Party Plaintiff,* | ) ) | |
| v. | ) ) | |
| GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADELY A. JAY, | ) ) ) ) | |
| *Third Party Defendants.* | ) ) | |

**DEFENDANT JAMES R. BARTLETT'S MEMORAUNDUM
IN SUPPORT OF HIS MOTION TO COMPEL PLAINTIFFS TO PRODUCE
DOCUMENTS RESPONSIVE TO HIS SECOND REQUEST**

The Plaintiffs have failed to produce documents responsive to James R. Bartlett's Second

Request For Production Of Documents To Plaintiffs. Counsel for Plaintiffs is unable to say

when those documents will be produced. Accordingly, defendant James R. Bartlett ("Bartlett")

moves for an order of this Court compelling the Plaintiffs to produce documents responsive to

Bartlett's Second Request For Production (the "Second Request").

On December 9, 2004, Bartlett served his Second Request, a copy of which is attached

hereto as Exhibit A.

On January 10, 2005, Plaintiffs served their Objections And Responses To James R.

Bartlett's Second Request For Production Of Documents To Plaintiffs, a copy of which is

attached hereto as Exhibit B (the "Responses"). Plaintiffs' Responses, while asserting some

objections to the requests, indicates that in substantial part the "Plaintiffs will produce all

responsive non-privileged documents at a mutually agreeable time." Indeed, Plaintiffs agreed to

produce all non-privileged documents responsive to all but one of the requests. No documents,

however, were produced with the Responses.

On January 11, 2005, Bartlett's undersigned counsel conducted a Local Rule 7.1(A)(2)

teleconference with counsel for the Plaintiffs, Douglas Roach, Esq., concerning Plaintiffs'

production of documents responsive to the Second Request. *Affidavit of Thomas S. Fitzpatrick,*

*Esq.*, ¶ 2.[1]  Mr. Roach advised that he could not say when the Plaintiffs would produce those

documents responsive to the Second Request which the Plaintiffs agreed to produce. *Id.*

### ARGUMENT

The purpose of this motion is not to challenge the objections raised by the Plaintiffs in

their Responses, but simply to seek an order compelling them to produce that which they have

already said they "will produce."[2]  Plaintiffs' counsel is unable to say when Plaintiffs will do that

---

[1]     The Fitzpatrick Affidavit is attached hereto as Exhibit C.

[2]     Bartlett reserves the right to seek further relief with respect to the Plaintiff's objections
and the sufficiency of their document production after they have made that production.

and, thus, Bartlett has no commitment or promise from Plaintiffs as to when the production will be made. Accordingly, the Court should order that production.

**CONCLUSION**

For the forgoing reasons, Bartlett respectfully requests that the Court allow his motion to compel and:

a.  order Plaintiffs to produce all non-privileged documents responsive to Bartlett's document requests nos. 6-11 and 13-25 within ten (10) calendar days of the court's order; and

b.  grant such other and further relief as the Court deems just and proper.

Defendant,

**JAMES R. BARTLETT**

By his attorneys,

Thomas S. Fitzpatrick/BBO #556453
DAVIS, MALM & D'AGOSTINE, P.C.
One Boston Place, 37th Floor
Boston, MA  02108
(617) 367-2500

Dated:  January 13, 2005

3

## CERTIFICATE OF SERVICE

I, Thomas S. Fitzpatrick, hereby certify that on January 13, 2005, the above memorandum, was sent electronically to:

David F. Anderson     danderson@lattianderson.com

Douglas R. Roach     droach@groffmurphy.com

David M. Ryan     dryan@nixonpeabody.com

Melissa B. Tearney     mtearney@nixonpeabody.com

and by first class mail to:

Douglas R. Roach

Melissa B. Tearney

Thomas S. Fitzpatrick

4

351882v.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. ATYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., <br><br> *Plaintiffs,* <br><br> v. <br><br> JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., <br><br> *Defendants,* <br><br> and <br><br> JAMES R. BARTLETT, <br><br> *Third Party Plaintiff,* <br><br> v. <br><br> GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADLEY A. JAY, <br><br> *Third Party Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )      C.A. No. 03-CV-12506-MNG |

**JAMES R. BARTLETT'S SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rules 26 and 34 of the

Local Rules of the United States District Court for the District of Massachusetts, the defendant,

James R. Bartlett, hereby requests that the plaintiffs, EK Ventures I, LLC, David L. Taylor,

David L. Taylor and Virginia L. Taylor as Trustees for the Taylor Family Revocable Trust, and

Flextronics International Ltd. produce at the offices of its attorneys, Thomas Fitzpatrick, Esq.,

Davis, Malm & D'Agostine, P.C., One Boston Place, Boston, Massachusetts 02108, within thirty

(30) days of service hereof, for inspection and copying, all of the documents.

### DEFINITIONS

In addition to the definitions set forth below, each request for production of documents

incorporates the uniform definitions and rules of construction of Rule 26.5 of the Local Rules of

the United States District Court for the District of Massachusetts.

1.    "ZBR Publications, Inc." (hereinafter referred to as the "ZBR") as used herein

means and includes ZBR Publications, Inc., the defendant, and defendant-in-counterclaim, and

each of its affiliates, parents, predecessors, successors, subsidiaries, and each of its agents,

officers, servants, employees, directors, shareholders, representatives, investigators, insurers,

consultants, accountants and attorneys, and all persons formerly holding such positions and all

persons who have acted or purported to act on its behalf.

2.    "GlobalWare Solutions, Inc." (hereinafter referred to as "GWS") as used herein

means and includes GlobalWare Solutions, Inc, the third-party defendant and each of its

affiliates, parents, predecessors, successors, subsidiaries, and each of its agents, officers,

servants, employees, directors, shareholders, representatives, investigators, insurers, consultants,

accountants and attorneys, and all persons formerly holding such positions and all persons who

have acted or purported to act on its behalf.

3.    "James R. Bartlett" (hereinafter referred to as the "Bartlett") as used herein means

and includes James R. Bartlett, a defendant and plaintiff-in-counterclaim herein, and each of his

agents, servants, employees, representatives, investigators, consultants, accountants and

attorneys, and all persons formerly holding such positions and all persons who have acted or

purported to act on his behalf.

4.    "Plaintiffs" (hereinafter referred to as the "Plaintiff") as used herein means and

includes EK Ventures I, LLC, David L. Taylor, David L. Taylor and Virginia L. Taylor as

Trustees for the Taylor Family Trust, and Flextronics International Ltd., the plaintiffs herein, and

each of his/her/its affiliates, parents, predecessors, successors, subsidiaries, agents, servants,

employees, representatives, investigators, consultants, accountants and attorneys, and all persons

formerly holding such positions and all persons who have acted or purported to act on his/her/its

behalf.

5.    "Mezzanine Management" as used herein means and includes the international

mezzanine and private equity investment firm, which operates and does business in England

under the name "Mezzanine Management UK Limited," in France under the name "Mezzanine

Management France Sarl," in Germany under the name "Mezzanine Management

Beteiligungsberatung GmbH," and in the United States under the name "Mezzanine

Management, LLC," and includes Mezzanine Management Limited, a Bermuda limited company

and Mezzanine Management Fund III "A", a limited partnership established under the UK

Limited Partnership Act of 1907, Mezzanine Management Fund III "B", a limited partnership

established under the UK Limited Partnership Act of 1907, and Mezzanine Management Fund III

"C", a limited partnership established under the UK Limited Partnership Act of 1907, and each

of their affiliates, parents, predecessors, successors, subsidiaries, and each of its agents, officers,

servants, employees, directors, shareholders, representatives, investigators, insurers, consultants,

accountants and attorneys, and all persons formerly holding such positions and all persons who

have acted or purported to act on their behalf.

6.    "Document" or "documents" as used herein is synonymous in meaning and equal

in scope to the usage of the term in Fed. R. Civ. P. 34(a) and includes all written or graphic

material, however produced, or reproduced.  Such term includes, without limitation, the

3

following: the original and all copies (including all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise) of books, manuals, records, contracts, memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts or activities), notations of any sort of conversations (including telephone calls, meetings or other communications), minutes, diaries, calendars, desk pads, appointment books, notebooks, bulletins, forms, pamphlets, notices, statements, canceled checks, invoices, receipts, returns, summaries, correspondence, data cards, computer printouts, statistics, teletypes, telexes, worksheets, notes, drawings, letters, telegrams, reports, studies, interoffice and intra-office communications (whether prepared by the plaintiff for her or its own use or for transmittal, or received by the plaintiff), and all drafts, alterations modifications, changes, and amendments of any kind of the foregoing. Such term also includes, without limitation, graphic or aural records or representations of any kind (including photographs, charts, graphs, microfiche, microfilm, videotape, phonorecords, recordings, and motion pictures) and electronic, digital, or mechanical record and representations of any kind (including computer disc or the contents of any device for the light sensitive, electronic or magnetic storage or reproduction of written or oral words or images), any other data compilation of any kind and all tangible things.

7. "All Documents", as used herein, means every document as above defined known to the defendant to exist or to have existed and every document that can be discovered or located by reasonably diligent efforts.

8. As to the terms "each" and "every", as used herein, the term "each" includes the term "every" and the term "every" includes the term "each".

9. As to the terms "any" and "all", as used herein, the term "any" includes the term "all" and the term "all" includes the term "any".

10.    As to the terms "and" and "or", as used herein, the term "and" includes the term "or" and the term "or" includes the term "and".

11.    "You" means the party responding to this request for production of documents.

12.    "Second Amended Complaint" as used herein refers to the Second Amended Complaint And Demand For Jury Trial, and filed by Plaintiffs in the above-entitled action.

13.    "Answer" as used herein refers to any Answer filed by any defendant and/or defendant-in-counterclaim in this matter.

14.    "Counterclaim" as used herein refers to the Counterclaim and Jury Demand filed by Bartlett in this matter.

15.    "Party" as used herein refers to any party to this action filed under civil action number 03-CV-12506-MNG in the United States District Court for the District of Massachusetts.

## INSTRUCTIONS

1.    Without limiting the generality of this request, this Request for Production of Documents shall be deemed to include a request for all documents in the possession, custody or control of the person or entity to whom this Request for Production of Documents is directed, including, without limitation, any and all such documents in any personal file within the possession, custody and control of such person or entity and all Documents that such person or entity has the right to request from a third party or which could otherwise be obtained by such person or entity through reasonably diligent efforts.

2.    Each request made herein shall be deemed to include any further, additional or supplemental information or Document responsive to such request which is later discovered by, or comes into the possession, custody or control of the person or entity to whom this Request for Production of Documents is directed prior to the conclusion of the case in which this Request for Production of Documents is issued, and such person or entity shall produce any and all such

5

Documents at the time that such Documents come into such person's or entity's possession, custody or control.

3.    With respect to any Document withheld on the belief that the Document or some portion thereof may be privileged, counsel shall produce so much of each such Document as does not contain any alleged privileged information and shall furnish a written statement setting forth as to each such Document (or portion thereof) withheld on the basis of a privilege:

    (a)    the nature of the privilege which is being claimed and if the privilege is governed by state law, the state's privilege rule being invoked; and

    (b)    for Documents:

        (i)    the type of Document, e.g. letter or memorandum;

        (ii)    the general subject matter of the document;

        (iii)    the date of the Document; and

        (iv)    such other information as is sufficient to identify the Document for a subpoena duces tecum, including the author of the Document, the addressees of the Document, and any other recipients shown in the Document, and where not apparent, the relationship of the author , addressees and recipients to each other; and

    (c)    for oral communications:

        (i)    the name of the person making the communication and the names of the persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication;

        (ii)    the date and place of the communication; and

        (iii)    the general subject matter of the communication.

4.      Whenever and wherever appropriate, the singular form of any word contained in a particular request should also be interpreted in the plural.  Each request is to be construed independently and not in reference to any other requests for the purpose of limiting any response. The words "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of a particular request any Document which might otherwise be deemed to be beyond or outside its scope.

5.      This request encompasses all forms and manifestations of electronically stored and/or retrieved electronic information, in all electronic media (hard drive, diskette or tape), including but not limited to "e-mail."  Material responsive to this request should be produced on a formatted 3-1/2 inch diskette, double-sided, high-density in a DOS compatible format, or in CD-ROM optically readable DOS compatible format, clearly labeled as to the software product used to organize and manipulate the underlying data.

6.      This request is continuing in nature and you are required to seasonably and promptly amend and supplement your response if you learn that your response is incomplete or incorrect in any material respect.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

6.    All Documents provided by Plaintiffs in response to Defendant ZBR Publications, Inc.'s First Request For Production Of Documents To Plaintiffs dated November 24, 2004.

7.    All Documents constituting or concerning agreements or contracts among the Plaintiffs, including, without limitation, joint litigation agreements and the like.

8.    All of Bindco Corporations' quarterly and annual financial statements issued during the period January 1, 1998 to January 1, 2001.

9.    All of Bindco Corporation's minutes of board of director meetings, consents or other evidence of action by Bindco directors during the period January 1, 1998 to January 1, 2001.

10.    All notes taken or made at any meeting of the directors of Bindco Corporation during the period January 1, 1998 to January 1, 2001.

11.    All Documents concerning the transaction referred to in paragraphs 9 and 10 of the Second Amended Complaint, including without limitation:

    a.    financial or investment analysis;

    b.    agreements, letters of intent or drafts of such documents;

    c.    e-mails, notes, memoranda or correspondence concerning the transaction or negotiation of the transaction;

    d.    minutes, consents or other documents concerning board or shareholder consideration or approval of the transaction;

    e.    All Documents concerning any fairness hearing;

    f.    All Documents concerning any due diligence conducted by any person or entity;

    g.    bills or invoices of any attorney, accountant or advisor involved in the transaction, including without limitation, David Cohen, Esq.;

    h.    All Documents and Schedules referred to in Article IV of the February 4, 2000 Stock Purchase Agreement and all drafts of such documents.

12.    The operating agreement of EK Ventures, I, LLC and any amendments thereto.

13.    All Documents constituting or concerning offers to acquire or merge with Bindco Corporation during the period January 1, 1998 to January 1, 2001.

14.    All Documents concerning the value of any of the following corporations or the shares of
such corporations:

    a.    Bindco Corporation;

    b.    ZBR; or

    c.    GWS.

15.    All Documents with support, form the basis of or contradict the allegations contained in
paragraphs 15, 17, 18, 22, 26, 27, 28, 33, 34, 35, 36, 38, 40, 41, 45, 49, 52-56, 63-66, 73-
77, and 79-84 of the Second Amended Complaint.

16.    All Documents constituting or concerning communications between any of the Plaintiffs
and Mezzanine Management during the period January 1, 2001 to May 30, 2003,
including, without limitation, e-mails, correspondence and notes of meetings or
conversations.

17.    All documents constituting or concerning communications among any of the Plaintiffs
which refer to any of the following subject matters:

    a.    Bartlett;

    b.    Mezzanine Management; or

    c.    the alleged misrepresentations referenced in paragraph 15 of the Second Amended
Complaint.

18.    All Documents constituting or concerning communications between any of the Plaintiffs
and any other person or entity which refer to any of the following subject matters:

    a.    Bartlett;

    b.    Mezzanine Management; or

    c.    the alleged misrepresentations referenced in paragraph 15 of the Second Amended
Complaint.

19.    All Documents constituting or concerning investigative reports or analysis (including without limitation, such reports or analysis prepared by Argus Management Corp. or Kroll) provided or furnished to any of the Plaintiffs by ZBR, GWS or Mezzanine Management.

20.    Page one of the seventeen page fax produced by the Plaintiffs as SHIR 01463-01478.

21.    All Documents constituting or concerning "our final complaint" referred to in Gary Lortie's August 19, 2003 e-mail to David Taylor (SHIR 00997).

22.    All Documents constituting or concerning material provided or furnished to any of the Plaintiffs by ZBR, GWS or Mezzanine Management in response to requests for information on Bartlett, *e.g.*, SHIR 00941, 00927 and TAYL 00240.

23.    All Documents concerning meetings of GWS's board of directors during the period January 1, 2000 to the present.

24.    All Documents concerning the Mezzanine Management investments in GWS, including without limitation, the investments referred to in paragraphs 23 to 26 of the Second Amended Complaint.

25.    All Documents concerning the transactions, actions and agreements referred to in GWS's

Unanimous Written Consent Of The Board Of Directors dated February 11, 2003.

Defendant,

**JAMES R. BARTLETT**

By his attorneys,

Thomas S. Fitzpatrick/BBO #556453
Davis, Malm & D'Agostine, P.C.
One Boston Place, 37th Floor
Boston, MA 02108
(617) 367-2500

Dated:  December 9, 2004

I HEREBY CERTIFY THAT A COPY OF THE ABOVE DOCUMENT
WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH
PARTY BY MAIL/HAND ON 12-7-04

11

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF MASSACHUSETTS

EK VENTURES I, LLC; DAVID L. TAYLOR;
DAVID L. TAYLOR AND VIRGINIA L.
TAYLOR as TRUSTEES FOR THE TAYLOR
FAMILY REVOCABLE TRUST; and
FLEXTRONICS INTERNATIONAL LTD.,

        Plaintiffs,

    v.

JAMES R. BARTLETT and Z.B.R.
PUBLICATIONS, INC.,

        Defendants.

        *and*

JAMES R. BARTLETT,

        Third Party Plaintiff

    v.

GLOBALWARE SOLUTIONS, INC.,
ANTHONY RUDSTON and BRADLEY A. JAY,

        Third Party Defendants.

CIVIL ACTION

No. 03 CV 12506 NMG

## OBJECTIONS AND RESPONSES TO JAMES R. BARTLETT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

### General Objections

1.    Plaintiffs object to these document requests to the extent that they seek information protected from disclosure by the attorney/client privilege, work product doctrine, joint prosecution and/or other privilege.

Page 1

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 la103403

2.     Plaintiffs object to these document requests to the extent that they are overly broad, unduly burdensome, or attempt to require the Plaintiffs to produce documents not relevant and not reasonably calculated to lead to the discovery of admissible evidence under FRCP 26.

3.     Plaintiffs object to these document requests to the extent that the discovery is unreasonably cumulative or duplicative, is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the factors set forth in Local Rule 26(b)(2).

4.     Plaintiffs object to Defendant Bartlett's requests and instructions to the extent that they attempt to impose obligations greater than and/or different from those imposed by the Federal Rules of Civil Procedure.

5.     Plaintiffs object to Definition No. 7's inclusion of "related entities and their officers, directors, employees, agents and representatives." Plaintiffs will produce only documents in the possession, custody or control of the plaintiff entities, as required by FRCP 34 and Local Rule 34.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

Request No. 6: Plaintiffs will produce all responsive non-privileged documents at a mutually agreeable time.

Request No. 7: Plaintiffs object to this request on the grounds that it seeks to invade the attorney-client privilege, the work product immunity, and the joint prosecution privilege. Subject to the foregoing objection, Plaintiffs will produce all responsive non-privileged documents at a mutually agreeable time.

Page 2

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 la103403

Sent by: GROFF & MURPHY          206 628 9506;          01/10/05 1:51PM; JetFax #672;Page 7/10

Request No. 8: To the extent such documents exist, Plaintiffs will produce all responsive non-privileged documents at a mutually agreeable time.

Request No. 9: To the extent such documents exist, Plaintiffs will produce all responsive non-privileged documents at a mutually agreeable time.

Request No. 10: To the extent such documents exist, Plaintiffs will produce all responsive non-privileged documents at a mutually agreeable time.

Request No. 11: Plaintiffs object to this request on the basis of the attorney-client privilege, the work product immunity, and the joint prosecution privilege. Subject to the foregoing objection and to the general objections set forth above, Plaintiffs will make all responsive non-privileged documents available at a mutually agreeable time.

Request No. 12: Plaintiffs restate their general objections. In addition, Plaintiffs object to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 13: Plaintiffs object to this request on the basis of the attorney-client privilege, the work product immunity, and the joint prosecution privilege. Subject to the foregoing objection and to the general objections set forth above, and to the extent not already produced, Plaintiffs will make all responsive non-privileged documents available at a mutually agreeable time.

Request No. 14: Plaintiffs object to this request on the basis of the attorney-client privilege, the work product immunity, and the joint prosecution privilege. Subject to the foregoing objection and to the general objections set forth above, and to the extent not already produced, Plaintiffs will make all responsive non-privileged documents available at a mutually agreeable time.

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 ia103403

Request No. 15:  Plaintiffs object to this request on the basis of the attorney-client privilege, the work product immunity, and the joint prosecution privilege.  Subject to the foregoing objection and to the general objections set forth above, and to the extent not already produced, Plaintiffs will make all responsive non-privileged documents available at a mutually agreeable time.

Request No. 16:  Plaintiffs object to this request on the basis of the attorney-client privilege, the work product immunity, and the joint prosecution privilege.  Subject to the foregoing objection and to the general objections set forth above, and to the extent not already produced, Plaintiffs will make all responsive non-privileged documents available at a mutually agreeable time.

Request No. 17:  Plaintiffs object to this request on the basis of the attorney-client privilege, the work product immunity, and the joint prosecution privilege.  In addition, Plaintiffs object to Request for Production No. 17 on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited in time or with respect to subject matter.  Subject to the foregoing objections and to the general objections set forth above, and to the extent not already produced, Plaintiffs will make all responsive non-privileged documents available at a mutually agreeable time.

Request No. 18:  Plaintiffs object to this request on the basis of the attorney-client privilege, the work product immunity, and the joint prosecution privilege.  In addition, Plaintiffs object to Request for Production No. 18 on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited in time or with respect to subject matter.  Subject to the foregoing objections and

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

Sent by: GROFF & MURPHY    206 628 9506;    01/10/05 1:52PM;JetFax #672;Page 9/10

to the general objections set forth above, and to the extent not already produced, Plaintiffs will make all responsive non-privileged documents available at a mutually agreeable time.

Request No. 19:   Plaintiffs object to this request on the basis of the attorney-client privilege, the work product immunity, and the joint prosecution privilege.  Subject to the foregoing objection and to the general objections set forth above, and to the extent not already produced, Plaintiffs will make all responsive non-privileged documents available at a mutually agreeable time.

Request No. 20:  To the extent the requested document exists, and to the extent not covered by attorney-client privilege, work product immunity, or joint prosecution privilege, Plaintiffs will produce the requested document at a mutually agreeable time.

Request No. 21:  To the extent such documents exist, and to the extent not covered by attorney-client privilege or work product or joint prosecution immunity, Plaintiffs will produce the requested documents at a mutually agreeable time.

Request No. 22:  Plaintiffs object to the extent this request calls for documents covered by the attorney-client privilege, the work product immunity or the joint prosecution privilege. Subject to the foregoing objections and to the extent such documents exist, Plaintiffs will make them available at a mutually agreeable time.

Request No. 23:  Plaintiffs object to this request to the extent that it seeks documents protected by the attorney-client privilege, the work product immunity or the joint prosecution privilege.  Subject to the foregoing objection, Plaintiffs will produce the requested documents at a mutually agreeable time.

Request No. 24:  Plaintiffs object to this request to the extent that it seeks documents protected by the attorney-client privilege, the work product immunity or the joint prosecution

Page 5

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

privilege. Subject to the foregoing objection, Plaintiffs will produce the requested documents at a mutually agreeable time.

Request No. 25: Plaintiffs object to this request to the extent that it seeks documents protected by the attorney-client privilege, the work product immunity or the joint prosecution privilege. Subject to the foregoing objection, Plaintiffs will produce the requested documents at a mutually agreeable time.

Dated this 10th day of January, 2005.

> Respectfully submitted on behalf of the Plaintiffs, EK Ventures I, LLC; David L. Taylor; David L. Taylor and Virginia L. Taylor as Trustees for the Taylor Family Revocable Trust; and Flextronics International Ltd.
>
> Jerold T. Everard, WSBA # 17142
> Douglas R. Roach, WSBA # 21127
> *Admitted Pro Hac Vice*
> GROFF MURPHY TRACHTENBERG & EVERARD
> 300 East Pine Street
> Seattle, Washington 98122
> Telephone: (206) 628-9500
> Facsimile: (206) 628-9506

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel for all parties via first-class mail/electronically on January 10, 2005.

Douglas R. Roach

Page 6

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 la103403

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. ATYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., )))))))) | C.A. No. 03-CV-12506-NMG |
| *Plaintiffs,* ) | |
| v. ) | |
| JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., )) | |
| *Defendants,* ) | |
| and ) | |
| JAMES R. BARTLETT, ) | |
| *Third Party Plaintiff,* ) | |
| v. ) | |
| GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADELY A. JAY, )) | |
| *Third Party Defendants.* ) | |

**AFFIDAVIT OF THOMAS S. FITZPATRICK, ESQ.**

I, Thomas Fitzpatrick, hereby depose and state as follows:

1.      I am an attorney admitted to practice before the Courts of the Commonwealth and the United States District Court for the District of Massachusetts.  I am a shareholder and

director of Davis, Malm & D'Agostine, P.C., and counsel to defendant, James R. Bartlett ("Bartlett").

2.    On January 11, 2005, I had a Local Rule 7.1(A)(2) teleconference with plaintiffs' counsel, Douglas Roach, Esq., concerning the plaintiffs' production of documents responsive to James R. Bartlett's Second Request For Production Of Documents To Plaintiffs.  He advised me that he could not say when the plaintiffs would produce those documents responsive to that document request which the plaintiffs had agreed to produce.

Signed under the pains and penalties of perjury this 13th day of January, 2005.

Thomas S. Fitzpatrick

2