UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. TAYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., <br><br> Defendants. <br><br> *and* <br><br> JAMES R. BARTLETT, <br><br> Third Party Plaintiff <br><br> v. <br><br> GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADLEY A. JAY, <br><br> Third Party Defendants. | CIVIL ACTION <br><br> No. 03 CV 12506 NMG |

**PLAINTIFFS' RESPONSE TO DEFENDANT BARTLETT'S MOTION TO COMPEL PLAINTIFFS TO ANSWER INTERROGATORIES**

Defendant Bartlett tries to squeeze at least 36 separate questions into a single interrogatory in order to avoid the 35-question limit in the Joint Discovery Plan governing this case. He does so by making the untenable oversimplification that Plaintiffs' allegations of at least 18 separate instances of false statements, representations, warranties, and omissions by

Page 1

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 ia253402

Bartlett all relate to the same "theme" of fraud by Mr. Bartlett against the plaintiffs. In fact, Plaintiffs are not alleging a single instance of fraud by Bartlett, but are alleging numerous separate acts of deceit over a period of several years, and relating to several different transactions.

Bartlett places his primary reliance on *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684 (D.Nev. 1997). That court stated:

> Probably the best test of whether subsequent questions, within a single interrogatory, are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question? Genuine subparts should not be counted as separate interrogatories. However, discrete or separate questions should be counted as separate interrogatories, notwithstanding they are joined by a conjunctive word, and may be related.

*Id.* at 685-86

Using that test, the *Kendall* court found the two interrogatories cited by Bartlett to contain only one question each. That is not surprising because each related to whether one particular thing had happened: Was the plaintiff given any warnings before being fired, and did the plaintiff refuse any request that she return to work? *Id.* at 686.

Bartlett's Interrogatory No. 1 is of a different type, however. That interrogatory seeks information about numerous specific misrepresentations Bartlett made in connection with the February 4, 2000 Stock Purchase Agreement between GlobalWare and Bindco, the February 2003 Mezzanine investment in GlobalWare--some concerning the financial condition of the companies in question, and some relating to Bartlett's own activities as an officer--and in connection with Bartlett's activities over his entire tenure at the companies. Three of the

Page 2

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 ia253402

paragraphs cited by Bartlett in his omnibus interrogatory (paragraphs 15 and 74) have six discrete allegations of malfeasance each, and one of them (paragraph 80) has five.

A request to identify the false statements in ZBR's year 2000 financial reports is independent of a request to identify false statements Bartlett made in the Stock Purchase Agreement, which is also independent of a request to identify instances of Bartlett's self-dealing over the years, and of misrepresentations and omissions in connection with the 2003 Mezzanine investment, etc.

Plaintiffs consider Bartlett's request to identify each false statement, omission, etc. in each of the paragraphs he enumerates to make up at least 18 separate questions. Bartlett acknowledges that his further request for Plaintiffs to state the basis of Plaintiffs' contention that each statement or omission was misleading doubles the number of questions in that interrogatory. *See* Bartlett's Memorandum in Support of Motion to Compel Interrogatory Answers from the Plaintiffs at page 6. Two times 18 is 36, which more than exhausts Bartlett's allotment of interrogatories for the entire case.

### Plaintiffs Are Entitled to Their Fees For Opposing This Motion

Plaintiffs request the Court to award them their reasonable expenses and attorneys' fees incurred in opposing this motion, as provided by Fed.R.Civ.P 37(a)(4)(B).

Page 3

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 ia253402

Dated this 25th day of January, 2005.

        Respectfully submitted on behalf of the Plaintiffs, EK Ventures I, LLC; David L. Taylor; David L. Taylor and Virginia L. Taylor as Trustees for the Taylor Family Revocable Trust; and Flextronics International Ltd.

_____
Jerold T. Everard, WSBA # 17142
Douglas R. Roach, WSBA # 21127
*Admitted Pro Hac Vice*
GROFF MURPHY TRACHTENBERG & EVERARD
300 East Pine Street
Seattle, Washington 98122
Telephone: (206) 628-9500
Facsimile: (206) 628-9506

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel for all parties via first-class mail/electronically on January 25, 2005.

_____
Douglas R. Roach

Page 4

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

10585 0002 ia253402