UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. ATYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., <br><br> *Plaintiffs*, <br> v. <br><br> JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., <br><br> *Defendants*, <br><br> and <br><br> JAMES R. BARTLETT, <br><br> *Third Party Plaintiff*, <br> v. <br><br> GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADELY A. JAY, <br><br> *Third Party Defendants*. | C.A. No. 03-CV-12506-NMG |

**DEFENDANT JAMES R. BARTLETT'S MEMORANDUM
IN SUPPORT OF MOTION TO QUASH SUBPOENA**

Defendant James R. Bartlett ("Bartlett") has moved, pursuant to Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure and Local Rule 7.1, to quash Request No. 25 of the subpoena *duces tecum* served upon the keeper of the records of Bartlett's accountant Levine Katz

Nannis & Solomon, P.C. ("Levine") (the "Subpoena"),[1] by the corporate Defendant Z.B.R. Publications Inc. ("ZBR"), Third Party Defendants GlobalWare Solutions, Inc. ("GlobalWare"), Anthony Rudston ("Rudston"), and Bradely A. Jay ("Jay") (collectively "Subpoenaing Defendants"). Bartlett seeks to quash the Subpoena to the extent it seeks production of Bartlett's personal income tax returns on grounds that his Massachusetts returns are subject to an absolute privilege and his Federal returns are subject to an applicable qualified privilege from discovery. Simply put, Bartlett's income tax returns have no bearing on any of the claims asserted in this action.

## SUBPOENAED MATERIALS

ZBR, GlobalWare, Rudston and Jay have subpoenaed documents within the control of Levine relating to, *inter alia*, Bartlett's personal tax returns. Specifically, Request No. 25 seeks production of "[a]ll documents concerning Bartlett's tax returns from January 1, 1998 through December 31, 2003."[2]

## ARGUMENT

The Court should quash Request No. 25 of the Subpoena because Bartlett's Massachusetts income tax returns are subject to privilege, and his Federal income tax returns are subject to a qualified privilege that is applicable in this instance. "On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure

---

[1]  A true and accurate copy of the Subpoena is attached hereto as Exhibit A.

[2]  In addition, the subpoena makes twenty four separate requests for documents concerning, and back-up documents relating to, a broad spectrum of accounting information relating to the corporate defendants GlobalWare and ZBR. These include audits, financial statements, invoices for professional services, records of internal accounting policies and controls, general ledger books, inventory records, bank accounts, and balance sheets. (Exhibit A, ¶¶ 1-24).

of privileged or other protected matter and no exception or waiver applies." Fed.R.Civ.P. 45 (c)(3)(A)(iii).

I.    **MASSACHUSETTS INCOME TAX RETURNS ARE PRIVILEGED.**

Massachusetts income tax returns are privileged and are not discoverable. Massachusetts General Law chapter 62C, § 21(a) prohibits public employees from disclosing information set out in Massachusetts tax returns and their accompanying documents, and Massachusetts courts have extended this privilege to individual taxpayers as well. "There is a privilege under state law that bars a public employee from disclosing information set forth in a Massachusetts tax return or in an accompanying document." *Cadrin v. Trans Spec Truck Service, Inc.*, 2003 WL 22903858 * 2 (Mass. Super. Nov. 26, 2003) (denying motion to compel production of state tax returns); *accord* M.G.L. c. 62C, § 21(a) ("The disclosure by the commissioner . . . or other employee of the commonwealth . . . to any person but the taxpayer . . . of any information contained in or set forth by any return or document filed with the commissioner . . . is prohibited."). "[B]oth the present version, G.L. c. 62C, § 21(a), and its predecessor statute embody the policy of the Commonwealth to preserve the confidentiality of [s]tate tax returns." *Finance Commission of Boston v. Commissioner of Revenue*, 383 Mass. 63, 71 (1981), *citing Finance Commissioner of Boston v. McGrath*, 343 Mass. 754, 766-67 (1962). Moreover, the "privilege cannot be circumvented by simply demanding the information from the taxpayer." *Cadrin v. Trans Spec Truck Service, Inc.*, 2003 WL 22903858 * 2, *citing James Millar Co. v. Comm.*, 251 Mass. 457, 464 (1925) (lower court "rightly excluded copies of the corporation excise tax returns" as well as indirect evidence of their contents through cross-examination of corporate officer). Because Bartlett's Massachusetts income tax returns are privileged, the Court should quash Request No. 25 of the Subpoena, to the extent it encompasses those returns.

II. **BARTLETT'S FEDERAL INCOME TAX RETURNS ARE SUBJECT TO A QUALIFIED PRIVILEGE AND ARE NOT DISCOVERABLE IN THE CASE *SUB JUDICE*.**

A. **Federal Income Tax Returns Are Discoverable Only Where The Information Contained Therein Is Relevant And Obtainable Through No Other Source.**

Federal income tax returns are only discoverable where they are shown to contain information essential to the case that is not obtainable through any other source. As this Court explained in *Pedraza v. Holiday Housewares, Inc.*, 203 F.R.D. 40 (D.Mass. 2001) (Gorton, J.), the District of Massachusetts adheres to the standard for determining the discoverability of Federal income tax returns adopted by the Second Circuit Court of Appeals and first announced in *United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 119 F.R.D. 625 (E.D.N.Y. 1988). *See id.* at 43. "That case established a two-prong test regarding the discoverability of tax returns: (1) they must be relevant to the action and (2) the information contained therein must be otherwise unobtainable. The burden to show relevancy lies on the party seeking the returns; the party resisting disclosure bears the burden of establishing alternative sources for the information." *Id.*, citing *Bonanno*, 119 F.R.D. at 627; *see also Town Taxi Inc. v. Police Commissioner of Boston*, 377 Mass. 576, 587 (1979) (observing that "the lower Federal courts have fashioned a sort of qualified privilege [for disclosure of tax returns] by imposing a high standard of relevancy before requiring [disclosure.]")).

B. **Bartlett's Income Tax Returns Have No Bearing On This Litigation.**

The Subpoenaing Defendants cannot carry their burden of establishing that the disclosure of Bartlett's personal income tax returns are relevant to the issues in this case. Plaintiffs' claims principally relate to alleged misrepresentations purportedly made by defendants Bartlett and ZBR and third party defendant GlobalWare in connection with a "STOCK PURCHASE AND SALE AGREEMENT for the Acquisition of BINDCO by GLOBALWARE SOLUTIONS,

4

INC." dated February 4, 2000. *Second Amended Complaint,* ¶¶ 9-15. Plaintiffs allege Bartlett was the President and Chief Executive Officer of GlobalWare from January 2000 until on or about May 2003, and of ZBR at the time the Agreement was executed. *Id.,* ¶¶ 5, 12. The alleged misrepresentations form the basis for every Count in the Second Amended Complaint other than Count V.[3] Bartlett's income tax returns are not relevant to the Plaintiffs' misrepresentation claims or theories.

Count V of the Second Amended Complaint, alleges Bartlett breached his fiduciary duty to GlobalWare by obtaining a release from GlobalWare providing, *inter alia,* that it would indemnify Bartlett against suits by, among others, the Plaintiffs, thereby misappropriating the corporate resources of GlobalWare. *Second Amended Complaint,* ¶¶ 26, 31-32. Yet, Bartlett's income tax returns have no relevance to this claim, as the principal wrongdoing alleged by the Plaintiffs is Bartlett's convincing GlobalWare to release and indemnify him from certain potential legal claims. His income tax returns would cast no light on this issue one way or the other. *Id.* ¶ 26.

Furthermore, Count V is presently the subject of a pending motion to dismiss (Document No. 63), filed by Bartlett on December 17, 2004, which seeks dismissal of Count V on grounds that it may only be properly asserted as a derivative claim, yet Plaintiffs have made no effort to comply with the requirements of Fed. R. Civ. P. 23.1. As set forth fully in Defendant James R. Bartlett's Memorandum In Support Of His Motion To Dismiss Count V Of The Second Amended Complaint (Document No. 64), the Second Amended Complaint is not verified, nor does it "allege with particularity the efforts, if any, made by plaintiff to obtain the action the

---

[3] These include breach of contract (Count I), breach of warranty (Count II), breach of implied covenant of good faith and fair dealing (Count III), negligent misrepresentation (Count IV), unjust enrichment (Count VI), violation of Chapter 93A, (Count VII) and fraud (Count VIII).

plaintiff desire from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort." Fed.R.Civ.P. 23.1. These omissions warrant dismissal of Count V. *See, e.g.*, *Gonzalez Turul v. Rogatol Distributors, Inc.*, 951 F.2d 1, 2 (1st Cir. 1991) ) ("this circuit vigorously enforces [Fed.R.Civ.P. 23.1] requirements and will dismiss derivative action where Plaintiffs do not comply"). Because Count V should be dismissed outright, the Subpoenaing Defendants cannot assert it as a valid basis for establishing the relevance to these proceedings of Bartlett's income tax returns.[4]

### C. The Information Contained In Bartlett's Income Tax Returns Is Obtainable Through Other Sources.

Finally, even if Count V is not dismissed, information concerning the release Bartlett received from GlobalWare, as well as his alleged misuse of any other corporate resources, may be obtained through any number of sources other than Bartlett's income tax returns, namely through examination of the books, records, and other accounting information of GlobalWare. Indeed, the subpoena in question identifies and demands production of numerous categories of documents through which this information, if any, could be gleaned. The subpoena seeks documents relating to GlobalWare's audits, financial statements, records of internal accounting policies and controls, general ledger books, inventory records, bank accounts, balance sheets, and invoices for professional services. *Exhibit A*, ¶¶ 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, and 23. Because information pertaining to Bartlett's compensation and use of GlobalWare funds may be obtained through other sources, Bartlett's Federal tax returns are privileged and the Court should quash Request No. 25 of ZBR, GlobalWare, Rudston and Jay's subpoena.

---

[4] Nor could they contend that the third-party claims against GlobalWare, Jay and Rudston for contribution and indemnification involve Bartlett's tax information.

## CONCLUSION

Defendant Bartlett respectfully requests that this Court allow his motion to quash Request No. 25 of the Subpoena.

                                                Defendant,

                                                **JAMES R. BARTLETT**

                                                By his attorneys,

                                                _/s/ Thomas S. Fitzpatrick_
                                                Thomas S. Fitzpatrick/BBO #556453
                                                DAVIS, MALM & D'AGOSTINE, P.C.
                                                One Boston Place, 37th Floor
                                                Boston, MA 02108
                                                (617) 367-2500

Date: February 7, 2005

## CERTIFICATE OF SERVICE

I, Thomas S. Fitzpatrick, hereby certify that on February 7, 2005, the above memorandum, was sent electronically to:

| | |
|---|---|
| David F. Anderson | danderson@lattianderson.com |
| Douglas R. Roach | droach@groffmurphy.com |
| David M. Ryan | dryan@nixonpeabody.com |
| Melissa B. Tearney | mtearney@nixonpeabody.com |

and by first class mail to:

Douglas R. Roach

Melissa B. Tearney

_____
Thomas S. Fitzpatrick

353994v.1

# EXHIBIT A

# United States District Court
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. TAYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD., <br><br>　　　Plaintiffs, <br><br>v. <br><br>JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC., <br><br>　　　Defendants, <br><br>　　　And <br><br>JAMES R. BARTLETT, <br><br>　　　Third party plaintiff, <br><br>v. <br><br>GLOBALWARE SOLUTIONS, INC.; ANTHONY RUDSTON and BRADELY A. JAY, <br><br>　　　Third party defendants. | United States District Court <br>District of Massachusetts <br>Civil Action No. 03-CV-12506-NMG |

TRUE COPY ATTEST
D. H. Sullivan
CONSTABLE

SUBPOENA ISSUED PURSUANT TO
FED. R. CIV. P. 30(b)(6) and 45

TO:　Keeper of Records
　　　Levine Katz Nannis & Solomon, PC
　　　250 First Avenue, Suite 101
　　　Needham, Massachusetts 02494

☐　YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM: |
|---|---|
| | DATE AND TIME: |

☐　YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒　YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
　　　See Schedule A, attached.

| PLACE <br>Nixon Peabody LLP, 100 Summer Street, Boston, MA 02110 | DATE AND TIME DATE AND TIME: February 9, 2005 at 9:00 a.m. |
|---|---|

| | |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| **PREMISES** | |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* ATTORNEY FOR DEFENDANT Z.B.R. PUBLICATIONS, INC., AND THIRD PARTY DEFENDANTS GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON, AND BRADELY A. JAY. | DATE 1/20/05 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER David M. Ryan, Esq., NIXON PEABODY LLP, 100 Summer Street, Boston, MA 02110, 617-345-1000 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on following page.)

| **PROOF OF SERVICE** | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.

(B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

The court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

BOS1455612.1

## SCHEDULE A

Pursuant to the attached subpoena, you are required to produce the following documents in accordance with the following Definitions and Instructions:

### Definitions

The following definitions apply to these requests:

1. *Communication.* The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2. *Document.* The term "document" includes writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, translated, if necessary, by Levine Katz Nannis & Solomon, P.C. ("Levine Katz"), through detection devices into reasonably useable form. The term "document" also includes all drafts, notes, working papers, work files, calculations, internal memoranda, correspondence and communications, e-mails, spreadsheets, computer files, and documents stored electronically.

3. *Concerning.* The term "concerning" means referring to, describing, evidencing, or constituting.

4. *GlobalWare.* The term "GlobalWare" means GlobalWare Solutions, Inc., its predecessors, successors, subsidiaries, affiliates former and present officers, employees, consultants, agents, or anyone acting or purporting to act on its behalf.

5. *ZBR.* The term "ZBR" means Z.B.R. Publications, Inc., its its predecessors, successors, subsidiaries, affiliates former and present officers, employees, consultants, agents, or anyone acting or purporting to act on its behalf.

6. *Levine Katz.* The term "Levine Katz" means Levine Katz Nannis & Solomon, P.C., its former and present partners, employees, consultants, agents, or anyone acting or purporting to act on its behalf.

7. *Bartlett.* The term "Bartlett" means James R. Bartlett.

8. *GAAP.* The term "GAAP" means Generally Accepted Accounting Principles.

### Instructions

1. In accordance with Mass.R.Civ.P. 45, you are required to produce documents as they are kept in the usual course of business or to organize and label them to correspond with the requests below.

2. In accordance with Mass.R.Civ.P. 45, if any document requested below are withheld on a claim that it is privileged or subject to protection as trial preparation

BOS1455612.1

materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable defendants to contest such a claim. Accordingly, if any such documents are withheld, please provide the following:

    a.    the specific ground for each objection;

    b.    an identification of each such document by giving its date, the name of each author (and each addresser if different), the name of each addressee (and each recipient if different), and by giving any other information necessary to identify such document or part thereof; and

    c.    a description of the subject matter of each document or item.

3. The past tense shall be construed to include the present tense and vice versa to make the request inclusive rather than exclusive.

4. The singular shall be construed to include the plural and vice versa to make the request inclusive rather than exclusive.

5. Except as specifically limited or expanded below, each of the following requests seeks documents and communications concerning the period commencing January 1, 1998 through and including the date of Levine Katz's response.

## Requests

1. All documents concerning accounting, consulting, or other services Levine Katz provided to Globalware.

2. All documents concerning accounting, consulting, or other services Levine Katz provided to ZBR.

3. All documents concerning audits Levine Katz conducted or participated in concerning Globalware.

4. All documents concerning audits Levine Katz conducted or participated in concerning ZBR.

5. Any and all Levine Katz audit workpapers relating to Globalware.

6. Any and all Levine Katz audit workpapers relating to ZBR.

7. Any and all workpapers used in preparation of GlobalWare's financial statements.

BOS1455612.1

8. Any and all workpapers used in preparation of ZBR's financial statements.

9. All documents concerning fees Globalware paid to Levine Katz for performance of accounting, consulting, or any other services.

10. All documents concerning fees ZBR paid to Levine Katz for performance of accounting, consulting, or any other services.

11. Documents sufficient to identify all Levine Katz employees, partners, and/or agents providing services to GlobalWare.

12. Documents sufficient to identify all Levine Katz employees, partners, and/or agents providing services to ZBR.

13. All documents concerning GlobalWare's accounting policies, procedures, and internal accounting controls.

14. All documents concerning ZBR's accounting policies, procedures, and internal accounting controls.

15. All documents concerning the preparation of Globalware's financial statements.

16. All documents concerning the preparation of ZBR's financial statements.

17. All documents concerning entries made to GlobalWare's general ledger, books, records, and/or other financial documents that were not in compliance with GAAP.

18. All documents concerning entries made to ZBR's general ledger, books, records, and/or other financial documents that were not in compliance with GAAP.

19. All documents concerning GlobalWare's inventory, including, without limitation, (a) book to physical variances of inventory, and (b) purchase price variances.

20. All documents concerning ZBR's inventory, including, without limitation, (a) book to physical variances of inventory, and (b) purchase price variances.

BOS1455612.1

21. All documents concerning the reconciliation of GlobalWare's bank accounts.

22. All documents concerning the reconciliation of ZBR's bank accounts.

23. All documents concerning GlobalWare's balance sheet, including without limitation (a) unrecorded liabilities, and (b) errant journal entries without sufficient support as required by GAAP.

24. All documents concerning ZBR's balance sheet, including without limitation (a) unrecorded liabilities, and (b) errant journal entries without sufficient support as required by GAAP.

25. All documents concerning Bartlett's tax returns from January 1, 1998 through December 31, 2003.

BOS1455612.1