UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EK VENTURES I, LLC; DAVID L. TAYLOR; DAVID L. TAYLOR AND VIRGINIA L. TAYLOR as TRUSTEES FOR THE TAYLOR FAMILY REVOCABLE TRUST; and FLEXTRONICS INTERNATIONAL LTD.,<br><br>*Plaintiffs*,<br><br>v.<br><br>JAMES R. BARTLETT and Z.B.R. PUBLICATIONS, INC.,<br><br>*Defendants*<br><br>and<br><br>JAMES R. BARTLETT,<br><br>*Third-Party Plaintiff*,<br><br>v.<br><br>GLOBALWARE SOLUTIONS, INC., ANTHONY RUDSTON and BRADLEY A. JAY,<br><br>*Third-Party Defendants* | No: 1:03-CV-12506-NMG |

**OPPOSITION TO JAMES R. BARTLETT'S MOTION TO QUASH SUBPOENA**

Defendant, ZBR Publications, Inc., and Third-Party Defendants, Globalware Solutions, Inc., Anthony Rudston, and Bradley A. Jay (collectively, the "Subpoenaing Defendants"), hereby oppose Defendant James R. Bartlett's ("Bartlett") Motion to Quash Request No. 25 of the subpoena *duces tecum* served on Bartlett's accountant Levine Katz Nannis and Solomon, P.C. ("Levine") which seeks the production of all documents concerning Bartlett's state and federal

BOS1467471.1

income tax returns. As set forth more fully below, this Court should deny Bartlett's Motion to Quash with respect to Bartlett's federal income tax returns because: (i) the federal income tax returns are highly relevant to the Subpoenaing Defendants' defenses – namely, that Bartlett improperly used Globalware's assets for his and his family's benefit; and (ii) Bartlett has not offered any alternative source that might contain such personal financial information.[1]

## BACKGROUND

This action arises out of a Stock Purchase Agreement dated February 4, 2000, pursuant to which the Plaintiffs, who were all shareholders of Bindco Corporation ("Bindco"), sold all of their capital stock in Bindco to Globalware in exchange for cash and shares of Globalware stock.

The Plaintiffs commenced this lawsuit on December 12, 2003 alleging that ZBR and Bartlett made certain representations and warranties that were "false representations" including that Bartlett and ZBR had misrepresented Globalware's financial condition. On or about April 7, 2004, Bartlett filed a third-party complaint against Globalware, Rudston, and Jay in which he seeks indemnification from Globalware, Rudston, and Jay based on certain provisions of an employment agreement, and for contribution against Globalware.

In their defense to both the Plaintiffs' and Bartlett's claims against them, the Subpoenaing Defendants have asserted that while Bartlett was the President and Chief Financial Officer of Globalware, he engaged in a wide-ranging scheme to use Globalware's assets for his and his family's benefit as well as to reward loyal friends, and that he facilitated or permitted Globalware to engage in accounting irregularities to Globalware's detriment. As such, the production of Bartlett's income tax returns are crucial to the Subpoenaing Defendants as they are

---

[1] At this time, the Subpoenaing Defendants are withdrawing their request for the production of Bartlett's Massachusetts income tax returns.

one of the only sources available to them that will show Bartlett's income and disbursement of personal assets.

## ARGUMENT

Fed. R. Civ. P. 26(b)(1) broadly permits the discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." *See* Fed. R. Civ. P. 26(b)(1). Relevance is not delineated by the pleadings since discovery is broadly designed to assist a party in defining or clarifying the issues. *See Hickman v. Taylor,* 329 U.S. 495, 501 (1947). Either party, therefore, may compel the other to "disgorge whatever facts he has in his possession not otherwise privileged and protected from discovery." *See id.* When a party objects to discovery, it has the burden of establishing that the information or material sought is not relevant or would be unduly burdensome to produce. *See id.*

Although Massachusetts tax returns are privileged from production, there is no comparable privilege barring access to federal income tax returns. Rather, federal income tax returns are discoverable when they are shown to contain information essential to the case that cannot be derived from any other source. The burden to show relevancy lies on the party seeking the returns; the party resisting disclosure bears the burden of establishing alternative sources of information. *See U.S. v. Bonnano,* 119 F.R.D. 625, 627 (E.D.N.Y. 1988); *Town Taxi Inc. v. Police Commissioner of Boston,* 377 Mass. 576, 587 (1979); *Cadrin v. Trans Spec Truck Service Inc.*, 2003 Mass. Super. LEXIS 413 (Nov. 6, 2003).

   1.   **This Court Should Compel the Production of Bartlett's Federal Income Tax Returns Because they are Relevant to the Subpoenaing Defendants' Defenses.**

Where the income of a party is at issue, this Court has required production of federal income tax returns for inspection by the adverse party. *See Tollefsen v. Phillips,* 16 F.R.D. 348 (D. Mass. 1948) (ordering defendant be permitted to inspect plaintiff's federal tax returns

because plaintiff claimed lost earnings). In this case, the contents of Bartlett's federal tax returns are highly relevant to the question of what income Bartlett derived – rightfully or wrongfully – from Globalware and how such assets were used or disbursed. Such documents may also offer the Subpoenaing Defendants sources of impeachment because they may show discrepancies that cannot be gleaned from other sources such as Globalware's financial books and records or Bartlett's personal financial records and bank statements.

      **2.**      **The Information Contained in Bartlett's Federal Income Tax Returns Cannot Be Derived from Any Other Source that is Available to the Subpoenaing Defendants.**

Although the burden is on Bartlett to establish that the personal financial information sought by the Subpoenaing Defendants can be obtained from another source, Bartlett has not identified – or produced – any documents which would provide such personal financial information. Rather, Bartlett proposes that any information that may be gleaned from his income tax returns could be found through an examination of *Globalware's* financial audits, books and records – not his own. While Globalware's financial audits, books and records indeed show assets that were wrongfully diverted from Globalware, they do not necessarily show where the assets were diverted to – *only Bartlett's personal income tax returns would present this sort of information*. Since Bartlett has failed to produce any documents containing such personal financial information, and only offers Globalware's financial records as a source of such information, there are no other sources available to the Subpoenaing Defendants.

Accordingly, because the production of Bartlett's federal income tax returns are relevant to the Subpoenaing Defendants' defenses, and Bartlett has failed to demonstrate that the requested information can be gleaned from any other source that is presently available to the Subpoenaing Defendants, this Court should deny Bartlett's motion to quash and order Bartlett's accountant, Levine, to produce "all documents concerning Bartlett's tax returns from January 1,

4

1998 through December 31, 2003." *See* Request No. 25, Subpoena *Duces Tecum*, dated January 20, 2005.[2]

## CONCLUSION

WHEREFORE, ZBR Publications, Inc., Globalware Solutions, Inc., Anthony Rudston and Bradley A. Jay respectfully request that this Court:

I. Deny Defendant James R. Bartlett's Motion to Quash Subpoena;

II. Order Levine Katz Nannis & Solomon, P.C. to produce "all documents concerning Bartlett's tax returns from January 1, 1998 through December 31, 2003;" in response to Request No. 25 of the Subpoena Duce Tecum, dated January 20, 2005; and

III. Grant such other and further relief as the Court deems just and appropriate.

    Respectfully submitted,

    ZBR PUBLICATIONS, INC.,

    By its attorneys,

    /s/ Kristin D. Kuperstein
    Melissa Bayer Tearney, BBO No. 558612
    David Ryan, BBO No. 644037
    Kristin D. Kuperstein, BBO No. 641710
    NIXON PEABODY LLP
    100 Summer Street
    Boston, MA 02110

Dated: February 21, 2005    (617) 345-1000

---

[2] Counsel to the Subpoenaing Defendants is willing to agree that any information produced in response to Request No. 25 may be produced subject to the Confidentiality Stipulation entered by the parties to this action. As such, such information would not be disclosed outside of this litigation.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all parties who have appeared on February 21, 2005.

      /s/ Kristin D. Kuperstein